THE HONORABLE _____

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PACIFIC BELLS, LLC; BRUNSWIKST., LLC; and WOW DISTRIBUTING, INC., on their own behalf and on behalf of similarly situated employers,

and

MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees,

Class Plaintiffs,

v.

JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; DONALD CLINTSMAN, in his capacity as the Acting Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan,

Defendants.

No. _____

**ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, FIDUCIARY BREACH, AND RESTITUTION OF AMOUNTS WRONGFULLY WITHHELD**

24

25

26

27

Class Plaintiffs, Pacific Bells, LLC, BrunswikSt., LLC, and WOW Distributing, Inc., on

their own behalf and on behalf of similarly situated employers, and Melissa Johnston,

Lena Madden, Judi Chapman, Katherine Solan, John Edmundson, and Mike Lindbo, on their

own behalf and on behalf of similarly situated employees (collectively "Plaintiffs" or "Class

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES (_____) - 1
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs"), by their undersigned attorneys, file the following complaint against Defendants, and allege as follows:

## I.      INTRODUCTION

1.1     Beginning January 1, 2022, Washington State workers will pay $0.58 per $100 (.58%) of earnings to the Long-Term Services and Support Trust Fund (the "Trust") pursuant to the Long-Term Services and Support Trust Program, referred to as "WA Cares" or the "Act" and codified at RCW 50B.04, *et seq.*  This action challenges the Act and requests a declaratory judgment that the Act is unenforceable as it violates ERISA and federal and state laws governing employee benefit plans and multiple employer welfare arrangements ("MEWAs").

1.2     Specifically, Pacific Bells, LLC, BrunswikSt., LLC, and WOW Distributing, Inc, on their own behalf and on behalf of all others similarly situated (collectively, the "Employer Class") and Melissa Johnston, Lena Madden, Judi Chapman, Katherine Solan, John Edmundson, and Mike Lindbo, on behalf of themselves and all similarly situated employees (collectively the "Employee Class") bring this action against Defendants for declaratory relief that (1) WA Cares is preempted by ERISA; (2) WA Cares and its Trust constitute a MEWA as defined by ERISA, subject to both ERISA and state insurance law; (3) as a MEWA, the forfeiture provisions of WA Cares are impermissible and violate ERISA, state insurance law and the requirements of I.R.C. § 7702B, which have been adopted by WA Cares; (4) employers are not required to withhold and remit a premium equal to .58% (0.0058) of wages paid to individuals in "employment" with an "employer," as defined by RCW 50B.04.010, to the Employment Security Department of the State of Washington ("ESD") or report any related information thereto; (5) WA Cares violates the Equal Protection Clause of the Fourteenth Amendment and the Privileges and Immunities Clause of the U.S. Constitution; (6) WA Cares Act violates the Age Discrimination in Employment Act of 1967 ("ADEA") and the Older Workers Benefit Protection Act; (7) all provisions of RCW 50B.04, *et seq*., are void and unenforceable because the offending provisions are not severable; and (8) the enforcement of employee benefit plan provisions that violate ERISA or other federal and state statutes constitutes a breach of Defendants' fiduciary duty

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 2
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

under ERISA and at common law.  The Employee Class also seeks restitution of their own contributions pursuant to ERISA and/or the common law governing trusts to restore their own after-tax funds that were deposited in the Trust to provide long-term care insurance on their behalf, plus earnings, increased by any ancillary expenses.

## II.    JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1331 (federal question) and 1132(e)(1) (ERISA).  The claims described herein are brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.  This Court has ancillary jurisdiction over all other related state law claims.

2.2    Venue is proper in the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2) as the breach took place in Washington State, Plaintiffs reside or are employed in Washington State, and one or more Defendants reside in Washington State.

2.3    Plaintiffs bring this action under, and the declaratory, prospective injunctive and other relief requested in this action is authorized pursuant to, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(2) and 1132(a)(3), 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

2.4    This Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 1132(g).

## III.    PARTIES

3.1    The Employer Class.  The named representatives of the Employer Class are employers based in Washington State with employees subject to WA Cares.  Pacific Bells, LLC is headquartered in Vancouver, WA; WOW Distributing, Inc. is headquartered in Mukilteo, WA; and BrunswikSt., LLC is headquartered in Seattle, WA.  The named representatives file this action on their behalf and on behalf of a class of all similarly situated employers.  Beginning January 1, 2022, each named representative of the Employer Class will have a statutory obligation to withhold .58% of wages paid to its Washington employees and remit the withheld wages to ESD.  Under the WA Cares administrative scheme, the Employer Class has administrative responsibility, makes discretionary decisions with respect to payroll withholding,

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 3
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and acts as a statutory agent of its employees.  RCW 50B.04.080.  As a plan administrator maintaining the plan, fiduciary, and agent of a plan participant, the Employer Class has standing to bring a declaratory judgment action under ERISA to clarify the rights of the participants under WA Cares.

3.2    The Employee Class.  The named representatives of the Employee Class are employees whose wages will be subject to mandatory withholding at the rate of .58% beginning January 1, 2022, pursuant to WA Cares.  Melissa Johnston resides in Eagle Point, Oregon.  She is an out-of-state resident whose wages will be subject to payroll withholdings under WA Cares based on her place of employment.  Lena Madden resides in King County, Washington and has wages that will be subject to payroll withholdings under WA Cares.  She plans to retire out of state.  Judi Chapman resides in King County, Washington.  She plans to retire within ten years. Katherine Solan resides in King County, Washington and has wages that will be subject to payroll withholdings under WA Cares.  John Edmundson resides in King County, Washington. He has wages that will be subject to payroll withholdings under WA Cares and plans to retire within ten years.  Mike Lindbo resides in Pierce County, Washington and has wages that will be subject to payroll withholdings under WA Cares.  He is considering retiring out of state.  None of the named individuals in the Employee Class purchased private long-term care insurance before November 1, 2021, to qualify for exemption and their wages will be subject to mandatory withholding under WA Cares, effective January 1, 2022, based on their employment for an employer in Washington State.  Each named representative earned higher wages after attaining age 40.  The named representatives of the Employee Class are plan participants pursuant to 29 U.S.C. § 1002(7), ERISA Section 3(7), because they are subject to mandatory employee contributions under WA Cares and may be entitled to benefits in the future based on those contributions.  As participants, the Employee Class members have standing pursuant to 29 U.S.C. § 1332, ERISA Section 502, to clarify their rights to benefits under WA Cares.  The named representatives of the Employee Class file this action on behalf of a class of similarly situated employees subject to WA Cares mandatory withholding.

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 4
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

3.3     <u>Defendants</u>.  Defendant Jay Inslee is the Governor of the State of Washington and he is being sued in his official capacity as the executive responsible for appointing the commission members who oversee the Long-Term Services and Support Trust Fund and receiving annual reports regarding administrative expenses under WA Cares and as an ERISA fiduciary charged with sponsoring and monitoring WA Cares.  Defendant Cami Feek is the Commissioner and Chief Executive Officer of ESD and she is being sued in her official capacity as the head of the state department charged with the collection and assessment of WA Cares premiums and for developing rules and educational materials for the Act and as an ERISA fiduciary charged with the administration of a welfare benefit plan.  RCW 50B.04.020(4).  Defendant Donald Clintsman is the acting Secretary of the Washington State Department of Social and Health Services and he is being sued solely in his official capacity as the head of the agency charged with educating employees about WA Cares and with the authority to authorize disbursements from the Trust and as an ERISA fiduciary charged with the administration of a welfare benefit plan.  RCW 50B.04.020(3).  The final defendant, the Long-Term Services and Support Trust Fund (the "Trust"), is a trust maintained separate and distinct from the State and its general fund.  RCW 50B.04.100.  The Trust is entirely funded by and holds only employee after-tax contributions and the earnings thereon.  No state funds are contributed to the Trust.  No state funds are used to pay the benefits under WA Cares.  The Trust is the sole source of payments of benefits under WA Cares.  The Trust, together with WA Cares, is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(5) and 1332(d)(1), ERISA Sections 3(5) and 502(d)(1), and is a legal entity that may be sued in federal court.  It is not a governmental plan within the meaning of 29 U.S.C. § 1002(32), ERISA Section3(32), as it is not providing benefits for only employees of the state.  A substantial number of non-governmental employees will be subject to mandatory employee contributions to the Trust.  The Trust is therefore a MEWA within the meaning of 29 U.S.C. § 1002(40)(A), ERISA Section 3(40)(A), subject to both ERISA and state insurance law.  At all times, Defendants were acting and continue to act under color of state law and as ERISA fiduciaries.

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 5
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.1   Plaintiffs lack an "adequate, available or non-futile and clearly defined" administrative remedy.  Specifically, there is no administrative remedy under WA Cares that would permit Plaintiffs to redress the violations alleged or obtain the relief sought herein.

## V.   FACTUAL ALLEGATIONS

5.1   WA Cares is the nation's first public state-operated long-term care insurance program.  WA Cares provides long-term care insurance and not unemployment or disability insurance.  WA Cares, which is codified at RCW Chapter 50B.04, will be funded by a .58% premium on all employee wages, beginning January 1, 2022.  The premium assessment, however, is not sufficient to fund the promised benefits and the Trust through which WA Cares benefits will be paid is currently projected to be depleted by 2076.

5.2   Employers will be required to collect this premium assessment beginning on January 1, 2022, via after-tax payroll withholdings and must remit those premiums to ESD as part of their quarterly reporting.  Employers are not required to separately contribute to WA Cares, but must remit the employee-paid premiums.  Employers are also required to exercise discretion when they determine which employees are subject to the premium and must keep records of hours worked.  Employers are the statutory agent of the employee for purposes of WA Cares.

5.3   Of significance, and unlike other state programs, there is no cap on wages subject to the premium assessment under WA Cares.  All wages and remuneration, including stock-based compensation, bonuses, paid time off, and severance pay, are subject to the premium.  For example, an employee with wages of $65,000 will pay $377 in premiums each year, while an employee with wages of $250,000 will pay $1,450 in premiums each year.

5.4   All individuals in "employment" with an "employer," as defined by RCW 50B.04.010, will be required to pay premiums for long-term care insurance starting January 1, 2022.  The exceptions are self-employed individuals, employees of the federal

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 6
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

government, employees of a federally recognized tribe, certain collectively bargained employees, and employees who qualify for an exemption (discussed below).

5.5     For purposes of WA Cares, an employee is treated as employed in Washington if the employee's service is localized in Washington or, if the service is not localized in any state, the employee performs some services in Washington and the services are directed or controlled from Washington.  Out-of-state employers must collect and remit premiums for any employees that primarily work in Washington.

5.6     Benefits are limited to Washington State residents who have paid premiums under WA Cares for either (a) a total of ten years without interruption of five or more consecutive years, or (b) three years within the last six years from the date the application for benefits is made.  In addition, to qualify for WA Cares benefits, an employee must have worked at least 500 hours during each of the ten years or each of the three years, as applicable.

5.7     From a practical standpoint, this means that older employees who plan to retire in the next ten years will be required to pay premiums to ESD but may never qualify for the benefits.  It also means that retirees who move out of Washington will not qualify for the benefits.  WA Cares thereby restricts the ability of employees to travel out-of-state.

5.8     Benefits under WA Cares will first become available January 1, 2025.  If an individual is eligible, and if the Department of Social and Health Services determines that an individual requires assistance with at least three activities of daily living, WA Cares provides benefits of up to $100 per day, up to a maximum lifetime limit of $36,500.

5.9     An employee may permanently opt out of WA Cares and all associated premiums and benefits if (a) the employee is 18 years or older on the date he or she applies for the exemption, and (b) the employee attests that he or she has other long-term care insurance, as defined in RCW 48.83.020, purchased on or before November 1, 2021.

5.10    WA Cares was amended in April of 2020 to require that employees must purchase long-term care insurance before November 1, 2021, to be eligible to opt out of the Act.  This provided a very short window to purchase long-term care insurance.  For many employees, the

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 7
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

opt-out process was illusory.  Three months before the November 1 deadline, many insurance companies in Washington froze the application process.  For those companies that continued to write insurance, the underwriting process would take more than 90 days.  Even for those employees who were able to find insurance, the opt-out process was a Hobson's Choice—pay .58% of wages to Washington State or purchase private insurance that they previously did not want or need.  Many employers were forced to adopt an ERISA long-term care plan to provide a mechanism for their employees to timely opt out.

5.11    To opt out of WA Cares, a qualifying employee must provide identification to verify his or her age and must apply for an exemption with ESD between October 1, 2021, and December 31, 2022.  If approved, an employee's exemption will be effective for the quarter immediately following approval.  Once an employee opts out, the employee cannot opt back into WA Cares, *i.e.,* the opt-out is permanent.

5.12    After an employee's application for exemption is processed and approved, he or she will receive an approval letter from ESD.  The employee must provide this approval letter to all current and future employers.  Employers must maintain copies of any approval letters received.

5.13    If an employee who is exempt from WA Cares fails to provide the exemption approval letter, the employer must collect and remit premiums beginning January 1, 2022.  An employee will not be entitled to a refund of any premiums collected before the employee's exemption took effect or before the employee provided the approval letter to their employer.

5.14    If an employer deducts premiums after an employee provides the employer with the exemption approval letter, the employer must refund the deducted premiums and will be responsible for restoring the premiums to the employee.  The employer is not eligible to receive a refund of the premiums from ESD.

5.15    Because benefits are limited to Washington State residents, employees who move out of the state will not be eligible to receive benefits under WA Cares.  This provision restricts

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 8
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the ability of those that desire to receive the benefit to move or travel out-of-state, as WA Cares will also not pay out-of-state providers.

5.16    Self-employed individuals are exempt from WA Cares but may choose to opt in. Under the Act, self-employed individuals must elect coverage by January 1, 2025, or within three years of becoming self-employed for the first time.

5.17    Parties to a collective bargaining agreement in existence on October 19, 2017, are not subject to WA Cares unless and until the existing agreement is reopened and renegotiated or the existing agreement expires.  Parties must notify ESD when the collective bargaining agreement becomes open.

5.18    WA Cares has two forfeiture provisions that are contrary to ERISA, I.R.C. § 7702B, which the state represented would control the taxation of benefits, and state insurance laws governing a MEWA.  These laws prohibit the forfeiture of mandatory employee contributions without providing any benefit.  WA Cares impermissibly forfeits benefits based on years of employment and place of residence.

**Factual Allegations Regarding ERISA Preemption**

5.19    Under 29 U.S.C. § 1002, ERISA Section 3, benefit plans are covered by ERISA if the plan provides for medical benefits and/or benefits in the event of sickness, accident, or disability.  RCW 48.83.020(5) defines long-term care insurance as a policy, practice or program that provides coverage for one or more necessary or medically necessary diagnostic, preventative, therapeutic, rehabilitative, maintenance, or personal care services, provided in a setting other than an acute care unit of a hospital.  Given this statutory definition and the requirement that the insured be unable to perform certain basic activities, WA Cares provides a benefit that is subject to ERISA.  *Schneider v. UNUM Life Ins. Co. of America*, 149 F. Supp. 2d 169 (E.D. Pa. 2001) (long-term care policy is an ERISA employee welfare plan).

5.20    ERISA supersedes any state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The Supreme Court has identified two threads of ERISA preemption— "reference to" and "connection with" preemption.  *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 9
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

97, 103 S. Ct. 2890 (1983).  A state law inappropriately makes "reference to" a plan if the law "specifically refers" to ERISA-covered plans, *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 130, 113 S. Ct. 580 (1992), if the law acts "immediately and exclusively" upon ERISA plans, or if the existence of ERISA plans is "essential to the law's operation."  *Cal. Div. of Labor Stds. Enforcement v. Dillingham Const., N.A., Inc.* 519 U.S. 316, 325, 117 S. Ct. 832 (1996).  A state law has an impermissible "connection with" ERISA plans if it governs a central matter of plan administration, thereby "interfer[ing] with nationally uniform plan administration."  *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320, 136 S. Ct. 936 (2016).  Under either thread, the preemption provision "displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements."  *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 829, 108 S. Ct. 2182 (1988).  WA Cares is preempted under both preemption doctrines.

5.21    WA Cares is a state mandate for employers to provide a long-term care benefit to employees.  Because this mandate can only be satisfied with an ERISA-covered plan, ERISA preempts the Act under "reference to" preemption.

5.22    The Act also has an impermissible "connection with an ERISA plan."  The Act requires that the employer must remit premium payments to ESD by payroll withholdings, as an agent of the employees.  RCW 50B.04.080.  As such, the employer must determine the wages that are subject to the Act, which employees are subject to the Act, and whether any employees are exempt from the Act.  *Id.*  Employers must also coordinate the payment of benefits under the Act with any long-term care plan the employer maintains.  The employee's premium collection is subject to appeal procedures adopted pursuant to RCW 50B.04.120.  Such appeal procedures are inconsistent with ERISA, which permits the employer the right to structure the employee benefit plan and to establish claims procedures with a discretionary standard of review.  Such requirements and procedures interfere with the administration of the plan—and differing laws in different states would interfere with the uniform administration of the plan.  By performing the acts required by WA Cares, the employer is maintaining the plan.  *Medina v. Catholic Health*

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 10
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   *Initiatives*, 877 F.3d 1213, 1227 (10th Cir. 2017); *Sanzone v. Mercy Health*, 954 F.3d 1031, 1042

2   (8th Cir. 2020); *Simas v. Quaker Fabric Corp. of Fall River*, 6 F.3d 849, 852-53 (1st Cir. 1993).

3   As such, the Act is also preempted under the "connection to" test.

4        5.23    To the extent that Defendants argue the premium withholding arrangement is

5   instead established or maintained by a state agency, courts have found that government-

6   sponsored employee benefit arrangements dominated by private employees are not exempt from

7   ERISA.  Granted, a governmental plan is one type of plan that is exempt from ERISA coverage.

8   29 U.S.C. § 1003(b).  However, the exemption applies only where the state established and

9   maintained a plan for its employees, and not employees in general.  Similarly, the same provision

10  exempts from coverage Indian Tribal government plans that meet the statutory definition, but

11  does not offer the exemption if substantially all the employees of the tribe perform commercial

12  activities.  *Alley v. Resolution Tr. Corp.*, 984 F.2d 1201, 1206 (D.C. Cir. 1993).  Such an

13  argument would erase ERISA protection for private employers if the state could require

14  employers to maintain state-established retirement plans that only cover private employees.

15       5.24    The Act is not a payroll practice exempt from ERISA because it requires all

16  employers to adopt a mandatory scheme, even if that scheme conflicts with the employer's

17  ERISA long-term care plan.  No court has ever held that a mandatory program is a payroll

18  practice exempt from ERISA.  Only those programs that are voluntary or contain an opt out

19  provision have been held to be an exempt payroll practice.  29 C.F.R. § 2510.3-2(d); *Howard*

20  *Jarvis Taxpayers Ass'n v. California Secure Choice Ret. Sav. Program*, 997 F.3d 848 (9th Cir.

21  2021).  While the Act contains an opt-out provision, the opt-out is an illusory, one-time opt-out

22  only during the period from October 1, 2021, through December 31, 2022, for employees 18

23  years of age or older.  The opt-out provision presents the employee with a Hobson's Choice—

24  pay .58% of wages to Washington State or attempt to purchase private insurance that the

25  employee previously did not want or need.  In addition, younger employees or employees

26  employed in Washington after that date will not have the ability to opt out, making WA Cares

27  mandatory for them.  The opt-out also requires the purchase of long-term care insurance before

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 11
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

November 1, 2021.  Due to the rush to opt out of this ill-conceived program and the limited number of insurers in Washington, many employees were effectively denied the opportunity to timely opt out, making the program mandatory for this group of employees as well.  While an opt-out program like the California Secure Choice Retirement Savings Program can be held to be a plan established and maintained by the employee as a voluntary arrangement, a mandated plan is clearly not a plan established by the employee.  A mandatory program for employees is a plan or program that is subject to ERISA and no court has ever held otherwise.  The Act is preempted by ERISA.

**Factual Allegations Regarding Violations of the Equal Protection Clause of the Fourteenth Amendment, the Right to Travel, and Privileges and Immunities Clause**

5.25    The Fourteenth Amendment requires that "no state . . . shall deny any person within its jurisdiction equal protection of laws."  WA Cares violates the Equal Protection guarantees of the Fourteenth Amendment in that:  (a) it charges out-of-state residents working in the State of Washington a premium, but denies them the benefit of the premium because they must be a state resident in order to receive benefits; (b) it restricts the fundamental right to travel, as an individual who retires and moves out of the State of Washington will no longer receive the benefits; (c) it charges similarly situated individuals different premiums based solely on income and there is no compelling state interest for the difference in rate.  The Privileges and Immunities Clause, Article IV, Section 2, Clause 1 states: "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."  U.S. Const. art. IV, § 2, cl. 1.  WA Cares violates the Privileges and Immunities Clause because it discriminates against a class of individuals that live out of state.  For example, an employee who resides in Oregon or Idaho, works in Washington and pays the premium for at least ten years would nevertheless be denied the benefit if not a Washington resident at the time the employee applies for benefits.  A similarly situated Washington resident would receive the benefit.  The only difference between the two classes of employees is their place of residence.  There is no compelling state interest for

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 12
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

this discrimination, other than residency, in violation of the Privileges and Immunities Clause of the U.S. Constitution.

5.26    Durational residency requirements are subject to strict scrutiny as such requirements impede the constitutional right to travel.  *Dunn v. Blumstein*, 405 U.S. 330, 92 S. Ct. 995 (1972).  Exacting scrutiny is also required where the right involves a fundamental necessity, such as obtaining assistance when an individual cannot perform activities necessary for daily living.  Under strict scrutiny, there is no compelling state reason for a residency requirement when the benefits provided are paid out of employee premiums and are not dependent on the state fisc.

5.27    WA Cares forfeits contractual insurance benefits that were paid for by the employee with after-tax dollars due to the following durational residency requirements:

i)    The Act requires out-of-state residents who paid for such benefit while working in Washington to forfeit the insurance that they paid for with after-tax dollars unless they abandon their state and move to Washington and remain in Washington for an indefinite period of time;

ii)    The Act requires in-state residents to maintain their residency in perpetuity or else forfeit the contractual benefits that they paid for with after-tax wages.

As the benefits paid under WA Cares are funded by premiums paid by the employee over the employee's working life and held in trust, the payment of benefits from that trust has no impact on the state fisc and, therefore, there is no compelling state interest for the forfeiture provisions.

5.28    Insurance premiums are generally established by health underwriting criteria, including age and health, and the insurance for which those premiums pay for is nonforfeitable. In the instant case, premiums are based solely on income, not health underwriting, and can be forfeited due to residency or failure to vest.  There is no compelling state interest to justify the state's setting of premiums based on income or residency.  Defendants thus violate ERISA as well as the Equal Protection and the Privileges and Immunities clauses of the Fourteenth

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES (_____) - 13
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amendment, infringe on the right to travel, and restrict access to the fundamental right to receive essential life care when an employee cannot perform the basic functions of self-care by enforcing WA Cares. Even if a less deferential standard of review were utilized, such as a rational basis standard, the income and residency requirements are not rationally related to an insured premium rate. Enforcement of such impermissible provisions is also a breach of fiduciary duty under ERISA and at common law.

**Factual Allegations Regarding Violations of the ADEA and the Older Workers Benefit Protection Act**

5.29    The Older Workers Benefit Protection Act is an amendment to the Age Discrimination in Employment Act of 1967 ("ADEA") and is designed to prohibit states, employee benefit plans, and ERISA fiduciaries from discriminating on the basis of age. *Mount Lemmon Fire District v. Guido*, 139 S. Ct. 22 (1980) (states are employers under the ADEA). WA Cares, on its face, violates the ADEA. It is unlawful to discriminate on the basis of age with respect to any employee benefit plan. 29 U.S.C. § 630(l). Any disparity in benefit costs between older and younger workers must be justified on the cost of the benefit provided to the employee. 29 U.S.C. § 623(f)(2)(B). It is not permissible under the ADEA to base premiums provided to older workers on income when traditional health underwriting would result in a lower premium. Thus, Defendants' maintenance and enforcement of WA Cares violates both the ADEA and ERISA.

5.30    Under WA Cares, employees are required to pay the insurance premium regardless of age, but those that are within ten years of retirement and who do not need assistance with self-care within three years of retirement will be denied the benefit because (a) the employee did not pay WA Cares premiums for ten years, and (b) at the time of the application for benefits, the employee will not have paid the premium in three of the last six years. The Act discriminates against employees of advanced age, denying them any benefit for the premium paid in violation of the ADEA. It is not permissible under the ADEA to charge an older worker within ten years of retirement a premium and then deny the employee a benefit

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES (_____) - 14
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

based on age.  While the Act does permit a benefit to be paid if an employee both qualifies and applies for the benefits within three years of retirement, that provision cannot justify the cost of the forfeiture as only nine percent (9%) of long-term care assistance is provided to individuals in their 60s according to the data gathered by the American Association for Long Term Care Insurance in 2012.

5.31    Older employees, due to age and tenure, have higher wages than when they were younger, and their premium increase is due to their tenure rather than health underwriting requirements.  The increase in premium that relates to age and tenure and not the underwriting cost of the benefit discriminates against older workers in violation of the ADEA.

5.32    Under the Older Workers Benefit Protection Act, any discrimination in benefits due to age must be justified on the basis of cost.  The forfeiture of any benefit on premiums actually paid by an older worker within ten years of retirement is not justified on the basis of cost and violates the Older Workers Benefit Protection Act.  Enforcement of such impermissible provisions is also a fiduciary breach under ERISA and at common law.

**Factual Allegations Regarding MEWA Status and Violations of Insurance Law and Fiduciary Duties**

5.33    The Trust, together with WA Cares, is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(5) and 1332(d)(1), ERISA Sections 3(5) and 502(d)(1).  It is not a governmental plan within the meaning of 29 U.S.C. § 1002(32) as it is not providing benefits solely for employees of the state.  A substantial number of non-governmental employees are mandatorily contributing to WA Cares.  As such, the Trust, together with WA Cares, is a MEWA, 29 U.S.C. § 1002(40(A), as defined by federal law and is subject to both ERISA and state insurance laws and regulations.

5.34    Defendants have represented that the long-term care benefits paid from the Trust will be taxed in accordance with I.R.C. § 7702B.  Both I.R.C. § 7702B and state insurance law prohibit the forfeiture of the long-term care benefits due to residency or years of service.  State insurance law also has strict underwriting requirements for insurance premiums and those

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 15
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

underwriting requirements are not based on income or residency.  As a MEWA, WA Cares is operating without a certificate of authority required by RCW 48.125.020 and offering benefits not authorized by RCW 48.125.030(3), which limits MEWA offerings to health care services only.  As such, the MEWA operations are not permissible in Washington State and violate state insurance law.

5.35    Defendants' maintenance and enforcement of WA Cares thus violates ERISA and state insurance law.  Defendants, as ERISA fiduciaries, violated their ERISA fiduciary duties by administering WA Cares in violation of state and federal laws.

**Factual Allegations Requiring Return of the Employee Class's Own Mandatory After-Tax Contributions**

5.36    The premiums withheld from the Employee Class's paychecks are mandatory after-tax employee payments, for insurance that both Washington State and the tax code treat as employee contributions to ensure the tax-free treatment of the benefit payments.

5.37    These employee contributions are held in the Trust, a MEWA, and are not aggregated with Washington State's general funds.  The employee contributions are held in the Trust for the sole purpose of paying for long-term care and ancillary expenses and may not be used for any other purposes.  Therefore, the premiums paid by employees are not state funds and the return of the premiums does not affect the state's fiscal autonomy.

5.38    Upon this Court's declaration that WA Cares and the purpose of the Trust are unlawful, employees who paid mandatory after-tax contributions to Washington State are entitled to a return of such contributions, increased by any expenditure made from the Trust, and the earnings thereon, under ERISA and the general common law principles of trusts.

## VI.    CLASS ALLEGATIONS

6.1    <u>Class Definition</u>.  Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this case as a class action on behalf of an Employer Class and Employee Class (the "Class") defined as follows:

<u>Employer Class</u> – All employers as defined by RCW 50B.04.010 who are required to withhold and remit a premium equal to .58%

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 16
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of employee wages to ESD on or after January 1, 2022, pursuant to
WA Cares.

Employee Class – All employees as defined by RCW 50B.04.010
who will have their wages reduced by .58% and remitted to ESD
on or after January 1, 2022, pursuant to WA Cares.

6.2     Numerosity.  According to data published by ESD, there are over 256,000
employers in Washington State with over 3,500,000 employees.  Thus, the numerosity
requirement is satisfied.

6.3     Commonality.  The claims of the Employer Class and the Employee Class both
seek the same unified goals:

a.       That WA Cares and the purpose of the Trust should be declared unlawful;

b.       That Defendants should be prospectively enjoined from (1) requiring
employers to withhold .58% of Washington employees' wages; (2) enforcing WA
Cares; (3) making further expenditures from the Trust; and (4) retaining the
illegally created Trust funds; and

c.       That the Employee Class shall be entitled to a return of any employee
contributions remitted to ESD and held in Trust pursuant to WA Cares, including
any expenditures from the Trust, plus the earnings thereon.

Common questions of law and fact exist as to all members of the Class and predominate over
any questions solely affecting individual members of the Class because all individual differences
still lead to the same unified results, a declaration that WA Cares is invalid.

6.4     Typicality.  The claims of the representative Plaintiffs are typical of the claims of
the Class.  Plaintiffs' claims, like the claims of the Class, arise from WA Cares and the goal to
have the Act declared unlawful and unenforceable.

6.5     Adequacy.  Plaintiffs will fairly and adequately protect the interests of the Class.
Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with
significant experience in complex and class action litigation.  Plaintiffs and counsel are
committed to prosecuting this action vigorously on behalf of the Class and have the financial

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 17
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

resources to do so.  Neither Plaintiffs nor their counsel has interests that are contrary to or that conflict with those of the proposed Class.

6.6    Predominance.  Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy.

6.7    Superiority.  Plaintiffs and Class members will suffer and will continue to suffer harm and damages as a result of Defendants' unlawful collection of .58% of wages.  Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  Plaintiffs and their counsel are unaware of any litigation that has already commenced concerning Defendants' actions.  There will be no significant difficulty in the management of this case as a class action.  The Class members who have amounts withheld will be readily identified by the records of ESD.  Because the amounts withheld will be held in trust, the  amounts to be restored to each Class member, and the earnings thereon, are readily determinable and are readily identifiable from Defendants' records.

6.8    Appropriateness of Declaratory Relief.  Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate with respect to the Class as a whole.  Furthermore, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 18
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## VII.   CLAIMS FOR RELIEF

### First Claim for Relief – ERISA Preemption

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     Plaintiffs seek a declaration that WA Cares is preempted by ERISA.

### Second Claim for Relief – Violations of U.S. Constitution and ERISA

7.3     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.4     Plaintiffs seek a declaration that WA Cares violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, the right to travel, the Privileges and Immunities Clause, and ERISA and the enforcement of such impermissible provisions is a fiduciary breach under ERISA and common law.

### Third Claim for Relief – Violations of ADEA, OWBPA, and ERISA

7.5     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.6     Plaintiffs seek a declaration that WA Cares violates the ADEA, the Older Workers Benefit Protection Act, and ERISA and the enforcement of such impermissible provisions is a fiduciary breach under ERISA and common law

### Fourth Claim for Relief – Violations of ERISA, Fiduciary Duties, and Insurance Law

7.7     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.8     Plaintiffs seek a declaration that WA Cares and the Trust are a MEWA as defined by ERISA, that the MEWA is operating without a certificate of authority and is providing benefits not authorized by Washington law and that the forfeiture provisions, the offering of impermissible benefits, and setting of premiums based on income violate ERISA, Defendants' fiduciary duties under ERISA and at common law, and insurance law.

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 19
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Fifth Claim for Relief –Restitution**

7.9     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.10     After declaratory and injunctive relief are granted, the Employee Class seeks the return of all their own after-tax premiums that were deposited in the Trust, including any Trust expenditures for ancillary expenses, and the earnings thereon, as these assets are the employees' own assets and not the assets of the state and are to be returned to the employees under ERISA as well as the common law of trusts.

## VIII.   PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

A.     Certification of the proposed Class pursuant to Rule 23(b)(1) or (b)(2) or, in the alternative, Rule (b)(3) of the Federal Rules of Civil Procedure.

B.     Appoint the undersigned counsel as Class counsel.

C.     Appoint Pacific Bells, LLC, BrunswikSt., LLC, and WOW Distributing, Inc as class representatives for the Employer Class and Melissa Johnston, Lena Madden, Judi Chapman, Katherine Solan, John Edmundson, and Mike Lindbo as class representatives for the Employee Class and award compensation to the class representatives.

D.     Declare that WA Cares is unlawful and unenforceable under ERISA, federal, and state law.  In addition, if any provision of the Act is unenforceable, declare that the entire Act is unenforceable as the Act's provisions are not severability and the validity of every provision of the Act is necessary to fund the required benefits.

E.     Prospectively enjoin Defendants from (1) collecting the payroll premium of .58% from employee wages; (2) enforcing WA Cares; (3) making further expenditures from the Trust; and (4) retaining the illegally created Trust funds.

F.     Return the Employee Class their premiums paid to the Trust, any expenditures from the Trust, and the earnings thereon.

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 20
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1      G.      Declare that Defendants are financially responsible for notifying Class members

2   of their wrongful conduct and the return of any amounts withheld and the earnings thereon.

3      H.      Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 29 U.S.C.

4   § 1132(g).  In addition, attorneys' fees shall be awarded pursuant to a common fund created by

5   the return of premiums and associated earnings to the Employee Class.

6      I.      Grant such other relief as this Court deems necessary, just, and proper.

7      DATED this 9th day of November, 2021.

8                                   DAVIS WRIGHT TREMAINE LLP
                                    *Attorneys for* Pacific Bells, LLC, BrunswikSt.,
9                                   LLC, and WOW Distributing, Inc, and Melissa
                                    Johnston, Lena Madden, Judi Chapman,
10                                  Katherine Solan, John Edmundson, and Mike
                                    Lindbo,  *as well as the Employer and Employee*
11                                  *Class*

12

13                                  By    */s/ Richard J. Birmingham*
                                          Richard J. Birmingham, WSBA #8685
14                                        920 Fifth Avenue, Suite 3300
                                          Seattle, WA  98104-1610
15                                        Telephone: 206.622.3150
                                          Fax:  206.757.7700
16                                        Email:  richardbirmingham@dwt.com

17                                  By    */s/ Christine Hawkins*
                                          Christine Hawkins, WSBA#44972
18                                        929 108th Avenue NE, Suite 1500
                                          Bellevue, WA  98004-4786
19                                        Telephone: 425.646.6100
                                          Fax:  425.646.6199
20                                        Email:  christinehawkins@dwt.com

21

22

23

24

25

26

27

ERISA COMPLAINT—CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES
(_____) - 21
4819-0795-1858v.15 0050033-001574

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax