THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC BELLS, LLC; BRUNSWIKST.,
LLC; and WOW DISTRIBUTING, INC., on
their own behalf and on behalf of similarly
situated employers,

and

MELISSA JOHNSTON; LENA MADDEN;
JUDI CHAPMAN; KATHERINE SOLAN;
JOHN EDMUNDSON; and MIKE LINDBO,
individuals on their own behalf and on behalf
of similarly situated employees,

　　　　　　　　　Class Plaintiffs,

　　　v.

JAY INSLEE, in his capacity as Governor of
the State of Washington; CAMI FEEK, in her
capacity as the Commissioner and Chief
Executive Officer of the Washington
Employment Security Department; DONALD
CLINTSMAN, in his capacity as the Acting
Secretary of the Washington Department of
Social and Health Services; and THE LONG-
TERM SERVICES AND SUPPORTS TRUST
FUND, an employee benefit plan,

　　　　　　　　　Defendants.

No. 2:21-cv-01515-TSZ

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

　　　　The parties, by and through their attorneys of record, pursuant to Local Civil Rule for the

Western District of Washington ("LCR") 16, Federal Rule of Civil Procedure ("FRCP") 26(f), and

LCR 26(f), hereby submit the following Joint Status Report and Discovery Plan:

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

### 1.    Statement of the nature and complexity of the case

<u>Class Plaintiffs' statement</u>: Plaintiffs Pacific Bells, LLC, BrunswikSt., LLC, and WOW Distribution, Inc., on their own behalf and on behalf of similarly situated employers and Melissa Johnston, Lena Madden, Judi Chapman, Katherine Solan, John Edmundson, and Mike Lindbo, on their own behalf and on behalf of similarly situated employees (collectively "Plaintiffs" or the "Putative Class") request declaratory relief from this Court that (1) the Long-Term Services and Support Trust Program, referred to as "WA Cares" or the "Act" and codified at RCW 50B.04, *et seq.*, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) WA Cares and its Trust constitute a MEWA as defined by ERISA, subject to both ERISA and state insurance law; (3) as a MEWA, the forfeiture provisions of WA Cares are impermissible and violate ERISA, state insurance law and the requirements of I.R.C. § 7702B, which have been adopted by WA Cares; (4) employers are not required to withhold and remit a premium equal to .58% (0.0058) of wages paid to individuals in "employment" with an "employer," as defined by RCW 50B.04.010, to the Employment Security Department of the State of Washington ("ESD") or report any related information thereto; (5) WA Cares violates the Equal Protection Clause of the Fourteenth Amendment and the Privileges and Immunities Clause of the U.S. Constitution; (6) WA Cares Act violates the Age Discrimination in Employment Act of 1967 ("ADEA") and the Older Workers Benefit Protection Act; (7) all provisions of RCW 50B.04, *et seq*., are void and unenforceable because the offending provisions are not severable; and (8) the enforcement of employee benefit plan provisions that violate ERISA or other federal and state statutes constitutes a breach of Defendants' fiduciary duty under ERISA and at common law.  Plaintiffs also request return of their own contributions that were deposited in the Trust to provide long-term care insurance on their behalf, plus earnings, increased by any ancillary expenses.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

<u>Defendants' statement</u>:  Defendants deny Plaintiffs' allegations and assert that WA Cares is a lawful exercise of Washington State's legislative power.  Defendants further assert that this Court lacks subject matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341, and Article III of the United States Constitution.  Plaintiffs' claims made against the State of Washington, including their claims for restitution and claims against the Long-Term Services and Supports Trust (to the extent such an entity exists) are also barred by the Eleventh Amendment.  Governor Inslee has directed the Employment Security Department to refrain from collecting premiums to fund the program until at least April 2022 and Washington State legislative leadership have indicated their intent to postpone implementation of the program until 2023 and to make substantive changes to the program that will impact, and potentially nullify, Plaintiffs' claims.  Accordingly, Plaintiffs' claims are not ripe for adjudication.

**2.      Proposed deadline for joining additional parties**

The parties propose a deadline of March 10, 2022, for joining additional parties

**3.      Magistrate Judge**

No.

**4.      Discovery Plan**

**A.      Initial Disclosures**

The parties served Initial Disclosures on or before January 10, 2022.

**B.      Subjects, timing and potential phasing of discovery**

The parties anticipate taking discovery of each other's claims and defenses including, but not limited to, the WA Cares premium rate, eligibility for WA Cares benefits, projected Medicaid savings, exemption applications, the Trust's incurred costs, and actuarial projections related to the Trust's solvency, through written discovery.  At this time, Plaintiffs do not anticipate conducting depositions or a need for phasing of discovery or alteration of the standard timelines the Court typically sets for completion of discovery.  Defendants anticipate taking the depositions of Plaintiffs and conducting written discovery concerning the factual basis of Plaintiffs' claims.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    The parties do not waive any arguments regarding the scope of discovery or the merits of

2    the parties' claims or defenses.

3    **C.    Electronically stored information**

4    Although certain communications and other documents relevant to this case may be

5    stored electronically, at this time the parties do not anticipate any unusual issues regarding

6    disclosure, discovery, or preservation of electronically stored information.  The parties will

7    consider executing the Model Agreement Regarding Discovery of Electronically Stored

8    Information.

9

10    **D.    Privilege issues**

11    The parties do not believe any privilege issues of unusual significance exist. The parties

12    anticipate dealing with attorney-client privilege and/or work product if and when such issues

13    arise.

14

15    **E.    Proposed limitations on discovery**

16    The parties do not believe that any further limitations on discovery are needed in this case

17    apart from the general standards of the Federal Rules of Civil Procedure and the Local Civil

18    Rules for the Western District of Washington.  If the parties determine later that discovery

19    limitations should be adjusted, the parties may stipulate to adjusted limitations or seek relief from

20    the Court.

21    **F.    The need for any discovery related orders**

22    The parties do not see a need for discovery-related orders at this time.  The parties agree

23    to meet and confer prior to filing a motion.

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**5.      Items set forth in Local Civil Rule 26(f)(1)**

**A.      Prompt case resolution**

In the Rule 26(f) conference, the parties discussed prompt resolution but were unable to resolve their differences.  The parties anticipate that this case will be decided by the Court on one or more dispositive motions.  Defendants have filed a motion to dismiss based on jurisdictional challenges.  Plaintiffs propose, with agreement from the Defendants, to resolve the dispositive motions prior to filing a motion for class certification.

**B.      Alternative dispute resolution**

The parties agree that alternate dispute resolution is not appropriate.

**C.      Related cases**

There is no related case pending before the Court or in another jurisdiction.

**D.      Discovery management**

The parties agree to consult with each other regarding discovery issues, if any.

**E.      Anticipated discovery sought**

See 4(B).

**F.      Phasing motions**

The parties agree that a formal order requiring motions to be phased need not be entered.

**G.      Preservation of discoverable information**

The parties have been advised of the need to preserve discoverable information, including electronically stored information, consistent with their obligations under the Federal Rules of Civil Procedure.  The parties do not anticipate that preservation issues will arise.

**H.      Privilege Issues**

The parties anticipate dealing with attorney-client privilege and/or work product if and when such issues arise.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### I.      Model Protocol for Discovery of ESI

The parties do not anticipate that discovery of ESI will pose particular challenges in this case, as the scope of discovery has already been limited by the parties.  The parties will work together to address any ESI issues that arise and will consider executing the Model Agreement Regarding Discovery of Electronically Stored Information.

### J.      Alternatives to Model Protocol

The parties do not anticipate issues with the discovery of electronically stored information. The parties will confer in an attempt to agree to limitations to ensure that the costs associated with any production of ESI and other discovery are shared appropriately.  If the parties cannot reach an agreement regarding the format of disclosure or the sharing of costs, they will seek the Court's intervention.  At this time, the parties do not foresee the need for Court intervention.

### 6.      Date by which discovery can be completed

The parties anticipate that discovery would be completed approximately 120 days prior to the trial date, pursuant to LR 16(f).

### 7.      Bifurcation

The parties agree that the case should not be bifurcated at this time.

### 8.      Pretrial statements and pretrial order

The parties anticipate filing possible motions for summary judgment.  The parties anticipate this matter will be resolved by dispositive motions and do not anticipate the need for trial.  They therefore ask that the Court waive the requirement of pretrial statements and a pretrial order.

### 9.      Any other suggestions for shortening or simplifying the case

The parties anticipate that this case will be resolved on one or more dispositive motions and that no trial will be necessary.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**10.     Date the case will be ready for trial**

No trial date has been set for this case.  The parties anticipate this matter will be resolved by dispositive motions and do not anticipate the need for trial.  Therefore, the parties believe it would be premature to set a trial date at this time.

**11.     Jury or non-jury**

The trial will be non-jury.

**12.     Number of trial days required**

The parties anticipate this matter will be resolved by dispositive motions and do not anticipate the need for trial.  Therefore, the parties believe it would be premature to set a trial date or to determine the number of trial days required at this time.

**13.     Names, addresses, and telephone numbers of all trial counsel**

*Class Plaintiffs' Counsel:*
Richard J. Birmingham
Christine Hawkins
Wm. Brent Hamilton
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
(206) 622-3150 (Tel)
(206) 757-7700 (Fax)

*Counsel for Defendants:*
William McGinty
Daniel J. Judge
Jacob Dishion
7141 Cleanwater Drive SW
P.O. Box 40124
Olympia, WA  98504-0124
(360) 586-6565 (Tel)

**14.     Dates on which trial counsel may have complications to be considered in setting a trial date**

Class Plaintiffs' Counsel: Christine Hawkins anticipates being on parental leave from February 15, 2022, through August 1, 2022.  Richard Birmingham anticipates being unavailable in July and August of 2022.

JOINT STATUS REPORT AND DISCOVERY PLAN
(2:21-cv-01515-TSZ) - 7
4859-4251-5977v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

<u>Defendants' Counsel</u>:  William McGinty anticipates being unavailable in August through December of 2022.

**15.    Service on defendants**

All defendants have been served.

**16.    Scheduling conference**

Defendants have one motion pending seeking dismissal of this action for lack of jurisdiction.  At the resolution of that motion, if the Court denies it, the parties intend to file motions for summary judgment on an agreed briefing schedule established by the parties.  The parties agree that class certification will be resolved after the dispositive motions and will file a stipulated motion to extend Plaintiffs' deadline to move for a determination under F.R.C.P. 23(c)(1) as to whether the case is to be maintained as a class action until 90 days after the Court's rulings on the dispositive motions.  At this time, the parties do not request a scheduling conference.

**17.    Dates that Rule 7.1 Disclosure Statements were filed**

Plaintiffs filed their Corporate Disclosure Statements on November 16, 2021 (Dkt. # 8, 9 and 10).

///

///

///

///

///

///

///

///

///

///

///

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 10th day of January, 2022.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Class Plaintiffs

By      */s/ Richard J. Birmingham*
         Richard J. Birmingham, WSBA #8685
         920 Fifth Avenue, Suite 3300
         Seattle, WA 98104-1610
         Telephone: 206-622-3150
         Fax: 206-757-7700
         E-mail: richbirmingham@dwt.com

By      */s/ Wm. Brent Hamilton, Jr.*
         Wm. Brent Hamilton, Jr., WSBA#52151
         1300 SW 5th Avenue, Suite 2400
         Portland, OR  97201-5610
         Telephone: 503.778.5472
         Fax:  503.778.5299
         E-mail:  brenthamilton@dwt.com

By      */s/ Christine Hawkins*
         Christine Hawkins, WSBA #44972
         777 108th Avenue NE, Suite 2300
         Bellevue, WA 98004-5149
         Telephone: 425-646-6100
         Fax: 425-646-6199
         E-mail: christinehawkins@dwt.com

OFFICE OF THE ATTORNEY GENERAL
Attorneys for Defendants

***Via email authorization***

By      */s/ William J. McGinty*
         William McGinty
         Daniel J. Judge
         Jacob Dishion
         7141 Cleanwater Drive SW
         P.O. Box 40124
         Olympia, WA  98504-0124
         Telephone: 360-586-6565
         E-mail: william.mcginty@atg.wa.gov
         E-mail: daniel.judge@atg.wa.gov
         E-mail: jabob.dishion@atg.wa.gov

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on January 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 10th day of January, 2022.

_____

Susan Bright

JOINT STATUS REPORT AND DISCOVERY PLAN
(2:21-cv-01515-TSZ) - 10
4859-4251-5977v.1 0118837-000001