THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC BELLS, LLC; BRUNSWIKST.,
LLC; and WOW DISTRIBUTING, INC., on
their own behalf and on behalf of similarly
situated employers,

and

MELISSA JOHNSTON; LENA MADDEN;
JUDI CHAPMAN; KATHERINE SOLAN;
JOHN EDMUNDSON; and MIKE LINDBO,
individuals on their own behalf and on behalf
of similarly situated employees,

                Class Plaintiffs,

       v.

JAY INSLEE, in his capacity as Governor of
the State of Washington; CAMI FEEK, in her
capacity as the Commissioner and Chief
Executive Officer of the Washington
Employment Security Department; DONALD
CLINTSMAN, in his capacity as the Acting
Secretary of the Washington Department of
Social and Health Services; and THE LONG-
TERM SERVICES AND SUPPORTS TRUST
FUND, an employee benefit plan,

               Defendants.

No. 2:21-cv-01515-TSZ

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 1

    A.   Standard of Review ................................................................................. 1

    B.   Plaintiffs Have Article III Standing ....................................................... 2

        1.   Plaintiffs Have Suffered Injuries in Fact ................................... 2

    C.   The Tax Injunction Act Does Not Bar Plaintiffs' Claims ....................... 6

        1.   WA Cares is Not a Tax ................................................................ 6

            a.   The Legislature Intended that WA Cares Impose a Premium for Insurance, Not a Tax ................................. 7

            b.   The WA Cares Premium is Not Uniformly Assessed Against a Broad Group .............................................. 7

            c.   WA Cares Deductions are Not Expended for the Public Benefit ........................................................... 8

            d.   Long-Term Care Insurance is Substantively Different from Unemployment Insurance. ............................ 11

            e.   The Federal Tax Treatment of WA Cares Premiums is Determinative of this Issue ...................................... 12

        2.   The State Courts Do Not Provide Plaintiffs with a Plain, Speedy, and Efficient Remedy ........................................................ 12

            a.   Federal Courts Have Exclusive Jurisdiction Over Plaintiffs' ERISA Claims ...................................... 13

            b.   The Proposed Administrative Remedies are Neither Speedy nor Efficient ...................................... 15

            c.   Dismissal of this Action Would Expose Plaintiff Employers to Undue Hardship ...................................... 17

    D.   The Eleventh Amendment Does Not Bar Plaintiffs' Claims ............................ 17

        1.   Plaintiffs' Restitution Claim is Moot .................................... 18

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - i
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2.      Defendants' Eleventh Amendment Arguments are not Applicable to Plaintiffs' Other Claims ..................................................................... 20

3.      The LTSS Trust Fund is a Proper Defendant in this Action .................. 20

E.      Plaintiffs' Claims are Ripe ............................................................................. 23

III.    CONCLUSION .......................................................................................................... 24

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - ii
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*ACLU v. Lomax,*
    471 F.3d 1010 (9th Cir. 2006) ...................................................................................3

*Agua Caliente Band of Cahuilla Indians v. Hardin,*
    223 F.3d 1041 (9th Cir. 2000) .................................................................................20

*Am's Health Ins. Plans v. Hudgens,*
    915 F. Supp. 2d 1340 (N.D. Ga. 2012) ...............................................................2, 10

*Ashton v. Cory,*
    780 F.2d 816 (9th Cir. 1986) ...................................................................................13

*Babbitt v. United Farm Workers Natal Union,*
    442 U.S. 289, 99 S. Ct. 2301 (1979) .....................................................................2, 3

*Beentjes v. Placer County Air Pollution Control Dist.,*
    397 F.3d 775 (9th Cir. 2005) ...................................................................................22

*Bidart Bros. v. California Apple Com'n,*
    73 F.3d 925 (9th Cir. 1996) ............................................................................. *passim*

*Buckley v. Valeo,*
    424 U.S. 1, 96 S. Ct. 612 (1976) .............................................................................24

*Chase Manhattan Bank, N.A. v. City & Cty. of San Francisco,*
    121 F.3d 557 (9th Cir. 1997) ......................................................................13, 14, 15

*Clark v. City of Lakewood,*
    259 F.3d 996 (9th Cir. 2001) .....................................................................................3

*Crowe v. Oregon State Bar,*
    989 F.3d 714 (9th Cir. 2021) ..............................................................................21, 22

*DaimlerChrysler Corp. v. Cuno,*
    547 U.S. 332, 126 S. Ct. 1854 (2006).......................................................................5

*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) .....................................................................................2

*District of Columbia v. John R. Thompson Co.,*
    346 U.S. 100, 73 S. Ct. 1007 (1953)........................................................................23

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - iii
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Empress Casino Joliet Corporation v. Balmoral Racing Club*,
   651 F.3d 722 (7th Cir. 2011) .................................................................................8, 9

*ERISA Indus. Committee v. City of Seattle*,
   No. C18-1188 TSZ, 2020 WL 2307481 (W.D. Wash. May, 8, 2020, J. Zilly),
   *aff'd*, 840 F. App'x 248 (9th Cir. 2021)...................................................................5

*Ernst v. Rising*,
   427 F.3d 351 (6th Cir. 2005) .................................................................................18

*Ex parte Young*,
   209 U.S. 123, 28 S. Ct. 441 (1908).......................................................................20

*Fresh Int'l v. Agricultural Labor Relations Bd.*,
   805 F.2d 1353 (9th Cir. 1986) ...............................................................................14

*Friends of the Earth Inc. v. Gaston Copper Recycling Corp.*,
   204 F.3d 149 (4th Cir. 2000) ...................................................................................2

*Fuller v. Ulland*,
   76 F.3d 957 (8th Cir. 1996) ...................................................................................14

*Gen. Motors Corp. v. California State Bd. of Equalization*,
   626 F. Supp. 439 (C.D. Cal. 1985) .......................................................................14

*Hager v. City of W. Peoria*,
   84 F.3d 865 (7th Cir. 1996) .....................................................................................6

*Hess v. Port Auth. Trans-Hudson Corp.*,
   513 U.S. 30, 115 S. Ct. 394 (1994)........................................................................22

*Hibbs v. Winn*,
   542 U.S. 88, 124 S. Ct. 2276 (2004)........................................................................6

*Hillsborough Tp., Somerset County, N.J. v. Cromwell*,
   326 U.S. 620, 66 S. Ct. 445 (1946).........................................................................12

*Howard Jarvis Taxpayers Association v. California Secure Choice Retirement
   Savings Program*,
   997 F.3d 848 (9th Cir. 2021) ...............................................................................4, 5

*Inland Empire Chapter of Associated General Contractors of Am. v. Dear*,
   77 F.3d 296 (9th Cir. 1996) .....................................................................................5

*Kruse v. State of Hawaii*,
   68 F.3d 331 (9th Cir. 1995) ...................................................................................18

*Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*,
   440 U.S. 391, 99 S. Ct. 1171 (1979).......................................................................21

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - iv
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Leite v. Crane Co.,*
    749 F.3d 1117 (9th Cir. 2014) ............................................................................2

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 112 S. Ct. 2130 (1992).............................................................2, 5

*Mitchell v. L.A. Community College Dist.,*
    861 F.2d 198 (9th Cir. 1988) ......................................................................21, 22

*National Federation of Independent Business v. Sebelius,*
    567 U.S. 519, 132 S. Ct. 2566 (2012)................................................................7

*Pacific Legal Foundation v. State Energy Resources Conservation &*
    *Development Commission,*
    659 F.2d 903 (9th Cir. 1981) .............................................................................6

*Papasan v. Allain,*
    478 U.S. 265, 106 S. Ct. 2932 (1986)..............................................................19

*Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.),*
    888 F.3d 1020 (9th Cir. 2018) ...........................................................................4

*Ret. Fund Tr. of Plumbing v. Franchise Tax Bd.,*
    909 F.2d 1266 (9th Cir. 1990) ...................................................................16, 17

*Retail Industry Leaders Association v. Fielder,*
    475 F.3d 180 (4th Cir. 2007) ...................................................................4, 9, 10

*Rosewell v. LaSalle Nat. Bank,*
    450 U.S. 503, 101 S. Ct. 1221 (1981)....................................................12, 13, 17

*Sato v. Orange County Department of Education,*
    861 F.3d 923 (9th Cir. 2017) ...........................................................................18

*Savage v. Glendale Union High Sch.,*
    343 F.3d 1036 (9th Cir. 2003) ...........................................................................1

*Spokeo Inc. v. Robins,*
    578 U.S. 330, 136 S. Ct. 1540 (2016)................................................................2

*Thomas v. Anchorage Equal Rights Com'n,*
    220 F.3d 1134 (9th Cir. 2000) .........................................................................24

*Thomas v. Union Carbide Agricultural Prods. Co.,*
    473 U.S. 568, 105 S. Ct. 3325(1985)...............................................................24

*Valero Terrestrial Corp. v. Caffrey,*
    205 F.3d 130 (4th Cir. 2000) .............................................................................6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - v
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*,
    535 U.S. 635, 122 S. Ct. 1753 (2002) ......................................................................19

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ..................................................................................1

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ....................................................................................1

*Wright v. Riveland*,
    219 F.3d 905 (9th Cir. 2000) ....................................................................................6

**Federal Statutes**

26 U.S.C. § 125(f) ............................................................................................................12

26 U.S.C. § 213(a) ...........................................................................................................12

26 U.S.C. § 213(f) ............................................................................................................12

28 U.S.C. § 1341 ..............................................................................................................12

29 U.S.C. § 1003(b)(3) .....................................................................................................11

29 U.S.C. § 1021(f)(1) ......................................................................................................14

29 U.S.C. § 1132(a)(1)(B) ................................................................................................14

29 U.S.C. § 1132(a)(2) .....................................................................................................14

29 U.S.C. § 1132(a)(3) .....................................................................................................14

29 U.S.C. § 1132(d)(1) .....................................................................................................22

29 U.S.C. § 1132(e) .....................................................................................................14, 15

29 U.S.C. § 1132(e)(1) .................................................................................................14, 15

29 U.S.C. § 1132(e)(1) .....................................................................................................22

ERISA § 4(b)(3) ...............................................................................................................11

ERISA § 502(a)(1)(B) ......................................................................................................14

ERISA § 502(a)(2) .......................................................................................................5, 14

ERISA § 502(a)(3) .......................................................................................................5, 14

ERISA § 502(e)(1) ...........................................................................................................14

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - vi
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

ERISA § 1132 ...................................................................................................14, 22

**State Statutes**

RCW 34.05 ....................................................................................................................15

RCW 34.05.240 ............................................................................................................16

RCW 34.05.240(1)(d) ...................................................................................................16

RCW 34.05.240(2) ........................................................................................................16

RCW 50A ......................................................................................................................16

RCW 50B.04.020 ..........................................................................................................20

RCW 50B.04.030 ..........................................................................................................20

RCW 50B.04.080 ..........................................................................................................11

RCW 50B.04.080(1) ......................................................................................................23

RCW 50B.04.080(2) ......................................................................................................23

RCW 50B.04.080(2)(a) ..................................................................................................11

RCW 50B.04.085 ............................................................................................................8

RCW 50B.04.090 ............................................................................................................7

RCW 50B.04.095 ............................................................................................................7

RCW 50B.04.100 ..........................................................................................................21

RCW 50B.04.100(2) ...................................................................................................9, 21

RCW 50B.04.120 .....................................................................................................15, 16

RCW 50B.04.120(1) ......................................................................................................15

RCW 50B.04.120(2) .................................................................................................15, 16

RCW 50B.04.900 ............................................................................................................9

RCW 50B.040.020(3)(e) ...............................................................................................21

**Rules**

Federal Rules of Civil Procedure 12(b)(1) .....................................................................1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Regulations**

29 C.F.R. § 2510.3-102(a)(2)............................................................................3, 21

29 C.F.R. § 2510.3-102(c) .....................................................................................3

**Constitutional Provisions**

United States Constitution ........................................................................... *passim*

**Other Authorities**

S.H.B. 1732.................................................................................................. *passim*

S.H.B. 1733................................................................................................1, 7, 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.   INTRODUCTION

Defendants filed a Motion to Dismiss Plaintiffs' Complaint on jurisdictional grounds—standing, the Tax Injunction Act (the "TIA"), the Eleventh Amendment, and ripeness. Dkt. No. 17 ("Motion"). Plaintiffs respectfully request this Court deny the Motion. First, Plaintiffs' claims meet Article III standing because administrative burdens placed on employers, premium deductions from employee wages, and imminent threat of additional premium deductions in 2023 each constitute injuries in fact that may be redressed by this Court. Second, the TIA does not bar Plaintiffs' claims. The amounts withheld from employee wages are insurance premiums, not taxes. In addition, the state courts do not provide a forum for "plain, speedy, and efficient" relief. Third, the Eleventh Amendment does not bar any claims. Plaintiffs seek only prospective injunctive and declaratory relief. Finally, Plaintiffs' claims are ripe. Recent legislative changes did not fundamentally alter WA Cares and hypothetical future legislation cannot deprive this Court of jurisdiction.[1]

# II.   ARGUMENT

## A.   Standard of Review

A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Here, Defendants bring both. Defendants' challenges based on the Eleventh Amendment and TIA are facial. For those challenges, the Court must draw all reasonable inferences in favor of Plaintiffs and accept Plaintiffs' factual allegations as true. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Defendants bring a limited factual challenge to standing and ripeness, relying on evidence of proposed legislative changes to WA Cares.[2] In reviewing such a factual challenge, the Court may consider materials beyond Plaintiffs' Complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Only with respect to the allegations on which Defendants make a factual attack

---

[1] Because WA Cares has been changed since its enactment in 2019, a brief description of the background of WA Cares is set forth in Exhibit A to Richard Birmingham's Declaration ("Birmingham Decl."), filed herewith. Copies of S.H.B. 1732, 67th Leg. Reg. Sess. (Wash. 2022) (S.H.B. 1732; S.H.B. 1733, 67th Leg. Reg. Sess. (Wash. 2022) (S.H.B. 1733) are attached to Richard Birmingham's Declaration as Exhibit B and Exhibit C, respectively.

[2] As noted above, the legislature did make limited changes to WA Cares. *See* note 1, *supra*.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 1
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

are Plaintiffs required to support their jurisdictional allegations with "competent proof." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

**B.     Plaintiffs Have Article III Standing**

Standing under Article III of the U.S. Constitution requires a plaintiff demonstrate (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) causation; and (3) that the requested judicial relief would likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1, 112 S. Ct. 2130 (1992). One does not have to await the consummation of the threatened injury to obtain the preventive relief—if the injury is certainly impending, that is enough. *Friends of the Earth Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 160 (4th Cir. 2000) (quoting *Babbitt v. United Farm Workers Natal Union*, 442 U.S. 289, 298, 99 S. Ct. 2301 (1979)). In a pre-enforcement, constitutional challenge to a state statute, the injury requirement may be satisfied by establishing a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement. "A plaintiff may meet this standard in any of three ways: (1) [the plaintiff] was threatened with application of the statute; (2) application is likely; or (3) there is a credible threat of application." *Am.'s Health Ins. Plans v. Hudgens*, 915 F. Supp. 2d 1340, 1352 (N.D. Ga. 2012), quoting *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257–58 (11th Cir. 2012) (finding imminent injury when plaintiffs would be forced to comply with a statute that would impose additional costs on ERISA plans six months after complaint filed). In the instant case, all three of the above referenced criteria are satisfied.

**1.     Plaintiffs Have Suffered Injuries in Fact**

Plaintiffs have suffered injuries that are concrete, particularized, and actual or imminent. Courts define "concrete" as conveying that the injury is "real" and not "abstract." *Spokeo Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540 (2016) (citations omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* at 339 (citations omitted). And an "actual and imminent, not conjectural or hypothetical" injury means "the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of possible future injury are not sufficient.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 2
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

967 (9th Cir. 2018), *quoting Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138 (2013). *See also Babbitt*, 442 U.S. at 298 (1979) ("[O]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." (citation and internal quotation marks omitted)). Importantly, standing is determined by the facts that exist at the time the complaint is filed. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) (citing *Lujan*, 504 U.S. at 569 n. 4); *ACLU v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (citations omitted).

This Complaint was filed on November 9, 2021, after the deadline to purchase private long-term care insurance had passed, the State had engaged in rulemaking with respect to the premium collections and exemptions, and the State had spent $12.1 million on the implementation of the law that was set to go into effect on January 1, 2022. Thus, when Plaintiffs filed the Complaint, withholding of premiums from employee wages was imminent for anyone who had not purchased private long-term care insurance before the November 1, 2021, deadline. Plaintiff Employers suffered concrete and particularized injuries due to: tracking employee eligibility; modifying payroll systems to collect the premium and then modifying payroll again to delay the premium collections; calculating the premium and the income subject to the premium; tracking employee exemptions and modifying the payroll deductions accordingly; returning employee premiums that were collected in 2022 back to employees; drafting communications regarding WA Cares, its effective dates, and its subsequent modifications; the risk of lawsuits and penalties for noncompliance with ERISA and federal law regarding the premium deductions themselves, and the requirement that premiums be deposited in a trust account as soon as segregated from employee wages. 29 C.F.R. § 2510.3-102(a)(2) and (c). Plaintiff Employees suffer concrete and particularized injuries when their wages are unlawfully withheld or there is an imminent threat of such withholding. On the date the Complaint was filed, Plaintiff Employees' injuries were imminent as the payroll deductions would occur on January 1, 2022, and Plaintiff Employees had to take steps to arrange their finances to reflect the reduction of their take-home pay. As S.H.B. 1732 reflects, many employees did in fact have their pay reduced, due

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 3
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to the premium withholding. Even after the passage of S.H.B. 1732, there is an imminent threat that withholdings will occur again, beginning July 1, 2023.

As further proof that implementation is imminent, the State has budgeted $24.2 million for compliance costs in 2022, and there is no indication that WA Cares will be repealed prior to July 1, 2023. Although the second round of withholding has been delayed, that delay does not affect this Court's obligation to evaluate standing at the time the Complaint was filed, nor does the July 1, 2023, date make the injury to employees any less imminent. The passage of time does not change the relevant moment as to which Plaintiffs must establish that they had standing and does not heighten Plaintiffs' burden in opposing the Motion. *Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*, 888 F.3d 1020, 1028 n.12 (9th Cir. 2018) (citations omitted).

In *Retail Industry Leaders Association v. Fielder*, 475 F.3d 180 (4th Cir. 2007), the Fourth Circuit found imminent injury and Article III standing to challenge a statute on ERISA preemption when the complaint was filed shortly after the legislation was enacted in January 2006, but the statute was not effective until a year later, January 1, 2007. The Fourth Circuit held that the injury was "certainly impending" and, therefore, imminent, and the administrative burdens on employers were actual injuries sufficient for Article III standing. *Id.* at 186.

In *Howard Jarvis Taxpayers Association v. California Secure Choice Retirement Savings Program*, 997 F.3d 848 (9th Cir. 2021), the plaintiff argued ERISA preemption of a state law. The law was enacted in 2017 and employer registration under the statute was first effective September 30, 2020.[3] The plaintiff's complaint was filed in the district court on May 31, 2018, over two years before the date that employers first had to register under the act. 443 F. Supp. 3d 1152, 1156 (N.D. Ca. 2020). The Ninth Circuit found that both the administrative burdens and the fact that employers would soon be subject to the law gave them standing. 997 F.3d at 855. The Ninth Circuit further held that the employees had standing as future participants in what they claimed was an ERISA plan. *Id.* (citing *Leeson v Transamerica Disability Income Plan*, 671 F.3d

---

[3] https://www.treasurer.ca.gov/calsavers/ (accessed 2/7/2022)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 4
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

969, 978-79 (9th Cir. 2012)); *see also Inland Empire Chapter of Associated General Contractors of Am. v. Dear*, 77 F.3d 296, 299 (9th Cir. 1996).

In *ERISA Indus. Committee v. City of Seattle*, No. C18-1188 TSZ, 2020 WL 2307481, *1 (W.D. Wash. May, 8, 2020, J. Zilly), *aff'd*, 840 F. App'x 248 (9th Cir. 2021), this Court found that it had jurisdiction over ERISA preemption of a City of Seattle Ordinance. The amended complaint was filed on January 21, 2020, with respect to an Ordinance effective six months later, July 1, 2020. Under *Lujan, Retail Industry*, *Howard Jarvis*, and *ERISA Industry Company* Plaintiffs have suffered injuries in fact, pursuant to the first element of the *Lujan* test.

Defendants cast Plaintiffs' claims as general taxpayer injuries under *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S. Ct. 1854, (2006). Motion, 22-23. In the typical taxpayer case, a "taxpayer challenges [] expenditures that deplete the treasury . . . which reduce amounts available to the treasury by granting tax credits or exemptions. In either case, the alleged injury is based on the asserted effect of the allegedly illegal activity on public revenues, to which the taxpayer contributes." *Id.* at 343-44. In this case, WA Cares directly impacts Plaintiff Employers and Plaintiff Employees, as described above. Plaintiffs do not allege any general injury of depletion of the treasury or expenditures of public revenues.

With respect to Plaintiffs Employees' right to travel and other alleged statutory violations, the Article III injury occurred when the premium payment was imminent for an insurance policy that contained impermissible restrictions and forfeiture provisions. The injury being enjoined in this lawsuit is solely the payment of the premium. There is no claim for benefits under the policy. Defendants' allegations that Plaintiffs must await until someone retires and moves out of state is an issue of ripeness and not standing. As explained in more detail below, this case is ripe for adjudication. Under ERISA Sections 502(a)(2) and (3), Plaintiffs can seek to enjoin any act that violates ERISA or federal law. Under traditional constitutional law, an issue is ripe if the issue is purely legal and further factual development is not required to make the issues more concrete.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 5
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants' citation to *Pacific Legal Foundation v. State Energy Resources Conservation & Development Commission*, 659 F.2d 903, 913 (9th Cir. 1981), is not to the contrary. In that case, the Ninth Circuit held: "A challenge to a statute or a regulation that has not been applied is generally considered fit for judicial determination is the issue raised is a "purely legal one." Here, the issues of constitutional and federal law are purely legal and no further facts need be developed for the Court to decide the issues before it.

### C.      The Tax Injunction Act Does Not Bar Plaintiffs' Claims

The TIA does not bar Plaintiffs' claims because (1) the premium charge is not a tax and (2) the state courts do not provide a "***plain, speedy, and efficient***" remedy.

### 1.      WA Cares is Not a Tax

Under its facial challenge to the Court's jurisdiction, Defendants argue that WA Cares imposes a tax on Washington workers. Whether a deduction or assessment constitutes a "tax" within the meaning of the TIA depends on: (1) the entity that imposes the deduction;[4] (2) the parties on whom the deduction is imposed; and (3) whether the funds collected from the deduction are expended for the public benefit. *Bidart Bros. v. California Apple Com'n,* 73 F.3d 925, 931 (9th Cir. 1996). Federal law determines whether an assessment qualifies as a "tax" for purposes of the TIA. *Wright v. Riveland,* 219 F.3d 905, 911 (9th Cir. 2000).

Because the TIA is meant to prevent taxpayers from "disrupting state government finances," *Hibbs v. Winn,* 542 U.S. 88, 104, 124 S. Ct. 2276 (2004), its applicability depends primarily on whether a given measure serves "revenue raising purposes." *See Valero Terrestrial Corp. v. Caffrey,* 205 F.3d 130, 134 (4th Cir. 2000). The less a measure serves as a revenue-raising provision, the less likely it is protected by the TIA. *See Hager v. City of W. Peoria,* 84 F.3d 865, 870–72 (7th Cir. 1996) (finding the TIA did not bar review of a provision because "the ordinances were passed to control certain activities, not to raise revenues"). As recognized in

---

[4] Plaintiffs concede that the first factor is satisfied as WA Cares was passed by the state legislature.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 6
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Bidart* "[a]n assessment placed in a special fund and used only for special purposes is less likely to be a tax." *Bidart,* 73 F.3d at 932.

### a. The Legislature Intended that WA Cares Impose a Premium for Insurance, Not a Tax

The messaging of WA Cares is consistent: employees are paying an insurance premium for long-term care insurance to provide care for themselves, protect their future assets, and to take the burden of care away from family members.[5] Defendants contend this Court should not be concerned about the legislature's intent, the words used by the legislature and the State to describe WA Cares, or whether such a non-uniform income "tax" would be illegal under state law. While Defendants are correct the legislature's terminology is not determinative, the legislature's terminology is relevant. *See National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 543-46, 132 S. Ct. 2566 (2012) (in interpreting the similar Anti-Injunction Act, the Supreme Court gave weight to Congress's labeling of the individual mandate as a "penalty" rather than a tax). The legislature intentionally and consistently has used the term "premium" to refer to WA Cares and has never indicated that WA Cares imposes an income tax on employees.

### b. The WA Cares Premium is Not Uniformly Assessed Against a Broad Group

Under the second *Bidart* factor, an assessment is more likely to be a tax if imposed upon a broad class of parties rather than upon a narrow class. *Bidart,* 73 F.3d at 931. In applying this factor, Defendants merely contend that all wage earners are subject to the WA Cares deduction. Motion, 14. Significantly, however, Defendants fail to address the fact that WA Cares is optional for a large group of wage earners, including self-employed individuals, partners in partnerships, members of limited liability companies, Tribal members, employees employed in Washington but with permanent addresses outside the state, veterans with a service-related disability, spouses or domestic partners of active-service members, and employees with a nonimmigrant visa as a temporary worker. *See* RCW 50B.04.090; RCW 50B.04.095; S.H.B. 1733. Even more

---

[5] *See* Birmingham Decl., Ex. D.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 7
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

importantly, unlike a broad-based tax, WA Cares contains an opt-out provision for the wage earners that are potentially covered. RCW 50B.04.085.

The fact that employees can both elect into and opt out of WA Cares alone indicates WA Cares imposes a premium, not a tax. Employees who purchased qualifying private insurance coverage by November 1, 2021, and who apply for an exemption by December 31, 2022, are permanently exempt from the requirement to purchase insurance coverage from the State. *Id.* As of December 29, 2021, 462,761 employees had applied for an exemption. *See* Birmingham Decl., Ex. E. Recognizing this choice posed a risk to the financial health of WA Cares, the State engaged in an active marketing campaign aimed at influencing employee choice between buying coverage under WA Cares or through a private insurance market. *Id.*, Ex. F. This marketing activity indicates that the premiums paid to WA Cares are a charge for the purchase of an insurance product, not a tax.

As the seller of an insurance product, the State was concerned with adverse selection and, therefore, once an exemption is granted, the employee is permanently exempt from WA Cares and cannot opt back into the program. 50B.04.085(1). As such, the WA Cares deduction is clearly an insurance premium and not a tax. The second *Bidart* factor is not met as the charge is a premium for insurance, with permanent opt-out and opt-in provision, and has been actively marketed by the state as a premium, not a tax.

### c.     WA Cares Deductions are Not Expended for the Public Benefit

WA Cares also fails the third factor of the "tax" test because WA Cares deductions are not expended for the public benefit. *See Bidart,* 73 F.3d at 932 (assessments that are segregated from general revenue are taxes only if they provide a general benefit to the public). This is the determinative factor under federal case law. *Id.* (where the first two factors are not dispositive, the courts emphasize the revenue's ultimate use).

In *Empress Casino Joliet Corporation v. Balmoral Racing Club*, 651 F.3d 722 (7th Cir. 2011), the Seventh Circuit elaborated on this third factor and its application, defining a tax as an assessment that is not just calculated to recover the cost for which the assessment is imposed, but

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 8
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that also *generates revenue that can be used for the public good. Id.* at 728-29. If the assessment is based on a reasonable estimate of the cost imposed for the product—here, long-term care insurance—the assessment cannot be a tax. *Id.* at 730.

Contrary to Defendants' contentions, under WA Cares, employees pay an insurance premium into a segregated trust for an insurance product. It is undisputed that employee premiums are paid into a trust, not the State's general fund, and the State may not use the WA Cares Trust for any other purpose. RCW 50B.04.100(2) ("These funds may not be used in whole or in part to supplant existing state or county funds for programs that meet the definition of approved services."). Moreover, the State's actuary has indicated the WA Cares Trust is not intended to generate any surplus. In fact, the WA Cares Trust is not projected to have sufficient funds to pay even the insurance benefits for the employees who paid the WA Cares premium, which will ultimately result in either a decrease in the benefits provided or an increase in the premiums that are charged. *See* Birmingham Decl., Ex. G at 3; *see Retail Industry Leaders Association v. Fielder*, 475 F.3d at 189 (where it is improbable that the assessment for a health care benefit will generate any revenue for the state, such an assessment is a quintessential fee and not a tax).

It is clear that no part of the WA Cares premium will ever be paid to anyone other than the insured who purchased the insurance. It is clear that the legislative intent of WA Cares is to provide long term care insurance for those paying the premium and not to raise revenue for the state. RCW 50B.04.900 (the stated legislative intent is to establish a long-term care insurance benefit). Thus, under federal case law and the test established by *Empress Casino* and *Retail Industry* WA Cares imposes a fee for insurance intended to pay the promised insurance product and nothing more. Because it does not raise revenue for the state to be used for a public benefit, the deductions, cannot be a tax.

Defendants nevertheless argue that because the premium provides support to the individual insured and their family members, which has the indirect benefit of perhaps keeping a very small percentage of individuals off of Medicaid, the premium is a social welfare benefit

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 9
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and, therefore, a tax. Motion, 15. But this limited indirect benefit is the characteristic of any insurance product. Indirect social benefits are obtained through disability insurance, automobile insurance, accident insurance, property insurance, and life insurance, for example. These types of insurance programs are routinely offered by employers and paid for through employee payroll deductions on an after-tax basis. Significantly, under WA Cares, employees purchase an insurance product that, despite the program's indirect benefits, is not a social assistance program. The cases Defendants rely on do not stand for anything contrary. Instead, *Bidart* holds that an indirect benefit conferred such as "benefits health safety and general public welfare" is insufficient to make an assessment a tax. *Bidart,* 73 F.3d at 932-33; *Am's Health Insurance Plans v. Hudgens*, 915 F. Supp. at 1353 (fee to ensure prompt payment of medical claim by ERISA plans while beneficial to the state's population is not a tax as its purpose is not to raise revenue for the state). The fact a charge or assessment may indirectly affect the State's spending on Medicaid, as Defendants suggest, has been held insufficient to make the charge or assessment a tax. *Retail Industry,* 475 F.3d at 184.

Moreover, the Washington State Department of Social and Health Services Report to the Legislature confirms that WA Cares was designed to be insurance, financed through insurance premiums and not a social welfare project:

> Conditions of coverage, benefits, and financing are all specified by law or regulation, in a manner similar to how insurance contracts specify benefits to which an insured is entitled. Individuals must earn coverage by making contributions to the program, just as private contracts require premium payments. Covered individuals have a right to benefits without being subjected to a means test. In addition, the level of benefits is typically related to the level and number of years in which contributions have been made. **As such, public insurance is not social assistance (often referred to as "welfare"), which is generally characterized by benefits that are means-tested and financed from general revenues.**

Birmingham Decl., Ex. H at PacBells 000055 (emphasis added). As the employee deductions are charges for an insurance product with no excess revenue generated beyond the fee charged to benefit social welfare, the deductions are a charge for insurance and not a tax.[6]

---

[6] Also, as explained above, an employee can drop their private coverage at any time and will still be permanently exempt from WA Cares. The State, therefore, was not concerned with achieving any social policy with respect to

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 10
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### d.   Long-Term Care Insurance is Substantively Different from Unemployment Insurance.

Having failed to establish that WA Cares creates a tax under the *Bidart* factors, Defendants contend, without any analysis, that a long-term care premium is the same as an unemployment insurance assessment and is, therefore, a tax by analogy. Motion, 14. But long-term care insurance is not the same as unemployment insurance. The differences are many, substantial and substantive.

Unlike long-term care insurance, unemployment is called a tax by both the legislature and the State. Unlike long-term care insurance, which has never before been mandatorily regulated by any state, let alone by Washington State, unemployment insurance is recognized as a traditional exercise of police power by the state. Unlike long-term care insurance, unemployment insurance is the result of a federal-state social partnership.

Significantly, the State imposes a tax called SUTA and the federal government imposes a tax called FUTA. The State can also borrow from the federal government to pay unemployment benefits if it has insufficient funds. In Washington, these taxes, SUTA and FUTA, are paid entirely by the employer and are not imposed on employees. *See* Employment Security Department Employer Tax Handbook (unemployment insurance).[7] Also, Congress recognized the historic nature of the state's police power with respect to unemployment compensation by providing states with an exemption under ERISA. ERISA § 4(b)(3); 29 U.S.C. § 1003(b)(3).

In contrast, WA Cares is referred to only as a premium, not a tax. RCW 50B.04.080. It is not the result of a social program in partnership with the federal government. Long-term care benefits do not have a similar ERISA exemption. Finally, and most importantly, the WA Cares premium is paid after-tax by employees, not the employer. RCW 50B.04.080(2)(a). Thus, contrary to Defendants' unsupported assertions, unemployment insurance is not similar to WA Cares and this argument should not be given weight.

---

this large group of employees that are now permanently exempt from any requirement to maintain long term care insurance. The State's primary concern was adverse selection with respect to the long-term care insurance product that it was marketing.

[7] Birmingham Decl., Ex. I at 25-28.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 11
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### e.     The Federal Tax Treatment of WA Cares Premiums is Determinative of this Issue

As noted at the outset, federal law controls whether the amount assessed by the State is a premium or a tax. Under federal law, the WA Cares deductions is a premium for an insurance product and not a tax. Actual taxes, such as FUTA and SUTA, reduce an employee's gross wages, are not subject to federal income tax, and are not further deductible by the employee. In contrast, long-term care premiums paid by an employee under WA Cares cannot be paid pre-tax under federal law. 26 U.S.C. § 125(f). It is, thus, telling that WA Cares premiums are themselves subject to tax under federal law, *i.e.*, federal income tax, FICA, and FUTA taxes. WA Cares premiums further are deductible as a medical expense to the extent that an employee itemizes deductions. 26 U.S.C. §§ 213(a) and 213(f). Under federal law, taxes are not subject to further taxes. Nor are taxes deductible as a medical expense. Therefore, under federal law, WA Cares premiums are clearly an insurance premium, not a tax. Defendants' arguments to the contrary should be dismissed by this Court and the Court's analysis under the Tax Injunction Act should end here. The legislative intent and the words of the statute should be upheld—WA Cares imposes an optional, after-tax charge to employees for an insurance product, not a tax.

### 2.     The State Courts Do Not Provide Plaintiffs with a Plain, Speedy, and Efficient Remedy

Even if this Court were to find WA Cares imposes a tax on Washington workers—it does not—Plaintiffs do not have a plain, speedy, and efficient remedy in the Washington State courts as required by the Tax Injunction Act. The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law *where a plain, speedy and efficient remedy may be had in the courts of such State.*

28 U.S.C. § 1341 (emphasis added). The Act thus requires that a taxpayer have a full hearing and judicial determination in the state courts *of any and all federal or constitutional objections* to the disputed state tax. *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 513-14, 101 S. Ct. 1221 (1981).

"Plain" means that there must be certainty in the remedy's availability and effect. *See Hillsborough Tp., Somerset County, N.J. v. Cromwell*, 326 U.S. 620, 625–26, 66 S. Ct. 445

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 12
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(1946) (where there was such uncertainty surrounding the ability of New Jersey law to afford full protection to taxpayer's federal rights as to render the state remedy speculative, the district court properly retained jurisdiction over the case). "Speedy" means that the remedy is relatively fast as measured against the time normally required for similar litigation. *Rosewell*, 450 U.S. at 518. "Efficient" means that the remedy imposes no unusual hardship on a defendant and requires no ineffectual activity or unnecessary expenditure of time and energy. *Id*.

Here, the state courts do not provide Plaintiffs with a plain, speedy, and efficient remedy. Plaintiffs, as participants, beneficiaries, and fiduciaries under WA Cares, seek equitable and declaratory relief under ERISA (1) as to the status of WA Cares as an ERISA plan; (2) as to the status of WA Cares as a multiple employer welfare arrangement ("MEWA"); and (3) as to whether the Plaintiff Employers, as fiduciaries, violate ERISA and are exposed to litigation risks and penalties by (a) administering a program that pays and forfeits benefits in a manner that violates the U.S. Constitution, the ADEA, and the OWBPA and (b) not timely depositing ERISA plan assets in a trust. As discussed below, the state courts simply do not have the authority or ability to timely grant the requested relief. Thus, there is no certainty in the availability or effect of any state court remedy and the Court should deny Defendants' Motion.

### a.    Federal Courts Have Exclusive Jurisdiction Over Plaintiffs' ERISA Claims

Plaintiffs allege that provisions of WA Cares, an ERISA plan, are unenforceable because they violate ERISA and other federal laws. Defendants have not challenged Plaintiff's allegations that WA Cares is an ERISA plan and a MEWA and, for purposes of Defendants' Motion, these allegations must be accepted as true.

Defendants correctly point out that that there is a key Circuit split involving the coordination of ERISA and the Tax Injunction Act. In the Ninth Circuit, ERISA does not create a blanket exception to the Tax Injunction Act. *Ashton v. Cory,* 780 F.2d 816, 821–22 (9th Cir. 1986). Therefore, the courts have barred ERISA *preemption* actions in federal court based on the Tax Injunction Act where the state court provided an adequate remedy. *See Chase Manhattan*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  *Bank, N.A. v. City & Cty. of San Francisco*, 121 F.3d 557, 559 (9th Cir. 1997) (a plain, speedy

2  and efficient remedy existed because the party (who was neither a participant nor fiduciary)

3  could pursue its ERISA preemption claim in state court).

4  In contrast to *Chase*, however, here, Plaintiffs *are in fact* participants (i.e., individuals

5  with a colorable claim to benefits under WA Cares) and fiduciaries of an ERISA plan under

6  29 U.S.C. § 1132(e). In addition, they do not merely seek a declaration that WA Cares is

7  preempted or raise a claim for benefits under ERISA 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

8  Here, Plaintiffs seek declaratory relief that certain provisions of WA Cares violate ERISA and

9  federal law and, the enforcement of such provisions constitute a fiduciary breach under ERISA.

10  They further seek equitable relief under ERISA in the form of an injunction to bar the deduction

11  and remittance of future premiums to WA Cares. *See* Complaint Claims 2-4. These claims are

12  brought pursuant to ERISA sections 502(a)(2) and 502(a)(3) and 502(e)(1), 29 U.S.C.

13  §§ 1132(a)(2), 1132(a)(3), and 1132(e)(1). The federal courts have exclusive jurisdiction over

14  such claims. 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have

15  exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a

16  participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.").

17  While the Ninth Circuit has held that states have concurrent authority to adjudicate

18  certain preemption issues when raised defensively or by parties not listed in 29 U.S.C.

19  § 1132(e)(1), this line of cases is inapplicable here. Plaintiffs have raised preemption offensively

20  and in addition to claims for fiduciary breach and equitable relief. Significantly, even with

21  respect to preemption, the courts have indicated that there is a weighty distinction between a

22  purely offensive ERISA claim, like Plaintiffs', that is within the exclusive jurisdiction of the

23  federal courts and an ERISA claim which is defensive in character. *See Fresh Int'l v.*

24  *Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1362 n. 13 (9th Cir. 1986) ("[w]e do not read

25  section [1132] as foreclosing a state court from considering a *defense* based on ERISA pre-

26  emption") (emphasis added); *Fuller v. Ulland*, 76 F.3d 957 (8th Cir. 1996) (a claim of ERISA

27  status can be asserted *defensively* in a state court action) (emphasis added); *Gen. Motors Corp. v.*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 14
4859-0053-1981v.1 0118837-000001

*California State Bd. of Equalization*, 626 F. Supp. 439, 441 (C.D. Cal. 1985) (plan fiduciaries must bring their preemption cases *exclusively in federal court*). The case of *Chase Manhattan Bank*, 121 F.3d at 559, is not to the contrary. While the *Chase* court suggested in *dicta* that preemption claims may be able to be raised both offensively and defensively, it acknowledged that other ERISA fiduciary and equitable claims may only be brought offensively in federal court:

> [Chase] relies primarily on 29 U.S.C. § 1132(e), which grants district courts exclusive jurisdiction of civil actions under ERISA brought by a participant, beneficiary or fiduciary. **This provision may well mean that only Chase can bring an action in federal court to enjoin practices violating ERISA**. But the issue here is somewhat different: can the One Market Plaza venture raise the preemption issue in state court?

*Id.*

Thus, this Court should find that ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), has granted federal courts *exclusive* jurisdiction when, as here, a participant or fiduciary *offensively* seeks a declaratory action, injunction of the defendant's fiduciary breach, and the equitable remedy of restitution. Because the Washington State courts cannot provide the remedy Plaintiffs seek in this matter, a plain remedy is not available in state court and this Court must exercise its exclusive jurisdiction.

**b.     The Proposed Administrative Remedies are Neither Speedy nor Efficient**

Despite this Court's exclusive jurisdiction, Defendants nevertheless maintain that the employees subject to WA Cares have an indirect remedy that is both speedy and efficient under the state's administrative procedures. First, they contend that the Tax Injunction Act bars Plaintiffs' federal suit because the employees can bring their allegations in a claim relating to "premium liability" and "premium collection" under RCW 50B.04.120. But RCW 50B.04.120 has two appeal provisions, which must be addressed together. RCW 50B.04.120(1) governs determinations made by the Department of Social and Health Services (DSHS) of individual eligibility for long-term care benefits and is adjudicated under RCW 34.05, the Administrative Procedures Act. RCW 50B.04.120(2) governs appeals relating to premium collection and

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 15
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

premium liability to the Employment Security Department and is adjudicated under RCW 50A, the Code section governing assessments under Washington State's paid family and medical leave program.

The remedies under RCW 50B.04.120 appear to anticipate that employers will primarily contest premium assessments and employees will contest the benefit and eligibility determinations. The rules do not permit premiums and benefits to be contested in a single hearing; instead, two hearings are required if posing challenges under both sections of the law. Because the deduction of WA Cares premiums is now delayed until July 1, 2023, at the earliest, this means employees and employers must wait at least 18 months before any premium claim can be filed under RCW 50B.04.120(2). Similarly, because no benefits are payable by the Department of Health and Social Services for WA Cares benefits prior to July 1, 2026, no individual could appeal a benefit determination before that date. Two hearings—one in 18 months and the second in three years—are hardly speedy or efficient. Defendants cannot dispute that such a lengthy administrative procedure, which is then subject to further judicial review, is not a "speedy and efficient" remedy as called for by the Tax Injunction Act. *Accord, Ret. Fund Tr. of Plumbing v. Franchise Tax Bd.*, 909 F.2d 1266, 1272 (9th Cir. 1990) (absent an ongoing state action, we reject an indirect action through administrative procedures as being efficient and speedy).

Defendants next contend that employees could petition for a declaratory order pursuant to RCW 34.05.240. As a condition for filing a declaratory judgment under the Administrative Procedures Act, however, a claimant must set forth specific facts to show "that the adverse effect or uncertainty on the petitioner outweighs any adverse effect on others or on the general public that may arise from the order requested." RCW 34.05.240(1)(d). This provision is burdensome and has a chilling effect on the ability of Plaintiffs to seek declaratory relief. Further, RCW 34.05.240(2) explicitly permits an agency to decline to hear a declaratory action. This indirect action, which is still subject to state superior court review, is thus neither speedy nor efficient. *Accord, Franchise Tax Bd.*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 16
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Lastly, Defendants argue that Plaintiff Employees have an effective remedy because they may bring a refund action before a state administrative agency. However, as this Court is aware, on January 27, 2022, Governor Inslee signed into law a bill that delays premium collection under WA Cares until July 1, 2023, and Plaintiffs may not pursue a refund action until premiums are paid to the WA Care Trust. Again, such a delayed action, subject to further superior court review, is neither speedy nor efficient. *Accord, Franchise Tax Bd.*[8]

### c.    Dismissal of this Action Would Expose Plaintiff Employers to Undue Hardship

Significantly, if Plaintiff Employers are forced to wait to receive the clarifications they seek, they risk considerable penalties and litigation exposure for violations of ERISA and their fiduciary duties thereunder. Under the Tax Injunction Act, Plaintiff Employers are entitled to be free of undue hardship. *Rosewell*, 450 U.S. at 518. Potential exposure to penalties and litigation for ERISA violations is certainly such an undue hardship. In fact, as the Ninth Circuit has recognized, the U.S. Supreme Court has never required a claimant to expose itself to the risk of penalties to achieve state judicial review. *Franchise Tax Bd.*, 909 F.2d at 1274.

Because the state remedies Defendants propose force Plaintiff Employers to wait until they are at serious and real risk of penalties and litigation exposure before receiving the declaratory relief sought, the state court cannot provide a remedy that is efficient, and this Court should dismiss Defendants' Motion.

### D.    The Eleventh Amendment Does Not Bar Plaintiffs' Claims

Defendants raise two narrow Eleventh Amendment arguments, which together apply only to a small subset of the claims asserted and relief sought in Plaintiffs' Complaint. First, Defendants contend that Plaintiffs' claim for restitution is barred by the Eleventh Amendment and should therefore be dismissed. Second, Defendant The Long-Term Services and Supports

---

[8] Defendants' suggestion that, instead of pursuing administrative remedies, Plaintiffs could file a declaratory judgment in state court also rings hollow. First and foremost, the state court lacks jurisdiction as jurisdiction for such action is exclusively federal. In addition, the State has consistently taken the position that such declaratory actions cannot be filed until there is either a filed claim for benefits or a refund. Birmingham Decl., Ex. J at 6-8. Therefore, such a declaratory judgment would not provide speedy and efficient relief.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 17
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Trust Fund (the "LTSS Trust Fund") claims it is a state agency that is immune from suit under the Eleventh Amendment. As discussed below, Defendants' first Eleventh Amendment argument has, at this time, been mooted by recent legislation, and Defendants' second argument is unavailing.

As a preliminary matter, Defendants bear the burden of establishing any claimed Eleventh Amendment immunity. *See, e.g., Sato v. Orange County Department of Education*, 861 F.3d 923, 928 (9th Cir. 2017) ("An entity invoking Eleventh Amendment immunity bears the burden of asserting and proving those matters necessary to establish its defense.") (citations and quotations omitted). Additionally, when a party seeks to invoke Eleventh Amendment immunity, the court need only evaluate the specific claim(s) against which the Eleventh Amendment defense has been raised, and not any other claims or the entire lawsuit. *See, e.g., Kruse v. State of Hawaii*, 68 F.3d 331, 334 (9th Cir. 1995) (adopting reasoning that "Eleventh Amendment is a jurisdictional bar against particular *claims*, and not entire cases") (emphasis in original) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 338 (6th Cir. 1990)); and *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) ("We consider Eleventh Amendment immunity, as well as any exceptions to it, on a claim-by-claim basis.") (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120, 104 S. Ct. 900 (1984)).

### 1.    Plaintiffs' Restitution Claim is Moot

In Plaintiffs' Fifth Claim for Relief ("Restitution"), "the Employee Class seeks the return of all their own after-tax premiums that were deposited in the Trust[.]" Compl. ¶ 7.10. Plaintiffs asserted such restitution claim to further protect and secure their federal rights, and to obtain appropriate relief to prevent any continued violation thereof. Plaintiffs submit that such restitution claim would be permissible under the applicable Eleventh Amendment analysis for a variety of reasons. First and foremost, the funds are not state monies at all but, rather, assets of the employees paid as an insurance premium; in addition, the restitution claim seeks relief that is

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   *prospective* in nature[9] (applying, as it did when the Complaint was filed, to future amounts

2   received by defendants), and that it seeks relief that is *ancillary* to the declaratory and other

3   injunctive relief sought in Plaintiffs' Complaint.[10]

4   However, as previously discussed, the State has substantially amended WA Cares since

5   the filing of Plaintiffs' Complaint. Most notably, the State has delayed until July 2023 the

6   premium withholding requirement and has required the prompt refund of any premiums

7   previously withheld. Because of this recent legislative action, there will be no premiums

8   withheld for nearly 18 months and Plaintiffs therefore no longer need to seek their restitution

9   claim, given that the remaining claims asserted by Plaintiffs will doubtlessly be resolved prior to

10  the deadline for future premium withholdings. Therefore, Plaintiffs have drafted a proposed

11  amended complaint, attached as Exhibit K to the Declaration of Richard Birmingham to reflect

12  the updated change in the law and are no longer seeking a restitution claim.[11] Therefore, the

13  Court need not address Defendants' Eleventh Amendment arguments relating thereto.

14

15

16

17

18  [9] To ascertain whether relief is appropriate, courts "conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645, 122 S. Ct. 1753 (2002) (alteration in original) (*quoting Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S. Ct. 2028 (1997) (O'Connor, J., concurring)). Federal courts readily allow such prospective relief where, for example, "[i]t does not impose upon the State 'a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.'" *Id.* at 646 (quoting *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S. Ct. 1347 (1974)).

21  [10] *See, e.g., Papasan v. Allain*, 478 U.S. 265, 278, 106 S. Ct. 2932 (1986) (while damages for past violations of federal law are barred, "relief that serves directly to bring any end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury") (citations omitted).

23  [11] Plaintiffs attach their proposed amended complaint merely as a courtesy to give Defendants sufficient time to address the proposed changes in their reply. Plaintiffs will meet and confer with Defendants pursuant to LCR 15 prior to moving to amend their complaint. Plaintiffs reserve and do not waive the right to further amend the complaint in the future, if and when appropriate in light of future circumstances and this Court's resolution of the remaining claims. Plaintiffs also reserve and do not waive the right to later seek attorney fees for this change in the law, given that a principal reason for the return of any premiums and the 18-month delay in collecting premiums was to enable this Court to review the legal issues presented in Plaintiffs' Complaint before any additional premiums are withheld. *See, e.g.*, Motion, 10, n.6 ("the state acknowledges that the legislature plans to address issues related to Plaintiffs' claims"); and statement by Rep. Frank Chopp (sponsor of S.H.B. 1732), Birmingham Decl., Ex. L ("I'm very concerned about [this] lawsuit … I mean I'm not a lawyer, but I read the articles about it. It raises some questions and I'd like to have some answers.").

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 19
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. Defendants' Eleventh Amendment Arguments are not Applicable to Plaintiffs' Other Claims

As noted above, Defendants' Eleventh Amendment arguments are directed only at the restitution claim (and the inclusion of the LTSS Trust Fund as a party-defendant), and not at any of Plaintiffs' non-monetary claims for prospective relief. These claims include the declaratory relief sought by Plaintiffs related to: ERISA preemption, violations of the Equal Protection and Privileges and Immunities clauses, and violations of ADEA, OWBPA and ERISA provisions. All such declaratory relief claims are clearly permitted under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908) and its progeny, and Defendants advance no argument to the contrary.[12]

### 3. The LTSS Trust Fund is a Proper Defendant in this Action

In a single paragraph, Defendants claim that the LTSS Trust Fund is not a proper party to this action, arguing that it can invoke the sovereign immunity of the State itself: "To the extent the Long-Term Services and Supports Trust Fund exists, it is an agency of the State of Washington immune from suit under the Eleventh Amendment." Motion, 20.

Defendants assume (but "do not concede") that the LTSS Trust Fund "is a trust fund" that has the "capacity to sue and be sued." Motion, 21. Plaintiffs agree with Defendants' assumption, and point to the numerous state statutes that specifically reference the LTSS Trust Fund as an actual "trust fund" and/or "trust." *See, e.g.,* RCW 50B.04.020 (referencing "the long-term services and supports trust fund," maintenance of "trust solvency" and liabilities "in the trust") and RCW 50B.04.030 (multiple references to "the trust" and "trust solvency").

Contrary to Defendants' assertions, however, the fact that the LTSS Trust Fund was created by the State does not automatically mean that it is "the State" (or an immunized "agency of the State") for purposes of the Eleventh Amendment analysis. "Not all state-created or state-managed entities are immune from suit in federal court … an entity may be organized or managed in such a way that it does not qualify as an arm of the state entitled to sovereign

---

[12] Under the *Ex parte Young* exception to Eleventh Amendment immunity, federal courts properly exercise jurisdiction over "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 20
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

immunity." *Crowe v. Oregon State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (*quoting Durning v. Citybank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991)).

RCW 50B.04.100 only provides that the State Treasury is the custodian of the funds. The funds can only be expended for long-term care benefits and not for any other purpose. RCW 50B.04.100(2). The source of the contributions is not a tax, but rather employee after-tax insurance premiums paid for by employees. While DSHS can authorize disbursements it can only authorize disbursements for long-term care and for no other purposes. RCW 50B.040.020(3)(e). Therefore, there are no assets of the state contributed to or held by the trust or utilized to pay benefits.

Under federal law, employee after-tax contributions to pay for insurance are required to be held in Trust. 29 C.F.R. 2510.3-102(a)(2). The Trust is part of the entire program which was established as the Long-Term Services and Supports (LTSS) Program and now is just referred to as WA Cares Fund. *See*, Birmingham Decl., Ex. M at 2. The Trust and its program are guided by the Long-Term Supports Commission that is comprised of representatives of contributing members and participants. Plaintiffs have alleged that the Trust and program are part of an ERISA program maintained by contributing employers and/or a MEWA as established by federal law. Defendants have not challenged these allegations and for purposes of the Motion they must, therefore, be accepted as true.

To determine whether a particular defendant is an arm of the state entitled to immunity, federal courts in the Ninth Circuit apply the "*Mitchell* framework."[13] *Id.* (*citing Mitchell v. L.A. Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)). The ultimate purpose of this "arm of the state" analysis is to determine if a lawsuit against a particular governmental defendant would "have [] essentially the same practical consequences" as an action against the state itself. *See, e.g., Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 400-401,

---

[13] "The Mitchell Factors are as follows: '[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.'" *Crowe*, 989 F.3d at 731-33 (*quoting Mitchell*, 861 F.2d at 201).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 21
4859-0053-1981v.1 0118837-000001

99 S. Ct. 1171 (1979) ("By its terms, the protection afforded by [the Eleventh] Amendment is only available to 'one of the United States.' It is true, of course, that some agencies exercising state power have been permitted to invoke the Amendment in order to protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.").

The LTSS Trust Fund claims to be "an agency of the State" that enjoys Eleventh Amendment immunity but fails to apply, or even mention, the applicable *Mitchell* test this Court uses for determining whether a state agency or other governmental defendant is an arm of the state entitled to immunity. And, as the party seeking to invoke sovereign immunity, the LTSS Trust Fund "bears the burden of proving the facts that establish its immunity under the Eleventh Amendment." *Crowe*, 989 F.3d at 731. Having failed to prove *any* facts to support its status as an "arm of the state" under the applicable framework, the LTSS Trust Fund is not entitled to Eleventh Amendment immunity.[14]

Because the LTSS Trust Fund has not and cannot establish that it is an arm of the state, it is not entitled to Eleventh Amendment immunity. Moreover, as an "employee benefit plan" under ERISA, the LTSS Trust Fund "may sue and be sued under [29 U.S.C. § 1132] as an entity," and the United States District Courts shall have exclusive jurisdiction over such actions. 29 U.S.C. 1132(d)(1) and (e)(1). At this stage in the proceedings, it is simply premature to dismiss the Trust from this lawsuit, as the State has not met its burden of proof. The Trust currently holds no assets that are subject to a claim of restitution and will not have assets until July 1, 2023. There is no Eleventh Amendment issue before the Court with respect to the Trust

---

[14] Whatever its reason for not offering any supporting facts, the LTSS Trust Fund has failed to meet its burden and, Plaintiffs submit, any belated attempt by the LTSS Trust Fund to establish immunity under the *Mitchell* framework would be futile, particularly because (as discussed above) the LTSS Trust Fund does not hold any state funds and any relief awarded against the LTSS Trust Fund would not be satisfied out of the state treasury. This alone is a key, and often dispositive, fact in the *Mitchell* framework, as the first Mitchell factor ("whether a money judgment would be satisfied out of state funds") is considered "the most important single factor" (*Crowe*, 989 F.3d at 732) and "the predominant factor" that is "given the most weight." *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 778 and 781 (9th Cir. 2005). *See also Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48, 115 S. Ct. 394 (1994) ("vulnerability of the State's purse is the most salient factor in Eleventh Amendment determinations").

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 22
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    and the Trust's status as part of a program under ERISA or as a MEWA will be resolved on

2    substantive motions relating to the ERISA preemption and ERISA MEWA status.

3        **E.      Plaintiffs' Claims are Ripe**

4        Plaintiffs' claims are ripe for judicial review because the current WA Cares program is

5    unconstitutional, subject to ERISA preemption, and violates applicable federal statutes.[15]

6    Defendants present two facts for why this case is unripe, neither of which may be properly

7    considered for purposes of ripeness: 1) that the Governor ordered ESD to temporarily delay

8    collecting premiums until April 2022; and 2) that the legislature may change the WA Cares

9    program. Since the filing of the Motion, S.H.B. 1732 was passed and has taken effect—delaying

10   implementation of WA Cares until July 1, 2023. Importantly, that bill does not change the

11   ripeness analysis below. If anything, the bill weakens Defendants' arguments because no further

12   factual changes are likely to affect the date on which WA Cares will be (re)implemented.

13       Plaintiffs' claims are constitutionally ripe. The Governor's temporary delay in collecting

14   premiums until April 2022 and then to July 1, 2023, is a red herring. WA Cares provides that

15   premiums began accruing as of January 1, 2022. RCW 50B.04.080(1). Even if ESD had not

16   collected those premiums until April, under the law, employers were required to collect the

17   premiums from the employees beginning January 1. RCW 50B.04.080(2). The Governor's

18   instruction to delay the collection of premiums did not change the substance of the law or an

19   employer's obligation to withhold premiums from employees beginning January 1. *See District*

20   *of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 113-4, 73 S. Ct. 1007 (1953) ("The failure

21   of the executive branch to enforce a law does not result in its modification or repeal."). As

22   addressed in detail in Plaintiffs' arguments relating to standing, both Plaintiff Employers and

23   Plaintiff Employees began suffering the injuries described in the Complaint as of

24   January 1, 2022, and further injuries are imminent.

25

26   [15] Plaintiffs acknowledge that two pieces of legislation have changed the WA Cares program since Plaintiffs filed
     the Complaint. *See* note 1, *supra*. H.B. delays collection of premiums until July 1, 2023. That Bill provides certainty

27   about when premium collections will resume, but does not otherwise change this ripeness analysis. Additionally,
     S.H.B. 1733 changed the WA Cares program to provide an exemption for out-of-state commuter residents.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants argue that vague and hypothetical legislation could change the WA Cares program in ways that could moot some or all of Plaintiffs' claims. However, courts may not consider hypothetical legislative changes in a ripeness analysis. *See Buckley v. Valeo*, 424 U.S. 1, 137 n. 175, 96 S. Ct. 612 (1976) (ripeness considerations prevent a court from considering future legislation that may be enacted). "Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Com'n,* 220 F.3d 1134, 1138 (9th Cir. 2000). Plaintiffs challenge the current WA Cares program, and do not ask the Court to guess about what legislative changes may be enacted. Considering hypothetical legislation exceeds the scope of the Court's Article III jurisdiction.

Plaintiffs' claims present straightforward legal questions that do not require additional factual development. *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 581, 105 S. Ct. 3325(1985) (a claim is ripe if it presents "purely legal" questions that "will not be clarified by further factual development"). Is WA Cares preempted by ERISA? Does WA Cares violate other federal laws such as the ADEA? Does WA Cares violate the fundamental right to travel? No additional factual development is necessary for the Court to rule on those legal questions. Defendants' prudential arguments repackage Defendants' constitutional arguments—delay until July 2023; hypothetical legislative changes—and Defendants' arguments fail, as discussed above.

Defendants' ripeness argument risks setting bad precedent, which could make litigation to challenge any statute difficult, if not impossible. If a plaintiff were unable to challenge a statute merely because there was a bill *proposed* in the legislature that could resolve some or all of a plaintiff's concerns, then the State or its elected officials could defeat any statutory challenge by proposing legislation to repeal those portions subject to a plaintiff's claims.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion to Dismiss.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 24
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2      DATED this 9th day of February, 2022.

3                                          DAVIS WRIGHT TREMAINE LLP
                                           *Attorneys for* Pacific Bells, LLC, BrunswikSt.,
4                                          LLC, and WOW Distributing, Inc., and Melissa
                                           Johnston, Lena Madden, Judi Chapman,
5                                          Katherine Solan, John Edmundson, and Mike
                                           Lindbo, *as well as the Employer and Employee*
6                                          *Class*

7

8      By   */s/ Richard J. Birmingham*
            Richard J. Birmingham, WSBA #8685
9            920 Fifth Avenue, Suite 3300
            Seattle, WA  98104-1610
10          Telephone: 206.622.3150
            Fax:  206.757.7700
11          Email:  richbirmingham@dwt.com

12     By   */s/ Christine Hawkins*
            Christine Hawkins, WSBA#44972
13          929 108th Avenue NE, Suite 1500
            Bellevue, WA  98004-4786
14          Telephone: 425.646.6100
            Fax:  425.646.6199
15          Email:  christinehawkins@dwt.com

16

17     By   */s/ Wm. Brent Hamilton, Jr.*
            Wm. Brent Hamilton, Jr., WSBA#52151
18          1300 SW 5th Avenue, Suite 2400
            Portland, OR  97201-5610
19          Telephone: 503.778.5472
            Fax:  503.778.5299
20          Email:  brenthamilton@dwt.com

21

22

23

24

25

26

27

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on February 9, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 9th day of February, 2022.

_____
Susan Bright

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(2:21-cv-01515-TSZ) - 26
4859-0053-1981v.1 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax