The Honorable THOMAS S. ZILLY

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
8
**AT SEATTLE**

9   PACIFIC BELLS, LLC; BRUNSWIKST,          NO.  21-cv-01515-TSZ
    LLC; and WOW DISTRIBUTING, INC.,
10  in their own and on behalf of similarly
    situated employers,                       DEFENDANTS' REPLY IN
11                                             SUPPORT OF MOTION TO
              and                             DISMISS (FED RULE CIV.
12                                             PRO. 12(b)(1))
    MELISSA JOHNSTON; LENA
13  MADDEN; JUDI CHAPMAN;                      NOTE ON MOTION CALENDAR:
    KATHERINE SOLAN; JOHN
14  EDMUNDSON; and MIKE LINDBO,               FEBRUARY 18, 2022
    individuals on their own behalf and on
15  behalf of similarly situated employees,

16                   Class Plaintiffs,

17            v.

18  JAY INSLEE, in his capacity as Governor
    of the State of Washington; CAMI FEEK,
19  in her capacity as the Commissioner and
    Chief Executive Officer of the Washington
20  Employment Security Department;
    DONALD CLINTSMAN, in his capacity
21  as the Acting Secretary of the Washington
    Department of Social and Health Services;
22  and THE LONG-TERM SERVICES AND
    SUPPORTS TRUST FUND, an employee
23  benefit plan,

24                   Defendants.

25
26

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO.  21-CV-01515-TSZ

## I.     INTRODUCTION

WA Cares premiums are taxes for purposes of the Tax Injunction Act (TIA). They raise revenue in order to fund the long-term care benefits that the WA Cares program provides. They are indistinguishable from taxes used to fund other publicly operated social insurance programs such as unemployment insurance, social security retirement benefits, and worker's compensation. Contrary to Plaintiffs' claims, Ninth Circuit case law is clear that ERISA does not provide any exemption from the TIA for either offensive or defensive assertions of invalidity. Because the premiums are taxes and Plaintiffs have access to plain, speedy, and efficient state remedies to contest WA Cares premiums, this Court lacks jurisdiction.

## II.     SUPPLEMENTAL FACTS

On January 27, 2022, Governor Inslee signed two pieces of legislation making changes to the WA Cares program. Wash. Laws of 2022, ch. 1, 2. The first postponed premium collection until July 1, 2023, postponed benefits to July 1, 2026, and allowed Washington residents born before January 1, 1968, to qualify for partial benefits. Wash. Laws of 2022, ch. 1. The second enacted four new optional exemptions to the program for persons with residences outside of Washington State, spouses or domestic partners of active armed forces service members, employees with nonimmigrant visas, and for veterans with service related disabilities of seventy percent or greater. Wash. Laws of 2022, ch. 2.

## III.     ARGUMENT

### A.     This Court Lacks Jurisdiction Under the Tax Injunction Act

#### 1.     WA Cares premiums are taxes

Under binding precedent of the United State Supreme Court, WA Cares premiums are taxes protected by the TIA, and resort to the *Bidart* factors is unnecessary. But regardless of the analytical rubric, WA Cares premiums are taxes, and Plaintiffs must show that Washington State does not provide a plain, speedy, and efficient remedy to sue in federal court.

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO.  21-CV-01515-TSZ

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1

2

a.    **Under the precedent of *Grace Brethren Church*, WA Cares premiums are taxes protected by the TIA**

3        Because the WA Cares premiums at issue here are indistinguishable from the

4    unemployment assessments the Supreme Court held were protected by the TIA, resort to the

5    *Bidart* factors is unnecessary. *See California v. Grace Brethren Church*, 457 U.S. 393,

6    408 (1982). Plaintiffs attempt to distinguish *Grace Brethren Church* on specious grounds,

7    mostly by pointing to the colloquial name for state unemployment assessments of "SUTA."

8    Dkt. 20 at 11. Specifically, Plaintiffs make much of the fact that the legislature called the

9    assessments at issue here "premiums," while allegedly calling unemployment insurance a "tax."

10   *Id.* But "SUTA" is not actually what the Washington State Legislature calls state unemployment

11   insurance assessments—they are and have always been called "contributions." Wash. Rev.

12   Code § 50.04.070; Wash. Laws of 1937 ch. 162 § 7. In any event, courts applying the TIA

13   disregard the moniker of a given assessment. *MCI Commc'ns Servs., Inc. v. City of Eugene,*

14   *OR.*, 359 Fed. Appx. 692, 695 (9th Cir. 2009); *see also Empress Casino Joliet Corp. v. Balmoral*

15   *Racing Club, Inc.*, 651 F.3d 722, 730-31 (7th Cir. 2011). Plaintiffs' only authority for the idea

16   that the name a legislative body gives an assessment is even relevant is *National Federation of*

17   *Independent Business v. Sebelius*, 567 U.S. 519, 543-46 (2012). But there, the Supreme Court

18   was construing two *federal* statutes in light of each other. *See id.* It makes sense that the words

19   used by the same legislative body would have relevance in interpreting laws passed by that body.

20   But here, Congress passed the TIA, and the Washington State Legislature passed WA Cares.

21        Like WA Cares premiums, unemployment contributions are placed into a segregated

22   account. Wash. Rev. Code § 50.16.010. Unemployment insurance benefits are only paid to those

23   whose employers were liable for contributions under the program. Wash. Rev. Code § 50.24.010,

24   50.04.030. State unemployment insurance also must be administered as an insurance program to

25   ensure solvency by incentivizing contributions and deterring unwarranted claims. *See, e.g.*,

26   Wash. Rev. Code §§ 50.36.020, 50.20.070. Unemployment contributions are also more

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO. 21-CV-01515-TSZ                    2                ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1   "insurance like" because the amount that an employer pays is generally determined by the cost

2   to the program that employer poses, much as insurance premiums are often determined by an

3   insured's risk. *See generally* Wash. Rev. Code ch. 50.29. Unemployment insurance benefits are

4   also not means tested—a person is eligible for unemployment independent of their income or

5   wealth. *See* Wash. Rev. Code ch. 50.20. There is no question that the TIA would protect

6   unemployment insurance contributions from a federal injunction despite their insurance-like

7   features, and there should be no question that WA Cares premiums are similarly protected.

8        Plaintiffs identify several differences between an unemployment insurance program and

9   the WA Cares program, but make no attempt to explain how those differences distinguish this

10   case from *Grace Brethren Church*. Dkt. 20 at 11 (describing a state-federal partnership and an

11   exemption from ERISA preemption for unemployment insurance).

12        Nor do they explain why federal tax treatment should have any effect on a given

13   assessment's protection under the TIA. First, state and local taxes are not categorically exempt

14   from federal income tax. *See* IRS, Topic No. 503 Deductible Taxes,

15   https://www.irs.gov/taxtopics/tc503 (describing deductibility of state and local taxes). But

16   furthermore, what matters is how federal courts have understood the scope of the TIA, because

17   that law is intended to safeguard the sovereign functions of *state* government. *See Rosewell v.*

18   *LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981). "[T]his legislation was first and foremost a vehicle

19   to limit drastically federal district court jurisdiction to interfere with so important a local concern

20   as the collection of taxes." *Id.*

21        The crucial question, therefore, is whether the interference Congress sought to prohibit

22   would be present, i.e., whether the State would be unable to collect revenue to fund its programs

23   due to a federal court injunction. *See Grace Brethren Church*, 457 U.S. at 409; *see also Qwest*

24   *Corp. v. City of Surprise*, 434 F.3d 1176, 1184 (9th Cir. 2006). Here, Plaintiffs request exactly

25   this interference. WA Cares needs to collect premiums in order to pay for the long-term care

26   benefits at the heart of the WA Cares program. *See generally* Wash. Rev. Code ch. 50B.04.

DEFENDANTS' REPLY - MOTION TO       3       ATTORNEY GENERAL OF WASHINGTON
DISMISS  -- NO. 21-CV-01515-TSZ                 7141 Cleanwater Dr SW
                                                     PO Box 40124
                                               Olympia, WA 98504-0124
                                                    (360) 586-6565

1   Likewise, state unemployment insurance programs need to collect state unemployment

2   insurance contributions to pay the state unemployment insurance benefits at the heart of those

3   programs. *See generally* Wash. Rev. Code Title 50. The TIA bars Plaintiffs' request for

4   interference under the binding precedent of *Grace Brethren Church*.

5

6            **b.    The *Bidart* factors also show that WA Cares premiums are taxes
             protected by the TIA**

7            Plaintiffs' dispute only factors two and three of the three *Bidart* factors, conceding that

8   because the Legislature directly imposed the WA Cares premiums the first factor supports tax

9   treatment under the TIA. Dkt. 20 at 6 n.4. Because the third factor is only used where the first

10  two are conflicting, this means that the Court should conclude WA Cares premiums are taxes if

11  either of the remaining two factors support that conclusion. *See Qwest Corp. v. City of Surprise*,

12  434 F.3d 1176, 1183 (9th Cir. 2006); *Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925,

13  932 (9th Cir. 1996). Here, both remaining factors indicate that WA Cares premiums are taxes.

14           Under the second factor (whether the tax is imposed on a "broad class") Plaintiffs ignore

15  that the law's exemptions and opt-outs only make sense given the general framework that *all*

16  *wage earners* are subject to WA Cares premiums by default. Almost every taxation scheme that

17  applies to such a broad swath of people has exemptions, exclusions, opt-outs, and similar

18  mechanisms. *See*, *e.g.*, Wash. Rev. Code §§ 82.04.301-427 (exemptions from Washington State

19  business and occupations tax); Wash. Rev. Code ch. 84.36 (exemptions from Washington State

20  property tax); Wash. Rev. Code §§ 82.08.0203-036 (exemptions from Washington State

21  sales tax).

22           By contrast, in cases where courts have held that the second factor weighs against tax

23  treatment, the assessment was imposed on only one industry or a particular, narrow segment of

24  society—like the apple growers in *Bidart*, 73 F.3d at 931, or a specified subset of lobbyists, *Lavis*

25  *v. Bayless*, 233 F. Supp. 2d 1217, 1220-21 (D. Ariz. 2001). But here, wage earners are subject

26  to premium payment regardless of what industry they work in or what they do. *See generally*

Wash. Rev. Code ch. 50B.04. The opt-out option for individuals who purchased private long-term care insurance is a one-time opt-out, which exists solely as a transitionary measure. Wash. Rev. Code § 50B.04.085. And the new exemptions enacted last month are limited to narrow classes of people. Wash. Laws of 2022, ch. 2 § 2. Like other assessments held to be taxes under the TIA, the WA Cares premium clearly meets the broadness test. For example, an "assessment on civil and criminal fines is imposed upon a broad class of parties." *Lavis*, 233 F. Supp. 2d at 1220. A three-hundred dollar jury fee on plaintiffs in civil matters was held to be tax. *Butler v. State of Me. Supreme Judicial Court*, 767 F. Supp. 17, 19 (D. Me. 1991). Special assessments for property owners abutting select streets likewise are taxes protected by the TIA. *Tramel v. Schrader*, 505 F.2d 1310, 1316 (5th Cir. 1975). WA Cares premiums are applicable to the vast majority of wage earners in Washington State. They are certainly "broad" under the second *Bidart* factor.

WA Cares premiums are also tax-like under the third factor, which is the "ultimate use" of the assessment. *See Bidart Bros.*, 73 F.3d at 932. The third factor asks whether the assessment is for raising revenue to fund government programs or some other purpose. *See*, *e.g.*, *Wright v. McClain*, 835 F.2d 143, 144-45 (6th Cir. 1987). Here, WA Cares premiums are clearly intended to raise revenue. The premiums have to raise revenue to fund the long-term care benefits that the program also creates. Plaintiffs argue as if revenue earmarked for such benefits does not count— that the WA Cares program would have to turn a profit deposited into the general fund for premiums to count as a tax. *See* Dkt. 20 at 17-19. Plaintiffs fundamentally misunderstand the nature and purpose of the TIA. Additionally, the Legislature could appropriate collected WA Cares premiums for purposes other than WA Cares benefits. Wash. Const. art. II, art. VIII § 4. In fact, the ability to do so is specifically reserved. Wash. Rev. Code § 50B.04.100(3). The Plaintiffs' citation to section 50B.04.100(2) (Dkt. 20 at 9) is in error; that section means that WA Cares premiums cannot be used for services that a person could receive through other state and county programs, such as the Medicaid program.

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO. 21-CV-01515-TSZ

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1      Plaintiffs' reliance on *Empress Casino* is misguided. There, the court distinguished

2   between bona fide taxes used to fund government programs, regulatory fines meant to discourage

3   behavior, and regulatory fees meant to compensate the government for its costs, like permitting

4   or registration fees. *Empress Casino*, 651 F.3d at 728-29. WA Cares premiums are clearly not

5   fines as they are not punitive in any way. Neither are WA Cares premiums fees for the privilege

6   of doing some business or operating some kind of machinery. WA Cares premiums are

7   assessments designed to create a broad-based benefit for long-term care services that people need

8   as they age—falling within *Empress Casino*'s first category. Wash. Rev. Code § 50B.04.900.

9   "That the revenue is earmarked for a particular purpose is hardly unusual; think of the social

10  security tax." *Empress Casino*, 651 F.3d at 731. WA Cares premiums are put into a segregated

11  account, like social security payroll taxes. *Compare* Wash. Rev. Code § 50B.04.100(1) *with*

12  42 U.S.C. § 401. And WA Cares benefits are distributed only to people who pay into the system,

13  like social security retirement benefits. *Compare* Wash. Rev. Code § 50B.04.050 *with*

14  42 U.S.C. § 414. This is not a case where the government facilitates or allows some aspect of

15  private industry, and assesses a fee for its trouble. *Cf. Bidart Bros.*, 73 F.3d at 933 (holding

16  assessments to fund a state apple commission were fees not taxes). This is a case where

17  Washington State is attempting to solve a serious problem of state-wide significance with a new

18  publicly funded program of social insurance similar to unemployment insurance, social security

19  retirement benefits, or worker's compensation benefits. Wash. Rev. Code § 50B.04.900. The

20  premiums it imposes are necessary to the operation of that program, and federal interference in

21  those premiums would throw Washington State's finances into disarray, contrary to the intent of

22  the TIA. *See Grace Brethren Church*, 457 U.S. at 410.

23      **2.    State court remedies are plain, speedy, and efficient**

24      Ninth Circuit case law is clear that regardless of the offensive or defensive nature of an

25  ERISA claim seeking to invalidate state taxes, ERISA does not provide an exception to the TIA.

26

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO.  21-CV-01515-TSZ

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1    For that reason, Plaintiffs must show that Washington's remedies are not plain, speedy, and

2    efficient to avoid dismissal. They have not done so.

3           **a.      Neither offensive nor defensive ERISA claims are exempted from the
                     TIA in the Ninth Circuit**

4

5           Plaintiffs misconstrue the case law and ignore binding precedent in this circuit to argue

6    that their offensive claim of preemption is distinguished from prior holdings that ERISA offers

7    no exception from the TIA.

8           First, Plaintiffs misread *Ashton v. Cory*, 780 F.2d 816 (9th Cir. 1986). There, an ERISA

9    plan administrator sued for a declaratory judgment that certain California state taxes violated

10   ERISA. *Id.* at 817-18. The court held that the TIA barred federal jurisdiction and dismissed the

11   action. *Id.* at 823. The procedural posture in *Ashton* was identical to that here: an *offensive action*

12   seeking to have the California taxes declared invalid as in violation of ERISA. The court

13   examined whether the plaintiff had a plain, speedy, and efficient remedy for the purposes of the

14   TIA, found that it did, and dismissed the action for lack of jurisdiction. *Id.* at 819-23.

15          Plaintiffs also ignore *General Motors Corporation v. California State Board of*

16   *Equalization*, 815 F.2d 1305 (9th Cir. 1987). Plaintiffs cite only the district court opinion in

17   *General Motors*, and fail to reference the Ninth Circuit opinion that reversed it. *See* Dkt. 20 at

18   14-15 (citing *Gen. Motors Corp. v. California State Bd. of Equalization*, 626 F. Supp. 439, 441

19   (C.D. Cal. 1985). In *General Motors*, the plaintiffs were fiduciaries of an ERISA plan who sued

20   for a declaratory judgment and injunction concerning the calculation of certain California state

21   taxes. *Id.* at 1307. The court explicitly rejected the argument the Plaintiffs are making in this

22   case: "Appellees cannot maintain that ERISA is an exception to the Tax Injunction Act. The

23   Supreme Court left that issue open . . . but we resolved it in *Ashton v. Cory*, 780 F.2d 816, 821-22

24   (9th Cir. 1986), which holds that ERISA actions are subject to the Tax Injunction Act."

25   *Id.* at 1308. Nonetheless, the court held that the TIA did not bar federal court jurisdiction on

26

1    reasoning specific to California law. *Id.* at 1308. Because the fiduciaries did not themselves pay

2    the taxes, they had no state remedy and the TIA was not a bar to their suit. *Id.*

3         Finally, Plaintiffs significantly misconstrue *Chase Manhattan Bank, N.A. v. City &*

4    *County of San Francisco*, 121 F.3d 557 (9th Cir. 1997). There, the court spent much of its opinion

5    discussing the differences in approach between the Ninth Circuit and that of the Second, Fifth,

6    and Sixth Circuits. *Id.* at 558-59. The court declined to adopt the reasoning of the other circuits

7    because "those cases rest on reasoning which is in conflict with the law of this circuit." *Id.*

8    Instead, the Ninth Circuit "has concluded that ERISA's grant of exclusive jurisdiction was not

9    intended as an exception to the TIA." *Id.* at 558. The court cited Justice Scalia's opinion granting

10   a stay in *Barnes v. E-Systems, Inc. Group Hospital Medical & Surgical Insurance Plan*,

11   501 U.S. 1301 (1991) (Scalia, J., Circuit Justice). *Chase Manhattan Bank*, 121 F.3d at 559. In

12   *Barnes*, Justice Scalia noted that even if an ERISA fiduciary, participant, or beneficiary could

13   bring actions under ERISA only in federal court, that did not necessarily prohibit state courts

14   from entertaining state refund or declaratory judgment actions "that rest upon the invalidity

15   (under the Supremacy Clause) of a state statute that violates ERISA." *Barnes*,

16   501 U.S. at 1303-04. Ultimately, the court in *Chase Manhattan Bank* rejected exactly the

17   offensive/defensive dichotomy Plaintiffs ask for in this case:

> Chase attempts to distinguish *Ashton* by noting that federal preemption would have been raised defensively in the related state court proceeding, whereas in this case the venture would be asserting preemption offensively in its attempt to obtain a refund. But nothing in *Ashton* suggests the holding should be so limited. In fact, the case suggests that it does not matter whether the remedy is offensive or defensive.

*Chase Manhattan Bank*, 121 F.3d at 560.

23        The law of the Ninth Circuit is clear: ERISA's exclusive jurisdiction provision does not

24   render state court remedies inadequate, whether ERISA preemption is raised offensively or

25   defensively and regardless of whether the plaintiff is a participant, fiduciary, or beneficiary.

26

DEFENDANTS' REPLY - MOTION TO
DISMISS -- NO. 21-CV-01515-TSZ
8
ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1

2

**b.    Plaintiffs have access to plain, speedy, and efficient state court remedies**

3    This Court should find that Plaintiffs have plain, speedy, and efficient state court

4    remedies and dismiss Plaintiffs' lawsuit. Plaintiffs concede that once premiums are due, they

5    will be able to pursue refund actions. Dkt. 20 at 17. Their primary contention for why this is

6    inadequate is that they do not have to pay premiums right now, and they will have to wait until

7    their premiums become due before they can pursue a refund. *Id.* WA Cares premiums are set to

8    go into effect July 1, 2023, about sixteen months from now. Wash. Laws of 2022 ch. 1. The

9    Supreme Court has held that a two-year delay is "speedy" for the purposes of the TIA. *Rosewell*,

10    450 U.S. at 521. In these circumstances, where Plaintiffs are not even subject to the tax yet,

11    requiring them to wait before they can pursue a refund action does not render that remedy

12    inadequate.

13    Plaintiffs' argument is fundamentally at odds with the purpose of the TIA, which is to

14    prevent federal court interference with the collection of state taxes. *See Qwest Corp.*,

15    434 F.3d at 1184 (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821,

16    825 (1997)). In enacting the TIA, Congress acknowledged that state "statutes generally provide

17    that taxpayers may contest their taxes only in refund actions after payment under protest."

18    *Rosewell*, 450 U.S. at 523 *quoting* H.R. Rep. No. 1503, 75th Cong., 1st Sess., 2 (1937); *see also*

19    *Grace Brethren Church*, 457 U.S. at 416-17, 417 n.36. If Plaintiffs are right, then state refund

20    actions would be inadequate every time a state enacted a new tax but set its implementation date

21    for some time in the future. Such a holding would invite, not limit, federal court interference in

22    state tax collection contrary to the TIA. *See Arkansas v. Farm Credit Services of Cent. Arkansas*,

23    520 U.S. 821, 827 (1997) ("Given the systemic importance of the federal balance, and given the

24    basic principle that statutory language is to be enforced according to its terms, federal courts

25    must guard against interpretations of the Tax Injunction Act which might defeat its purpose and

26    text.").

1    Plaintiffs' objections to the administrative remedies allowed by WA Cares are also

2    deficient. They primarily contend that such administrative remedies are inadequate because they

3    require challengers to challenge premium collection and liability separately from benefit

4    eligibility. But Plaintiffs themselves clarify that they *do not claim* they are entitled to benefits

5    under WA Cares. Dkt. 20 at 5. They challenge only the premium assessment. *Id.* Why then would

6    it matter that premium assessment and liability cannot be contested in the same proceeding as

7    benefit eligibility? If Plaintiffs succeed in an administrative challenge to premiums they will

8    have complete relief.

9    Plaintiffs also have no good reason why they could not take advantage of the Washington

10   State Uniform Declaratory Judgments Act. *See generally* Wash. Rev. Code ch. 7.24. They only

11   argue that in a different case the Washington State Department of Revenue argued that the

12   plaintiffs there lacked standing. Dkt. 20 at 17 n. 8; Dkt. 21-10 at 6-8. The Department of Revenue

13   case involved a challenge to a state capital gains tax, where the department argued the plaintiffs

14   could not show that they would be subject to the tax. *See id.* It is true that Defendants here argue

15   Plaintiffs lack standing and that their claims are unripe. But Plaintiffs take the opposite view,

16   asserting that the imminent imposition of WA Cares premiums causes them injury.

17   Dkt. 20 at 2-6. If Plaintiffs are right, then they have standing under Washington law to sue for a

18   declaratory judgment. *See To-Ro Trade Shows v. Collins*, 27 P.3d 1149, 1153, 144 Wn.2d 403

19   (Wash. 2001) (discussing standing to bring declaratory judgment action). And if Defendants are

20   correct, then this Court should dismiss the case anyway.

21   Finally, the "undue burden" that Plaintiffs' claim would be imposed by state court

22   remedies is illusory. First, Plaintiffs can take advantage of a state declaratory judgment action

23   if, as they claim, administrative remedies would be inadequate and they possess standing.

24   *See* Wash. Rev. Code § 34.05.534(3)(a), (c). And second, Plaintiffs' evidently claim that they

25   must have immediate relief because Washington is *not* imposing obligations on them at present

26   and will not impose such obligations for more than a year. Dkt. 20 at 17. Plaintiffs do not explain

how they will be exposed to penalties and litigation if the Employer Plaintiffs are *not* withholding premiums and the Employee Plaintiffs are *not* paying them. *See id.* Plaintiffs have adequate remedies, and this lawsuit should be dismissed.

**B.    Plaintiffs' Restitution Claim Should be Dismissed and the LTSS Trust Should be Dismissed as a Defendant**

Plaintiffs concede their claim for restitution is moot. Dkt. 18-19. Because Plaintiffs concede that the Court lacks jurisdiction over this claim, it should be dismissed.

The LTSS Trust should also be dismissed as a party defendant, not only because of the Eleventh Amendment but because absent a restitution claim the Trust can provide no relief. The "trust" itself, to the extent it even has a legal existence, is merely an account in the custody of the State Treasurer. Rev. Code Wash. § 50B.04.100. It has no power to prevent the collection of WA Cares premiums, which is all Plaintiffs request at this point. *See id.* And to the extent Plaintiffs request that WA Cares funds in the possession of the trust go unspent, it is only the Department of Social and Health Services that may authorize disbursements from the account. *Id.* To the extent the trust exists, it is an agency of the State of Washington, and is protected by Eleventh Amendment immunity. *See* Dkt. 17 at 21. Plaintiffs' arguments to the contrary are premised on the incorrect assertion that WA Cares premiums are not taxes, and instead represent the price of an insurance product. Dkt. 20 at 21-22. But as explained above, WA Cares is a state operated program of social insurance funded by state taxes. *See supra* Section III.A.1. Beyond this, the relief Plaintiffs request is not in the power of the trust to provide. The Employment Security Department will collect premiums. Wash. Rev. Code § 50B.04.080. And the Department of Social and Health Services will disburse them. Wash. Rev. Code § 50B.04.100. Plaintiffs no longer seek any monetary relief, and the Trust should be dismissed as a defendant.

**C.    Plaintiffs Lack Standing and Their Claims Are Not Ripe**

Regarding standing, Plaintiffs concede that their injuries stem *only* from the assessment and collection of WA Cares premiums—no other aspect of WA Cares. Dkt. 20 at 5. Because this

DEFENDANTS' REPLY - MOTION TO
DISMISS  -- NO.  21-CV-01515-TSZ

11

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1    Court lacks jurisdiction to restrain the collection of those premiums under the TIA, Plaintiffs
2    claim no injuries remediable by this Court and lack standing.

3         And the injuries Plaintiffs do claim will not occur, if they ever occur, until July of 2023.
4    Employee Plaintiffs do not claim that they are ineligible for the newly enacted exemptions to the
5    WA Cares premium. *See generally* Dkt. 20. In fact, Ms. Johnston who resides in Oregon
6    (Dkt. 1 at 4) *is* eligible for the newly enacted exemption for individuals with a permanent address
7    outside of Washington State. *See* Wash. Laws of 2022, ch. 2 § 2(1)(d). Ms. Johnston and any
8    similarly situated Employee Plaintiffs lack standing to challenge a premium they will never have
9    to pay.[1] Because Plaintiffs will not be subject to WA Cares premiums until July 2023, and
10   because whether they will be subject to such premiums is a matter of speculation, Plaintiffs lack
11   standing and their claims are unripe. *See In re Troutman Enter., Inc.*, 286 F.3d 359, 364
12   (9th Cir. 2002) ("Standing is a jurisdictional requirement and we are under a continuing
13   obligation to verify our jurisdiction over a particular case.").

14   **D.    The Court should Strike Exhibit A to the Declaration of Richard Birmingham**
15   **       (Dkt. 21-1)**

16        Plaintiffs attach to Richard Birmingham's declaration a "summary of the factual
17   background of WA Cares" as Exhibit A. Dkt. 21 at 2. It has no disclosed author, but is apparently
18   a summary of the facts of the case written by Plaintiffs or on their behalf. *See* Dkt. 21-1. This is
19   a transparent attempt to skirt around the page limits of the local rules. *See* LCR 7(e). The
20   purported "exhibit" is not judicially noticeable under any rule of evidence concerning
21   adjudicative or legislative facts. *See* ER 201. The Court should strike it.

22                        **IV.    CONCLUSION**

23        For the reasons stated above, and in Defendants' motion (Dkt. 17). Plaintiffs' complaint
24   should be dismissed under Rule 12(b)(1).

25

26   _____
     [1] Ms. Johnston is still a named plaintiff in Plaintiffs' Proposed Amended Complaint. Dkt. 21-11.

1    DATED this 18th day of February, 2022.

2                                      ROBERT W. FERGUSON
                                       Attorney General
3

4                                      s/ William McGinty
                                       WILLIAM McGINTY, WSBA NO. 41868
5                                      JACOB DISHION, WSBA NO. 46578
                                       *Assistant Attorneys General*
6

7                                      DANIEL J. JUDGE, WSBA NO. 17392
                                       *Senior Counsel*
8

9                                      Office of the Attorney General
                                       7141 Cleanwater Drive SW
10                                     PO Box 40124
                                       Olympia, WA 98504-0124
11                                     Telephone: (360) 586-6565
                                       Fax: (360) 586-6657
12                                     Email: Daniel.Judge@atg.wa.gov
                                              William.McGinty@atg.wa.gov
13                                            Jacob.Dishion@atg.wa.gov

14                                     *Attorneys for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

3        I certify that on the date indicated below, I caused the foregoing document to be

4   electronically filed with the Clerk of the Court using the CM/ECF system which will send

5   notification of such filing to the following CM/ECF participants:

6   Richard J. Birmingham        richardbirmingham@dwt.com
    Christine Hawkins            christinehawkins@dwt.com
7   Wm. Brent Hamilton, Jr.      brenthamilton@dwt.com

8        I certify under the penalty of perjury under the laws of the state of Washington that the

9   foregoing is true and correct.

10       EXECUTED this 18th day of February, 2022, at Olympia, Washington.

11

12                                    s/ William McGinty
                                      WILLIAM McGINTY
13                                    *Assistant Attorney General*

14

15

16

17

18

19

20

21

22

23

24

25

26