The Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | PACIFIC BELLS, LLC; BRUNSWIKST, LLC;
11 | AND WOW DISTRIBUTING, INC., in their
own and on behalf of similarly situated
12 | employers,

and

13

14 | MELISSA JOHNSTON; LENA MADDEN;
JUDI CHAPMAN; KATHERINE SOLAN;
15 | JOHN EDMUNDSON; and MIKE LINDBO,
individuals on their own behalf and on behalf
16 | of similarly situated employees,

17 |                   Class Plaintiffs,

18 |     v.

19 | JAY INSLEE, in his capacity as Governor of
the State of Washington; CAMI FEEK, in her
20 | capacity as the Commissioner and Chief
Executive Officer of the Washington
21 | Employment Security Department; DONALD
CLINTSMAN, in his capacity as the Acting
22 | Secretary of the Washington Department of
Social and Health Services; and THE LONG-
23 | TERM SERVICES AND SUPPORTS TRUST
FUND, an employee benefit plan,

24

25 |                   Defendants.

26

Case No. 21-cv-01515-TSZ

MOTION OF SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL
775 AND PUGET SOUND
ADVOCATES FOR RETIREMENT
ACTION TO INTERVENE
PURSUANT TO FED. R. CIV. P. 24(b)

**Note on Motion Calendar:
March 25, 2022**

SEIU'S AND PSARA'S MOTION TO INTERVENE

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

SERVICE EMPLOYEES INTERNATIONAL
UNION LOCAL 775 and PUGET SOUND
ADVOCATES FOR RETIREMENT ACTION,

Intervenors.

## I.   INTRODUCTION

Service Employees International Union Local 775 ("SEIU") and the Puget Sound Advocates for Retirement Action ("PSARA") (together "Proponents") are organizations that were deeply involved in creating the Long Term Care Services and Supports Trust Program ("WA Cares") that lies at the heart of this case.[1]  Proponents respectfully move the Court to intervene as defendants in this lawsuit challenging the constitutionality of the WA Cares program. Proponents were among the primary architects of and advocates for WA Cares, shepherding its enabling legislation through an unsuccessful initial consideration by the Legislature, until it passed in 2019 (Ch. 363, Laws of 2019, SSHB 1087). In each year since then, Proponents built support for and worked with legislators to pass measures that improved the statutory foundation for the program. *See* Ch. 98, Laws of 2020 (SSB 6267); Ch. 113, Laws of 2021 (SHB 1323); Ch. 1, Laws of 2022 (SHB 1732); Ch. 2, Laws of 2022 (ESHB 1733) (collectively referred to as the "LTSS Act" or the "Act").   Proponents continue this legislative advocacy through the present day, including working on the legislative amendments made during the 2022 Legislative Session.

Proponents seek to defend the constitutionality of the legislation they worked tirelessly to enact and improve.   They satisfy the requirements for permissive intervention set out in Fed. R. Civ. P. 24(b), as well as discretionary factors a court can

---

[1] SEIU and PSARA worked closely with proposed Intervenor AARP on this years-long legislative effort.  Although the AARP moves to intervene separately from SEIU and PSARA, all agree to jointly brief all issues in this litigation as "Proponent Intervenors," so that their involvement does not cause duplication or any undue burden on the Court or parties.

SEIU'S AND PSARA'S MOTION TO INTERVENE – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

consider in deciding a motion to intervene. *See Ins. Co. of N. Am. v. San Juan Excursions*, 2006 U.S. Dist. LEXIS 114774, *4 (W.D. Wash. 2006); *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing additional factors). Proponents' proposed involvement in the case shares common questions of fact and law with issues raised by the existing parties in the litigation. *See* Fed. R. Civ. P. 24(b). Additionally, this motion, filed at the beginning of the case, is timely, without undue delay, and causes no prejudice to either original party. *Id.; Ins. Co. of N. Am.*, 2006 U.S. Dist. LEXIS 114774, *4.

Proponents' years of comprehensive efforts to make this long-term care state benefits program an affordable source of high-quality personal care and support for Washington's residents give them a strong interest in joining in the legal defense of the LTSS Act. *See generally* Declaration of Madeleine Foutch in Support of Proponent Intervenors' Motion to Intervene ("Foutch Decl."), Declaration of Mike Andrew in Support of Proponent Intervenors' Motion to Intervene ("Andrew Decl."). Courts typically permit supporters of a challenged statute to intervene to defend its legality in federal question litigation, and this Court should treat Proponents similarly. *See, e.g., Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

Accordingly, the Court should exercise its discretion to allow the Proponents of the WA Cares legislation to intervene in this matter.

## II.   FACTS

### A.   Proponents Were Significantly Involved in all Aspects of Legislative Advocacy for the WA Cares Program.

Both SEIU and PSARA have dedicated countless hours and other resources to the successful passage of the WA Cares program.

PSARA is a Washington state grassroots nonprofit organization that was formed nearly 50 years ago and presently has approximately 1,300 members.  Andrew Decl., ¶¶2-3.  Its mission is to educate retirees, those approaching retirement age, their families

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

1   and community about issues of critical importance to retired workers, their families, and

2   all Americans.  *Id.*, ¶3.  For years, promoting access to high-quality affordable long-term

3   care for retirees, particularly through a long-term care public benefit program, has been

4   a focus of PSARA's activities.  *Id.*, ¶4.  To that end, PSARA has organized and sponsored

5   a Legislative Conference each year attended by legislators, PSARA staff and members,

6   and other advocates and policy makers at which the need for a publicly funded long-

7   term care program was discussed in depth.  *Id.*, ¶¶9-11.

8        SEIU is a nonprofit labor organization that represents over 45,000 long term care

9   workers throughout Washington state.  Foutch Decl., ¶1.  It has long supported the

10  establishment of a public system for providing high-quality long term care services to

11  Washington residents who need this support to remain living in their home

12  communities.  *Id.*, ¶4.

13       SEIU's commitment to establishing WA Cares or a program like it stretches back

14  more than 14 years.  *Id.*, ¶6.  In 2007, SEIU worked with AARP to commission a public

15  policy report to advocate for the creation of a publicly-funded long term care system

16  using social insurance principles.  *Id.*  The goal was to ease the burden on the State

17  Medicaid program and create a social safety net for all individuals needing this form of

18  care.  *See id.*

19       The 2007 report planted the seed that took years to geminate but eventually

20  resulted in the WA Cares program.  In 2012, SEIU first included questions about the need

21  for a publicly-funded long-term care system for all in questionnaires for candidates

22  running for the Legislature.  *Id.*, ¶7.  The concept started to get traction with legislators

23  and in 2013, SEIU, PSARA and other advocates successfully supported the formation of

24  the Joint Executive Legislative Committee on Aging and Disability Issues.  *Id.*,  ¶8;

25  Andrew Decl., ¶7.  This Committee was charged with identifying options and funding

26

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington  98121
Tel. (206) 223-0303  Fax (206) 223-0246

1  for addressing the growing need for affordable long-term care in Washington state.

2  Foutch Decl., ¶8.

3      In 2015 PSARA and SEIU, together with AARP, supported legislation to

4  commission a study to identify possible models for a publicly-financed long-term care

5  system for all. *Id.*, ¶9. The study was published in 2017 and provided the initial

6  blueprint for the WA Cares program. *See id.*, ¶10. The feasibility study concluded that

7  while 70% of Washington residents will ultimately require long-term care, only a mere

8  7% had insurance that would cover it. *Id.*, ¶11. For those who required long term care

9  but were unable to qualify for Medicaid, another option was needed. *Id.* Ultimately, the

10  study recommended that the legislature consider establishing a public program funded

11  by a tax collected through payroll deduction. *Id.*

12      SEIU, PSARA and AARP led a coalition of stakeholders called Washingtonians

13  for a Responsible Future, to advocate for the proposed public long-term care benefit

14  program. *Id.*, ¶¶11, 12; *see* Andrew Decl., ¶¶12-17. Legislation was proposed in 2017

15  and 2018, and then in 2019, it was successfully passed. Passage was achieved only

16  through the organized and comprehensive support of SEIU, PSARA, AARP, and others.

17  Foutch Decl., ¶12. During this time, an updated feasibility study was issued, recognizing

18  SEIU and AARP as key stakeholders. *Id.*, ¶15. The Legislature also established a

19  workgroup to further develop the proposal in which SEIU also participated. *Id.*, ¶16.

20  The recommendations of the workgroup, issued in a report, were substantially reflected

21  in the WA Cares legislation that was passed in 2019. *Id.*

22      In 2019, Washington became the first state in the nation to pass a publicly funded

23  long-term care program for all, regardless of income. *See id.*, ¶18. SEIU and PSARA had

24  input into the legislation, testified in support of the bill and organized other stakeholders

25  to support its passage. *Id.; see* Andrew Decl., ¶¶8-17. The WA Cares legislation was

26  hailed as a "monumental achievement" to address the unmet caregiving needs of the

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

baby-boom generation.  Foutch Decl., ¶20.  It was projected to save $70 million in Medicaid payments in 2025, and a total of $18.7 billion through 2096.  *Id.,* ¶19.

SEIU and PSARA have continued to support efforts to improve the WA Cares program.  *Id.,* ¶20; Andrew Decl., ¶19.  In every legislative session since 2019, Proponents have engaged with legislators to enhance the program so that it works for all Washingtonians.  Proponents have been at the forefront of legislative efforts to strengthen WA Cares, including the recent legislation enacted in 2022.  Foutch Decl., ¶¶19-20.

In February 2022, the Legislature amended the WA Cares statute to extend the start date of the tax collected through payroll deductions to fund the program to July 1, 2023. *See* Ch. 1, Laws of 2022 § 5, *amending* RCW 50B.04.080(1).  The 2022 legislation also delayed the start date for receiving benefits under WA Cares from January 1, 2025, until July 1, 2026, and expanded the categories of individuals who may opt in or out of the program. Ch. 1, Laws of 2022 § 4, *amending* RCW 50B.04.060(1), (2) (date for availability of services); Ch. 2, Laws. of 2022, § 2 (expands categories of workers eligible to opt out).

**B.    Procedural History – Plaintiffs Challenge the Constitutionality of the WA Cares Program, and Proponents Move to Intervene.**

On November 9, 2021, Plaintiffs filed their Complaint, alleging that the WA Cares program is unconstitutional.  Dkt. No. 1. On January 6, 2022, Defendants filed a Motion to Dismiss the Complaint in lieu of an Answer (Dkt. No. 17), to which Plaintiffs filed a brief in opposition on February 9, 2022 (Dkt. No. 20).  Defendants filed a Reply Brief on February 18, 2022 (Dkt. 22), and the Motion to Dismiss is currently ripe for consideration. Dkt. No. 17; LCR 7(d)(3).  Now, before the deadline for joinder of additional parties and before Court has ruled on Defendants' dismissal motion, Proponents move to intervene. Proponents have reached out to the parties' counsel in this matter. Defendants' counsel indicate that Defendants do not object to Proponents' intervention in this matter, without

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

waiver of their jurisdictional arguments in their pending Motion to Dismiss. Declaration of Daniel Gross in Support of Proponents' Motion to Intervene ("Gross Decl.") ¶3. Plaintiffs' counsel represents, however, that Plaintiffs do not consent to this motion to intervene and may oppose it. *Id.* ¶4.

### III.   LAW AND ARGUMENT

**A.   Legal Standard.**

   **1.   Application and Interpretation of Fed. R. Civ. P. 24(b)(1) Factors**

"On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1). The Ninth Circuit has also required that proposed intervenors demonstrate "an independent ground for jurisdiction." *Devas Multimedia Private Ltd. v. Antrix Corp.,* 2021 U.S. Dist. LEXIS 35040, *6 (W.D. Wash. Feb. 24, 2021). However, "[w]here the proposed intervenor in a federal-question case brings no new claims," as here, "the jurisdictional concern drops away." *Id.*, *quoting Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). For similar reasons, the Ninth Circuit has held that "in federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant." *Id.* at 844, *quoting*  7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 1917 (3d ed. 2010). Proponents seek to intervene as defendants to oppose the same federal claims the original Defendants resist. Gross Decl., ¶5; *see generally,* Dkt. No. 17, Dkt. No. 22. Thus, no additional grounds for jurisdiction need be proven here.

When deciding whether a putative intervenor meets the Rule 24 standard, courts are guided by the principle that "Rule 24 traditionally has received a liberal construction in favor of applicants for intervention."). *Vivid Entm't, LLC v. Fielding*, 2013 U.S. Dist. LEXIS 54060, *5-6 (C.D. Cal. April 16, 2013), *quoting  Doe v. Harris*, 2013 U.S. Dist. LEXIS 4215 *2 (N.D. Cal. Jan. 10, 2013). *See also, U.S. v. Alisal Water Corp.* 370 F.3d 915, 919 (9th

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303 FAX (206) 223-0246

Cir. 2004) ("In determining whether intervention is appropriate … the requirements for intervention are broadly interpreted in favor of intervention).

**2.      Discretionary Factors.**

If none of the Rule 24(b) criteria is absent, the court has broad discretion to grant intervention. *Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 740 (9th Cir. 2011); *Ins. Co. of N. Am.*, 2006 U.S. Dist. LEXIS 114774, *4.  In exercising its discretion, the court considers whether intervention will unduly delay the main action or will unfairly prejudice the existing parties. *Id., citing Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Courts may consider other factors when deciding whether to allow intervention. *See Spangler*, 552 F.2d at 1329.  These factors include (a) the "nature and extent of the intervenors' interest," (b) whether intervention will "significantly contribute" to the factual development or equitable adjudication of the legal questions presented; and (c) whether the intervenors' interests are adequately represented by other parties.  *Id.*

As demonstrated below, Proponents, meet all of the mandatory and discretionary factors for permissive intervention.  The Court should thus allow the Proponents of the WA Cares program to defend the legislation they championed, helped to mold in its initial and current form, and served as advocates for its improvement.

**B.      Fed. R. Civ. P. 24(b)'s Requirements for Permissive Intervention Are All Satisfied.**

**1.      Common Question of Law or Fact – Proponents Seek to Defend the Constitutionality of the WA Cares Program.**

A potential intervenor must have a claim or defense that "shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  Courts repeatedly find that organizations seeking to join litigation to defend a challenged law they supported legislatively,  share a common question of law and fact with a governmental defendant charged with upholding that law. *See, e.g., Puget Soundkeeper All. v. Pruitt*, 2018 U.S. Dist.

SEIU'S AND PSARA'S MOTION TO INTERVENE – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

LEXIS 124517 *3 (W.D. Wash. July 25, 2018); *Northwest Sch. Of Safety v. Ferguson,* 2015 U.S. Dist. LEXIS 36207, *5 (W.D. Wash. March 23, 2015) (organizations that drafted and campaigned for initiative had common questions of law and fact with defense of action against claims of unconstitutionality); *see also, Washington v. U.S. EPA,* 2020 U.S. Dist. LEXIS 71897 *10-11 (W.D. Wash. 2020) (trade organizations seeking to intervene as defendants to uphold EPA water quality standards shared common questions of fact with federal defendants).  Here too, Proponents have common questions of law and fact with the main action at bar – defending the Act against Plaintiffs' claims of unconstitutionality, pre-emption and violation of federal law. Gross Decl., ¶5.

### 2. Proponents' Motion to Intervene Is Timely and Is Unlikely to Cause Prejudice or Undue Delay.

To determine whether a motion to intervene is timely, courts typically consider "the stage of the proceeding, prejudice to other parties,[2] and the reason for and length of the delay."  *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397.  Proponents' motion to intervene is timely.  This litigation has just begun, and no Answer has been filed by Defendants to date. *See* Gross Decl., ¶6, *Exh. A.* Nor has a summary judgment motion been filed by any party. *Id.*, ¶6. Under just such circumstances, courts have found cases to be in their early stages with an intervention posing no prejudice to the initial parties, notwithstanding original defendants having filed Motions to Dismiss prior to the requests to intervene.

---

[2] Potential prejudice and undue delay are sometimes described as if they are separate factors from Fed. R. Civ. P. 24(b)'s timeliness requirement. However, there is at least substantial overlap between these concepts.  *See Abbit v. ING USA Annuity & Life Ins.,* 2016 U.S. Dist. LEXIS 145028 *12 (S.D. Cal. Oct. 19, 2016) ("[T]he likelihood of undue delay and prejudice resulting from intervention weigh against the timeliness of [the] motion for permissive intervention."); *E&B Natural Res. Mgmt. Corp. v. Cty. of Alameda,* 2019 U.S. Dist. LEXIS 192219 *13 (N.D. Cal. Nov. 4, 2019) ("The question is not whether intervention itself will cause the 'nature, duration, or disposition of the lawsuit to change,' but rather, whether the existing parties will be prejudiced by the delay caused by intervention."). Courts have also explicitly included possible prejudice as a factor to consider in determining the timeliness of a request for permissive intervention.  *See League of Latin A.. Citizens,* 131 F.3d 1295, 1302 (9th Cir. 1997). Accordingly, Proponents address timeliness, delay, and potential prejudice together.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*See E&B Natural Res. Mgmt. Corp. v. Cty. of Alameda*, 2019 U.S. Dist. LEXIS 192219, *13-14 (N.D. Cal. Nov. 4, 2019) (intervention requested ten months after the initial complaint filed and after motions to dismiss were granted with leave to amend, but no summary judgement motions filed, was timely and caused no prejudice); *TIG Ins. Co. v. Haseko Homes, Inc.*, 2010 U.S. Dist. LEXIS 152561, *10-11 (D. Haw. Sept. 9, 2010) (case was in its "infancy" and "earliest stage" when intervention motion filed, where four motions, including dismissal motion, had already been filed).  A similar conclusion is warranted here.  Proponents did not delay their motion, filed at this early stage of the lawsuit, and their intervention imposes no prejudice on any party. Moreover, even if there was some possibility that Proponents' intervention could result in undue delay or prejudice to Plaintiffs in an unspecified manner, such theoretical concerns are insufficient to block intervention at this early stage of litigation.  *See Doe,* 2013 U.S. Dist. LEXIS 4215, *7 (putative intervenors' likely contributions to the action outweighed any "as yet abstract danger that delay or prejudice" could result from the intervention).

**C.**     **The Discretionary Factors Favor Permissive Intervention – Proponents' Interests, Full and Just Development of Facts and Claims, and Representation.**

>     **1.**     **Proponents' Interest in the Subject and Outcome of this Action, and their Contribution to the Full and Fair Development of the Issues on which this Action Turns Strongly Support their Intervention.**

Federal district courts in this circuit typically grant permissive intervention to the proponents and supporters of challenged legislation, as they are held to have a substantial interest in the defense of that legislation and can furnish the knowledge and perspective essential both to a full development of the legislation's factual context and a just and equitable adjudication of the law's viability.  *See e.g., Boardman*, 2017 U.S. Dist. LEXIS 72340, at *6; *Nw. Sch. of Safety*, 2015 U.S. Dist. LEXIS 36207, at *5; *Vivid Entm't, LLC v. Field*ing, 2013 U.S. Dist. LEXIS 54060 *10 (C.D. Cal. Apr. 16, 2013); *Doe v. Harris*, 2013

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

U.S. Dist. LEXIS 4215 *7 (N.D. Cal. Jan. 10, 2013); *Jackson v. Abercrombie*, 282 F.R.D. 507, 519-20 (D. Haw. 2012). Proponents have similarly broad and weighty interests in the subject and outcome of this action. Proponents invested very substantial time, resources, and efforts in passing the Act and improving upon its initial program.  Foutch Decl., ¶¶7-18, 20-22; Andrew Decl., ¶¶6-17, -20. They have worked with legislators since 2017 to craft the Act, returning repeatedly to the Legislature to pursue its passage and refine its terms. *Id.*, ¶¶9-14, 16-19; Foutch Decl., ¶¶12-18, 20-22.  They played key roles in state-created commissions that researched the subject of the challenged legislation and recommended to the Legislature features incorporated into  the original program, as well as changes to be made to it.  *Id.*, ¶¶8-11. They have conducted extensive public education and advocacy efforts to ensure the legislation's enactment and have a significant interest in defending its constitutionality.  *Id.*,  ¶¶18, 20, 23; Andrew Decl., ¶¶9-11, 16. 18. 20.  *See, e.g., Nw. Sch. of Safety*, 2015 U.S. Dist. LEXIS 36207, at *5. There can be no dispute that Proponents and their members have a strong interest in the subject of this litigation.

Further, Proponents' inclusion as full parties is critical to a thorough development and fair and full adjudication of the facts and claims raised in this matter.  SEIU's 45,000 members are all providers of long-term care services.  Foutch Decl., ¶1.  These workers may be made available for hire by Washington residents under the WA Cares program. PSARA, like AARP, represents the interests of Washington retirees and others who will rely upon and use the services made available through the WA Cares program. Andrew Decl., ¶¶3-4. Together with AARP, the members of SEIU and PSARA span the full spectrum of individuals directly involved in providing and receiving the public benefits to be delivered through WA Cares. Foutch Decl., ¶23. Proponents will thus significantly contribute to the full development of the facts surrounding this legislation, as well as the just and equitable adjudication of the legal questions raised in this challenge to its validity.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

Proponents need not demonstrate that Defendants will inadequately represent their interests, in order for the Court to exercise its discretion to allow intervention. *See Doe,* 2013 U.S. Dist. LEXIS 4215, at *7. Proponents merely need to show that their participation in the lawsuit may help ensure that the interests of the public that support the legislation are "fully represented and that 'all viable legal arguments in favor of the [legislation's] validity are brought to the court's attention.'" *Id.* Proponents represent both Washington residents who need and will make use of WA Care services and the people who will deliver them. They are well-situated to ensure together that the interests of the broad swath of the public who support WA Cares are fully represented and that all applicable legal arguments supporting the Act may be raised for the Court's consideration in this matter.

**D.   Proponents Provide Clear Grounds for the Motion and Need Not File a Responsive Pleading Presently.**

Proponents need not file a responsive pleading with this motion to merit intervention. To the contrary, doing so is not only legally unnecessary, but it would waste the parties' resources. As noted above, Fed. R. Civ. P 24(c)'s nominal requirement that a responsive pleading be filed along with a motion to intervene is read broadly to permit intervention without such a pleading "where the court [is] otherwise apprised of the grounds for the motion." *Westchester Fire Ins. Co.,* 585 F.3d at 1188; *see also Vivid Entm't, LLC,* 2013 U.S. Dist. LEXIS 54060, *5-6 (Fed. R. Civ. P. 24 is liberally construed to favor intervenors.). This motion and the accompanying declarations make plain the motion's basis and Proponents' opposition to all legal claims raised by Plaintiffs in their Complaint, satisfying this requirement. *See generally* Foutch Decl., Andrew Decl., Gross Decl., ¶5.

Additionally, Proponents commit to filing an Answer within the deadlines applicable to original Defendants, if such a pleading is required. *Id.,* ¶7 (Proponents

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

support but do not provide any additional briefing related to Defendants' pending Motion to Dismiss).  However, the time by which Defendants will be required to file an Answer, should it ever come, is as yet undetermined.[3]  Plaintiffs have just filed a proposed First Amended Complaint (Dkt. 20, p.19, fn.11), and Defendants' pending Motion to Dismiss renders indeterminate which if any claims will survive to require a further responsive pleading. Any Answer from Proponents that is responsive to the currently operative Complaint would thus be at least superfluous and consequently unnecessary for Proponents to merit intervention here.

## IV.  CONCLUSION

The Court should grant Proponents' motion to intervene in the litigation as defendants.

---

[3] As discussed *supra*, the Legislature recently amended major facets of the WA Cares program. *See* Ch. 1, Laws of 2022, Ch. 2, Laws of 2022. Plaintiffs admit that these changes render moot their restitution claim, leading them to file a proposed Amended Complaint with their dismissal motion opposition brief. Dkt. No. 20, p. 19, fn11. If, however, the Court determines that the Legislature's recent changes to the WA Cares program are fatal to more of Plaintiffs' claims, Plaintiffs may be required to further amend the Complaint to conform to the Court's ruling, either relieving Proponents from filing any Answer or forcing the Proponents to file a new Answer.

SEIU'S AND PSARA'S MOTION TO INTERVENE – 12

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    DATED:  March 9, 2022.

2                                     SIRIANNI YOUTZ
                                     SPOONEMORE HAMBURGER PLLC
3

4                                     ___/s/ Eleanor Hamburger_____
                                     Eleanor Hamburger, WSBA #26478
5                                     ehamburger@sylaw.com

6                                     ___/s/ Daniel Gross_____
7                                     Daniel Gross, WSBA #23992
                                     dgross@sylaw.com
8                                     3101 Western Avenue, Suite 350
                                     Seattle, WA 98121
9                                     Tel. (206) 223-0303; Fax (206) 223-0246

10                                    Attorneys for Proposed Intervenors
11                                    Service Employees International Union
                                     Local 775 and the Puget Sound Advocates
12                                    for Retirement Action

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEIU'S AND PSARA'S MOTION TO INTERVENE – 13