The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PACIFIC BELLS, LLC; BRUNSWIKST, LLC; AND WOW DISTRIBUTING, INC., in their own and on behalf of similarly situated employers,<br><br>and<br><br>MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees,<br><br>        Class Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; DONALD CLINTSMAN, in his capacity as the Acting Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan,<br><br>        Defendants.<br>AARP,<br><br>        Defendant-Intervenor. | Case No.  21-cv-01515-TSZ<br><br>**AARP'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)**<br><br>**NOTE ON MOTION CALENDAR: MARCH 25, 2022** |

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) – i
Case No. 21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

CORPORATE DISCLOSURE STATEMENT ..................................................................... vii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

    I.     Class Plaintiffs Challenge the Legality of WA Cares. ........................................ 2

    II.    AARP Has a Long-Standing Interest in WA Cares and Deep
           Expertise to Share as a Party to this Action. ....................................................... 2

ARGUMENT .............................................................................................................................. 4

    I.     Legal Standard for Permissive Intervention. ....................................................... 4

    II.    AARP Does Not Need to Demonstrate Independent Jurisdictional
           Grounds. ............................................................................................................... 5

    III.   AARP's Motion to Intervene is Filed Timely. ..................................................... 6

           A.     AARP Seeks to Intervene at an Early Stage. ........................................... 6

           B.     AARP's Intervention Would Cause No Prejudice. ................................. 7

           C.     AARP Moves to Intervene Without Any Meaningful Delay .................. 7

    IV.   AARP's Defense of WA Cares Will Share Common Questions of
           Law and Fact with the Main Action ..................................................................... 8

    V.    The *Spangler* Factors Also Weigh in Favor of Granting AARP's
           Permissive Intervention. ....................................................................................... 9

CONCLUSION ........................................................................................................................ 12

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - ii
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

# TABLE OF AUTHORITIES

**CASES**

*Arkaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003)..................................................................................4

*Babb v. Wilkie*,
    140 S. Ct. 1168 (2020)...............................................................................................3

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992).....................................................................................4

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011).................................................................................................3

*Doe v. Harris*,
    No. C12-5713 TEH, 2013 WL 140053 (N.D. Cal. Jan. 10, 2013)............................5

*Don't Waste Wash. Legal Def. Found. v. Washington*,
    461 U.S. 913 (1983)...............................................................................................10

*Droplets, Inc. v. Yahoo! Inc.*,
    No.12-cv-03733-JST, 2019 WL 9443778 (N.D. Cal. Nov. 19, 2019) .....................6,7

*Fed. Exp. Corp. v. Holowecki*,
    552 U.S. 389 (2008).................................................................................................3

*Freedom from Religion Found., Inc. v. Geithner*,
    644 F.3d 836 (9th Cir. 2011)....................................................................................4

*Gen. Dynamics Land Sys. v. Cline*,
    540 U.S. 581 (2004).................................................................................................3

*Gobeille v. Liberty Mut. Ins. Co.*,
    577 U.S. 312 (2016).................................................................................................3

*Gomez-Perez v. Potter*,
    553 U.S. 474 (2008).................................................................................................3

*Gregory v. Ashcroft*,
    501 U.S. 452 (1991). ................................................................................................4

*Gross v. FBL Fin. Servs., Inc.*,
    557 U.S. 167 (2009).................................................................................................3

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - iii
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
   530 U.S. 238 (2000) ............................................................................................................3

*Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*,
   997 F.3d 848 (9th Cir. 2021) ................................................................................................3

*Hughes v. Northwestern Univ.*,
   142 S. Ct. 737 (2022) ...........................................................................................................3

*Idaho Farm Bureau Fed'n v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995) ..............................................................................................10

*Idaho v. Freeman*,
   625 F.2d 886 (9th Cir. 1980) ..............................................................................................10

*Intel Corp. Inv. Pol'y Comm. v. Sulyma*,
   140 S. Ct. 768 (2020) ...........................................................................................................3

*John Hancock Mut. Life Ins. Co. v. Harris Tr. & Sav. Bank*,
   510 U.S. 86 (1993) ...............................................................................................................3

*Kalbers v. United States Dep't of Just.*,
   22 F.4th 816 (9th Cir. 2021) ............................................................................................ 6,7

*Kootenai Tribe of Idaho v. Veneman*,
   313 F.3d 1094 (9th Cir. 2002) ......................................................................................... 8,10

*Ky. Ret. Sys. v. E.E.O.C.*,
   554 U.S. 135 (2008) .............................................................................................................3

*LaRue v. DeWolff, Boberg & Assocs.*,
   552 U.S. 248 (2008) .............................................................................................................3

*Meacham v. Knolls Atomic Power Lab'y*,
   554 U.S. 84 (2008) ...............................................................................................................3

*Mt. Lemmon Fire Dist. v. Guido*,
   139 S. Ct. 22 (2018) .............................................................................................................3

*Nw. Sch. of Safety v. Ferguson*,
   No. C14-6026 BHS, 2015 WL 1311522 (W.D. Wash. Mar. 23, 2015) ...............................8

*O'Connor v. Consol. Coin Caterers Corp.*,
   517 U.S. 308 (1996) .............................................................................................................4

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - iv
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

Case 2:21-cv-01515-TSZ   Document 30   Filed 03/10/22   Page 5 of 19

*Oubre v. Entergy Operations, Inc.*,
    522 U.S. 422 (1998) ...........................................................................................3

*Reeves v. Sanderson Plumbing Prod., Inc.*,
    530 U.S. 133 (2000) ...........................................................................................3

*Rutledge v. Pharm. Care Mgmt. Ass'n*,
    141 S. Ct. 474 (2020)..........................................................................................3

*Sagebrush Rebellion, Inc. v. Watt*,
    713 F.2d 525 (9th Cir. 1983).............................................................................10

*Shores v. Hendy Realization*,
    133 F.2d 738 (9th Cir.1943)................................................................................4

*Smith v. City of Jackson, Miss.*,
    544 U.S. 228 (2005) ...........................................................................................3

*Smith v. L.A. Unified Sch. Dist.*,
    830 F.3d 843 (9th Cir. 2016).........................................................................6,7

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977).........................................................................5,9

*Thole v. U.S. Bank, N.A.*,
    140 S. Ct. 1615 (2020)........................................................................................3

*Tibble v. Edison Int'l*,
    575 U.S. 523 (2015) ...........................................................................................3

*UMG Recordings, Inc. v. Bertelsmann AG*,
    222 F.R.D. 408 (N.D. Cal. 2004) ........................................................................4

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004)...............................................................................6

*United States v. Oregon*,
    745 F.2d 550 (9th Cir. 1984)...............................................................................7

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ...........................................................................................3

*Wash. State Bldg. & Const. Trades Council v. Spellman*,
    684 F.2d 627 (9th Cir. 1982).............................................................................10

PURSUANT TO FED. R. CIV. P.24(b) - v
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

*Washington v. EPA*,
    No. 2:19-CV-00884-RAJ, 2020 WL 1955554 (W.D. Wash. Apr. 23, 2020) .................. 5

*Wilderness Soc. v. U.S. Forest Serv.*,
    630 F.3d 1173 (9th Cir. 2011) .................................................................................... 8

**RULES**

Fed. R. Civ. P. 24 ............................................................................................................... 4
Fed. R. Civ. P. 24(b) ...................................................................................................... 1,5
Fed. R. Civ. P. 24(b)(1) ................................................................................................. 4,8
Fed. R. Civ. P. 24(b)(2) ................................................................................................... 4
Fed. R. Civ. P. 24(b)(3) ................................................................................................... 4

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - vi
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

**CORPORATE DISCLOSURE STATEMENT**

In compliance with The Internal Revenue Service has determined that AARP is organized and operated exclusively for the promotion of social welfare pursuant to Section 501(c)(4) of the Internal Revenue Code and is exempt from income tax. The Internal Revenue Service has determined that AARP Foundation is organized and operated exclusively for charitable purposes pursuant to Section 501(c)(3) of the Internal Revenue Code and is exempt from income tax. AARP and AARP Foundation are also organized and operated as nonprofit corporations under the District of Columbia Nonprofit Corporation Act.

Other legal entities related to AARP and AARP Foundation include AARP Services, Inc., and Legal Counsel for the Elderly. Neither AARP nor AARP Foundation has a parent corporation, nor has either issued shares or securities.

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - vii
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

# INTRODUCTION

AARP respectfully moves that the Court permit its intervention in this matter to defend the legality of the Long-Term Services and Supports Trust Act ("WA Cares"). As a leading member of the coalition that crafted, advocated for, and improved WA Cares, *see* Declaration of Cathleen MacCaul ("MacCaul Dec."), AARP seeks to join as a party to show that the WA Cares program, as a state-run *public* benefit, is not an *employee* benefit or part of an employee benefit plan. Thus, the statute does not run afoul of the Employee Retirement Income Security Act ("ERISA"), the Age Discrimination in Employment Act ("ADEA"), or the Older Workers Benefit Protection Act ("OWBPA").

AARP satisfies all mandatory and discretionary criteria for permissive intervention. First, AARP meets all the requirements of Rule 24(b) of the Federal Rules of Civil Procedure. This intervention is timely—coming at the outset of discovery—and will not prejudice either party. AARP seeks to defend WA Cares' validity under ERISA and the ADEA, the central legal issues in the case. And, AARP seeks to intervene in circumstances where no independent jurisdictional basis is required. Moreover, all relevant discretionary factors weigh in favor of granting AARP's motion. As a proponent of the legislation, whose 900,000 Washington members stand to benefit from it, AARP's interests are strong and are not fully coextensive with those of the government. Finally, AARP's participation will aid significantly in the adjudication of this matter. AARP has deep expertise on the proper application of the relevant federal laws and has spent decades studying the impact of long-term care costs on retirees' financial security, so it can also offer unique legal and factual insight into the issues at bar.

Counsel for the State Defendants has stated that these Defendants do not oppose this motion. Counsel for Plaintiffs has indicated that they intend to oppose it.

# BACKGROUND

## I. Class Plaintiffs Challenge the Legality of WA Cares.

Washington State Governor Jay Inslee signed WA Cares into law in 2019. *About the WA Cares Fund*, WA Cares Fund, https://wacaresfund.wa.gov/about-the-wa-cares-fund/ (last visited Feb. 3, 2022). This law was the first of its kind in the nation, and it promised to help low-income older adults defray the cost of their long-term care. George Bridges & Chris Thomas, *Long-Term Care Victory a First*, AARP (Sep. 1, 2019, 12:00 AM), https://states.aarp.org/washington/long-term-care-victory-a-first. Money from the state-managed fund comes from a payroll tax of .58% collected by employers. *See About the WA Cares Fund, supra*. On January 27, 2022, Governor Inslee signed two bills further amending the provisions of the WA Cares Fund and delaying worker contributions to the fund until 2023. WA Cares Fund, https://wacaresfund.wa.gov/ (last visited Feb. 3, 2022).

On November 9, 2021, three employers and six individual employees ("Class Plaintiffs") filed a complaint against Governor Inslee and other Washington state officials ("State Defendants") alleging that WA Cares violates ERISA, various Constitutional provisions, the ADEA, the OWBPA, and several common law claims. Dkt. No. 1 at p. 2–3.

## II. AARP Has a Long-Standing Interest in WA Cares and Deep Expertise to Share as a Party to this Action.

AARP is the nation's largest nonprofit, nonpartisan organization dedicated to empowering Americans fifty and older to choose how they live as they age. AARP's efforts to increase the security and adequacy of older individuals' retirement savings include litigation in state and federal courts and legislative advocacy. AARP's work to pass and fortify WA Cares has spanned almost a decade. MacCaul Dec., ¶¶ 7–23. AARP has been a prominent, outspoken voice for a public long-term care program—serving as the lead lobbyist for a public program for a coalition of diverse stakeholders and holding the coalition and the Legislature accountable

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 2
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

when proposed legislation did not go far enough. *Id.* at ¶¶ 11, 13. AARP Washington's membership supports WA Cares, and AARP is determined to safeguard this critical lifeline for older Washingtonians to age as they choose. *Id.* at ¶¶ 21, 24.

AARP seeks to join this matter as a Defendant-Intervenor to defend the program it helped to bring about and to contribute its expertise to the legal issues central to this action. AARP is a national expert on the statutes on which Class Plaintiffs mount suit. Since 1993, AARP has filed amicus briefs in almost every ERISA case before the Supreme Court. *E.g., Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022); *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768 (2020); *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474 (2020); *Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615 (2020); *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312 (2016); *Tibble v. Edison Int'l*, 575 U.S. 523 (2015); *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011); *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248 (2008); *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000); *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *John Hancock Mut. Life Ins. Co. v. Harris Tr. & Sav. Bank*, 510 U.S. 86 (1993). AARP, along with a diverse array of organizations, also filed in a recent case in which the Ninth Circuit adopted the interpretation of ERISA it advanced. *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 997 F.3d 848 (9th Cir. 2021). AARP also has filed amicus briefs in almost every ADEA case before the Supreme Court since 1991, including those addressing the OWBPA. *E.g., Babb v. Wilkie*, 140 S. Ct. 1168 (2020); *Mt. Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22 (2018); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008); *Ky. Ret. Sys. v. E.E.O.C.*, 554 U.S. 135 (2008); *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84 (2008); *Gomez-Perez v. Potter*, 553 U.S. 474 (2008); *Smith v. City of Jackson, Miss.*, 544 U.S. 228 (2005); *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581 (2004); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Oubre v. Entergy Operations, Inc.*, 522

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 3
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

U.S. 422 (1998); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996); *Gregory v. Ashcroft*, 501 U.S. 452 (1991).

## ARGUMENT

### I.     Legal Standard for Permissive Intervention.

"Federal Rule of Civil Procedure Rule 24 has long been 'liberal[ly] constru[ed] in favor of applicants for intervention.'" *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 411 (N.D. Cal. 2004) (quoting *Arkaki v. Cababyetano*, 324 F.3d 1078, 1082–83 (9th Cir. 2003)). Pursuant to Rule 24, a court may grant permissive intervention when a timely motion is made either asserting some statutory but conditional right to intervene or seeking to advance a claim sharing a common question of law or fact with the main action.[1] A court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).[2]

Ninth Circuit precedent further refines these rules. Permissive intervention in this Circuit generally requires: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) "a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). However, "[w]here the

---

[1] The full text of Federal Rule of Civil Procedure 24(b)(1) provides:
(1) In *General*. On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.
Federal Rule of Civil Procedure 24(b)(2) applies only to federal or state government intervenors.

[2] AARP has drafted an Answer in compliance with Federal Rule of Civil Procedure 24(c). However, because the State's motion to dismiss is still pending and Plaintiffs have indicated that they will file an Amended Complaint, AARP has not attached its Answer to this motion to avoid unnecessary filings. In any event, where, "as here, the movant describes the basis for intervention with sufficient specificity to allow the district court to rule," attaching a pleading is not strictly necessary. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (*citing Shores v. Hendy Realization*, 133 F.2d 738, 742 (9th Cir.1943)). This motion describes in detail the role that AARP wishes to play in defending WA Cares, so no pleading is necessary to discern that information. Nevertheless, if the Court prefers that AARP file an Answer immediately, it is prepared to do so.

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 4
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Id.* at 844. If the remaining timeliness and common-question elements are met, courts next consider the discretionary *Spangler* factors, which include:

> the nature and extent of the intervenors' interest, . . . the legal position they seek to advance, . . . whether the intervenors' interests are adequately represented by other parties . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted).

AARP satisfies each of Rule 24(b)'s requirements, and every discretionary factor weighs in favor of its intervention. AARP's Motion is timely, and its arguments in defense of WA Cares will share common questions of law and fact with the main proceeding. The *Spangler* factors also counsel for AARP's intervention, given AARP's well-recognized interest in this matter, its need to represent its own interests, and its ability to contribute to the resolution of this case.

## II. AARP Does Not Need to Demonstrate Independent Jurisdictional Grounds.

A proposed intervenor need not demonstrate independent jurisdictional grounds where the main action is supported by federal question jurisdiction and the proposed intervenors bring no new claims. *See Freedom from Religion Found. Inc.*, 644 F.3d at 844; *see also Washington v. EPA*, No. 2:19-CV-00884-RAJ, 2020 WL 1955554, at *4 (W.D. Wash. Apr. 23, 2020); *Doe v. Harris*, No. C12-5713 TEH, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013) ("[T]his is a federal question case in which the party on whose side intervention is sought . . . remains in the suit. The Ninth Circuit has held that in such cases, the requirement of independent Article III standing does not apply to proposed intervenors who . . . do not seek to raise additional claims."). As is frequently the case for defense-side intervenors, AARP brings no new claims. Instead, it seeks to contribute to the Court's adjudication of the ERISA, ADEA, and OWBPA claims.

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 5
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

Should the Court determine that it has subject-matter jurisdiction over this litigation,[3] AARP need not demonstrate independent jurisdictional grounds in order to intervene.

### III.   AARP's Motion to Intervene is Filed Timely.

The timeliness of a motion to intervene "is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay.'" *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). All three factors here demonstrate the timeliness of this motion.

#### A.   AARP Seeks to Intervene at an Early Stage.

AARP seeks to intervene in this matter near its outset, prior to any development of the legal or factual issues on which AARP seeks to have its perspective heard. AARP seeks to join this matter at the very outset of discovery. *See* Joint Status Report & Disc. Plan, 3. In other words, AARP seeks "to intervene just as this case [begins] gathering speed." *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 826 (9th Cir. 2021); *see also Droplets, Inc. v. Yahoo! Inc.*, No.12-cv-03733-JST, 2019 WL 9443778, at *4 (N.D. Cal. Nov. 19, 2019) (considering a motion timely in part because "[t]he court has not construed any claim terms, addressed the merits of any party's substantive claims or defenses, set a discovery or expert report deadline, or set a trial date"). Even further, AARP files its motion within the time frame all parties to the main action agreed to. Joint Status Report & Disc. Plan, 3. ("The parties propose a deadline of March 10, 2022, for joining additional parties.").

---

[3] The Court currently has before it Defendants' Motion to Dismiss, Dkt. No. 17, seeking to dismiss this lawsuit for lack of subject-matter jurisdiction.

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 6
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

### B. AARP's Intervention Would Cause No Prejudice.

The potential for prejudice to original parties is "the most important consideration in deciding whether a motion for intervention is untimely." *L.A. Unified Sch. Dist.*, 830 F.3d at 857 (quoting *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)). Here, there can be no prejudice to the original parties. If granted Intervenor status, AARP will submit responsive pleading on the same schedule as the original Defendants. AARP's intervention will lead to no delay in this litigation causing excessive expense, no loss of evidence, and no disruption of delicate settlements reached between the original parties. *See id.*; *see also Droplets, Inc.*, 2019 WL 9443778, at *4.

Not only did both parties to the main action agree to this deadline for joining additional parties, but, most importantly, this Court has not yet considered the sufficiency of Class Plaintiffs' legal arguments. In this way, AARP's intervention is not so premature as to tax judicial resources unnecessarily by joining arguments in which AARP had no unique interest,[4] nor is it so late as to disadvantage the original parties' positions in the main action. *See Kalbers*, 22 F.4th 816 at 821. Therefore, the lack of prejudice, too, counsels that AARP's Motion is timely.

### C. AARP Moves to Intervene Without Any Meaningful Delay.

The third prong of the timeliness inquiry instructs this Court to consider the reason for a proposed intervenor's delay in moving for intervention. Here, however, there has been no real delay. This litigation commenced on November 9, 2021. AARP seeks to intervene just four months after its commencement. *Cf. Droplets, Inc.*, 2019 WL 9443778, at *5 ("While unexplained, the six-month delay at issue here is not extraordinary."). Moreover, the State

---

[4] Defendants' Motion to Dismiss, Dkt. No. 17, argues that the Tax Injunction Act deprives this Court of jurisdiction over this matter, that the Eleventh Amendment bars Class Plaintiffs' claims entirely, and that Plaintiffs do not satisfy Article III requirements. As raised in this motion, these threshold procedural issues do not implicate AARP's unique interests or subject-matter expertise.

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 7
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

Defendants' earlier motion to dismiss did not necessitate AARP's joinder at that time, as it did not address the proper application of ERISA, the ADEA, or the OWBPA, AARP's principal interests in this matter.

In light of all these circumstances, AARP's motion is undoubtedly timely.

### IV. AARP's Defense of WA Cares Will Share Common Questions of Law and Fact with the Main Action.

Permissive intervenors must share "with the main action *a* common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added); *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) ("[I]f there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention."), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Notably, as one of this critical program's most dedicated and active proponents, AARP does not seek to raise any additional claims but, instead, to aid in the program's defense. *See Washington*, 2020 WL 1955554, at *4 (holding that organizations seeking to intervene to defend a challenged administrative action had an interest that "[arose] from the same common nucleus of facts" and so satisfied the common question requirement); *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) (holding that a citizen and organizations who drafted and campaigned for a piece of legislation "share[d] a common question of law or fact with the main defense in the action" challenging its constitutionality). AARP will contend that as a state-managed program funded by a payroll deduction, WA Cares is not an employee benefit plan and does not relate to any such plan. Thus, it is not preempted by ERISA and also is outside the scope of ERISA, the ADEA, and the OWPBA. AARP's arguments in defense of the program share legal and factual questions

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 8
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

that go to the crux of the main action. Thus, AARP's intervention satisfies the commonality requirement.[5]

### V. The *Spangler* Factors Also Weigh in Favor of Granting AARP's Permissive Intervention.

The *Spangler* factors counsel for permitting AARP's intervention. The "nature and extent" of AARP's interest is extensive and not already represented in this matter, and AARP's voice will "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler*, 552 F.2d at 1329.[6]

As one of WA Cares' primary architects and champions, AARP has a strong interest in preserving the program. With its coalition partners and on its own, AARP advocated vigorously for the passage of WA Cares and is seriously invested in defending this ground-breaking piece of legislation that it helped to craft, pass, and improve. *See generally* MacCaul Dec. Beginning in 2013, AARP's central focus on making long-term care accessible and affordable led it to lay the foundation for this program, participate in its creation, demand its improvement, and inform the public about it. *Id.* at ¶¶ 4–23. The legislation has been a cornerstone of AARP Washington's advocacy on behalf of the 50+ in Washington, including the organization's membership there. It has a strong organizational and representational interest in the outcome of this case.

AARP's interest as a nongovernmental supporter of WA Cares is not already represented by the original parties in this matter. *See Nw. Sch. of Safety*, 2015 WL 1311522, at *2–3 (rejecting the argument that permissive intervention would prove redundant and allowing the

---

[5]   Permitting AARP, SEIU 775, and PSARA to intervene will not lead to a flurry of overlapping filings. As proponents of WA Cares, all proposed intervenors have agreed to consolidate any overlapping briefing on which they share a position in this matter should their interventions be permitted.

[6]   Other *Spangler* factors—such as the need to reevaluate motions for intervention already decided or the delay caused by the intervention—are either inapplicable to this matter or have already been addressed elsewhere.

| AARP'S MOTION TO INTERVENE | AARP Foundation |
| PURSUANT TO FED. R. CIV. P.24(b) - 9 | 601 E St. NW |
| 21-cv-01515-TSZ | Washington, DC 20049 |
| | 202-434-6280 |

nongovernmental principal proponent of legislation to defend it alongside the government defendant). The Ninth Circuit has routinely found that nonprofit organizations seeking to defend the legislation they helped to pass have a sufficient interest to support their intervention. *See, e.g.*, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ("A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (holding that environmental organizations, which had supported the defendant's now-challenged administrative action, clearly had an interest that supported their intervention); *Wash. State Bldg. & Const. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) (holding that the public interest group, which sponsored the now-challenged initiative, was entitled to intervene); *Don't Waste Wash. Legal Def. Found. v. Washington*, 461 U.S. 913 (1983); *Idaho v. Freeman*, 625 F.2d 886, 887 (9th Cir. 1980) (holding that the National Organization for Women had "such an interest in the continued vitality of [the proposed Equal Rights Amendment]" as to warrant their intervention "in a suit challenging procedures for ratification").

Additionally, AARP's role as an advocate for the WA Cares program and relevant subject-matter expertise would aid this Court in this litigation's resolution. Such expertise in areas of great legal complexity are valuable, particularly here where this case carries statewide, and potentially nationwide, ramifications. *See* MacCaul Dec. at ¶ 25. AARP will contribute greatly to both the legal and factual development of issues central to this case. Moreover, the WA Cares Program provides a first-of-its-kind benefit which will support AARP Washington members. AARP as defendant-intervenors with great interests at stake can be relied on to vigorously litigate and to help advance this matter. *Cf. Kootenai Tribe of Idaho*, 313 F.3d at 1111 (affirming a grant of permissive intervention where "the presence of intervenors would assist the

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 10
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

court in its orderly procedures leading to resolution of this case, which impacted large and varied interests").

## CONCLUSION

The Court should grant AARP's Motion Intervene in the litigation as a Defendant.

RESPECTFULLY SUBMITTED this 9th day of March 2022.

**FRANK FREED SUBIT & THOMAS LLP**

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
206-682-6711
msubit@frankfreed.com

/s/ Dara S. Smith
Dara S. Smith, *admission pro hac vice pending*
dsmith@aarp.org
AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

*Attorneys for AARP*

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 11
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189

AARP'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P.24(b) - 12
21-cv-01515-TSZ

AARP Foundation
601 E St. NW
Washington, DC 20049
202-434-6280