THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC BELLS, LLC; BRUNSWIKST., LLC; and WOW DISTRIBUTING, INC., on their own behalf and on behalf of similarly situated employers, <br><br> and <br><br> MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees, <br><br>             Class Plaintiffs, <br><br>         v. <br><br> JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; DONALD CLINTSMAN, in his capacity as the Acting Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan, <br><br>             Defendants. | No. 2:21-cv-01515-TSZ <br><br> **PLAINTIFFS' OPPOSTION TO MOTIONS TO INTERVENE FILED BY SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 775, PUGET SOUND ADVOCATES FOR RETIREMENT ACTION, AND AARP** |

I.      INTRODUCTION

The Court has before it two motions to intervene to add three new parties: (1) Service Employees International Union Local 775 ("SEIU"); (2) Puget Sound Advocates for Retirement Action ("PSARA"); and, separately, (3) AARP (collectively, "Proponent Intervenors"). (See

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 1
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

generally "SEIU Motion," Doc. #24 and "AARP Motion," Doc. #30).  While the Proponent Intervenors indicate that they will jointly brief all issues to avoid duplication, (SEIU Motion, n. 1), the Proponent Intervenors failed in this first instance by filing two separate motions to intervene.  Nevertheless, for the convenience of the Court and to actually avoid duplication, Plaintiffs file this single Opposition to both Motions to Intervene.

The motions before the Court are motions for permissive intervention under FRCP 24(b).  None of the Proponent Intervenors allege that they may intervene as a matter of right under FRCP 24(a).  None of the Proponent Intervenors allege that they have Article III standing in this litigation.  While the Court has discretion to permit intervention, the Ninth Circuit has indicated that such discretion should only be exercised after considering the six factors set forth in *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326 (9th Cir. 1977).  In the instant case, none of the *Spangler* factors are met as the Proponent Intervenors' only interests in this lawsuit are philosophic identification with the Defendants and a concern with unfavorable precedent.  The SEIU and PSARA argue that they can contribute to the factual background as they were involved as lobbyists, (SEIU Motion, 1-5), and AARP touts that it is a legal expert in ERISA law.  (AARP Motion, 2-4).  Neither of these concerns are factors under *Spangler.*  An examination of the six *Spangler* factors indicates that the Proponent Intervenors do not meet the requirements for intervention and, therefore, their request for permissive intervention should be denied.  A general interest in the outcome of this case is simply not sufficient grounds to allow lobbyists to intervene in ongoing litigation.

## II.   ARGUMENT

### A.   Proponent Intervenors do not allege Article III standing – a factor that should be considered by this Court

The authorities cited by the Proponent Intervenors that independent standing is not required for permissive intervention under FRCP 24(b) are all decisions that were decided prior to the Supreme Court's decisions in *Spokeo v Robins*, 136 S Ct. 1540, 1547 (2016), *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017), and *Thole v. US Bank*, 140 S. Ct. 1615

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 2
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(2020), in which the Supreme Court emphasized the importance that each party to the lawsuit have Article III standing. Plaintiffs are not suggesting that Ninth Circuit case law stating that the Article III standing is not required for permissive intervention has been overruled, but rather that the lack of constitutional standing is a factor that should be weighted and strongly considered by this Court in deciding whether to grant permissive intervention. *See NYC C.L.A.S. H. v. Carson*, Case No. 18-1711 (ESH), 2019 WL 2357534, *3 (D.D.C. June 4, 2019) (while not determinative, the lack of Article III standing is a factor that undercuts a claim for permissive intervention); *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977) (the standing of the intervenor is a relevant factor to consider with respect permissive intervention). Without Article III standing, any "organization or individual with only a philosophic identification with a defendant—or a concern with unfavorable precedent—could attempt to intervene and influence the course of litigation." *Crossroads Grassroots Policy Strategies v. Federal Election Comm'n*, 788 F.3d 313, 316 (D.C. Cir. 2015). That is precisely the case here. Three Proponent Intervenors are attempting to intervene solely because of a philosophic identification with Defendants and a desire to avoid adverse precedent for legislation that they are actively lobbying for in other states. Such an interest, without Article III standing, is not sufficient grounds to grant intervention as those interests are already adequately represented by Defendants and the arguments of the Proponent Intervenors would be entirely duplicative. *See Seneca Resources Corp. v. Highland Township*, Case No. 16-cv-289 Erie, 2017 WL 4168472, *6 (W.D. Pa. Sept. 20, 2017) (denying permissive intervention when standing is not met).

**B.   Proponent Intervenors will not contribute to the development of any facts necessary to adjudicate the legal questions presented**

While the Proponent inventors do not allege standing, they allege that their presence is necessary because their "perspective is essential to the full development of the Legislation's factual content." (SEIU Motion, 9; AARP Motion, 8-9). While there may be instances where a lobbyist can provide relevant factual background, that is not the case here. An examination of

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 3
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the issues before this Court establishes that there are no issues of fact that need to be developed to decide the legal issues involved.

On January 10, 2022, the Parties filed a joint status report and discovery plan. Subject to this Court's ruling on jurisdiction, the Parties anticipated that this case would be resolved on cross motions for summary judgment on the following legal issues:

1. Is WA Cares preempted by ERISA?

2. Does the WA Cares forfeiture provision, based on residency, violate the Equal Protection Clause, the fundamental right to travel, and/or the Privileges and Immunities Clause of the US Constitution?

3. Does the WA Cares ten-year vesting requirement discriminate against older workers employed within ten years of retirement?

4. Do insurance premiums for older workers that are not cost-justified based on either the age or health of the worker violate the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act?

5. Can mandatory employee premiums be forfeited without providing any benefit, or the return of such contributions, under the Employee Retirement Income Security Act, the Age Discrimination in Employment Act, or applicable insurance law?

6. Is WA Cares a multiple employer welfare arrangement subject to both federal and state law?

7. Are the 2022 amendments to WA Cares void, as the amendments increased the premium necessary to pay for the additional benefits beyond .58% of compensation without any plan to ensure the solvency of the Fund, as required by RCW 50B.04.080?

As the Court is aware, no facts need to be developed to brief the purely legal issues set forth above. Because the Parties will be filing cross motions on an agreed upon briefing schedule, allowing intervention by Proponent Intervenors virtually guarantees the Court will receive duplicative briefing on the legal issues presented. Unlike *Doe v Harris*, upon which the

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 4
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Proponent Intervenors rely, (*see* SEIU Motion, 9-10), the intervenors do not have even minor procedural, factual, or legal strategy differences that will contribute to the issues before this Court. *Doe v. Harris*, Case No. 12-cv-5713, 2013 WL 140053 (N.D. Cal. Jan. 10, 2013). In fact, the Proponent Intervenors admit that they "don't intend to add any additional claims but, instead, to aid in the programs defense." (*See* AARP Motion, 8). There is no legal or practical reason to permit a third round of briefing on the identical legal issues that will be resolved by this Court. Such briefing will merely add to the time and expense attendant to this litigation and the addition of unnecessary parties will complicate the case, including any associated discovery.

### C. Proponent Intervenors' interests are adequately represented by Defendants

In this case the interests of the Defendants and the Proponent Intervenors are alleged to be identical—both Defendants and Proponent Intervenors will rely on the same facts to support the same legal arguments. An applicant must meet a higher standard to intervene when their ultimate interest and objectives are identical to the present party:

> When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to the present parties, a compelling interest should be required to demonstrate inadequate representation.

*Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006), *quoting Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The intervenor's burden is even higher where, as here, they are attempting to intervene on the same side as the government, because absent a very compelling showing to the contrary, "it will be presumed that the state adequately represents its citizens when the applicant shares the same interest." *Id*. Moreover, an applicant is not entitled to intervene simply because it is a public interest group. *See, e.g., Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951-52 (9th Cir. 2009) (denying motion to intervene because public interest organization was unable to articulate why their interest in the suit was broader than that of the defendants).

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 5
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

When deciding whether a potential intervenor's interests are adequately represented by the existing parties to the lawsuit, the following factors are considered: (1) whether the intervenor's arguments will be raised; (2) whether existing parties are capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceeding that the other parties neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003), *citing State of California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).  The proposed intervenor bears the burden of demonstrating inadequate representation.  *Arakaki*, 324 F.3d at 1086.

In the instant case, the *Arakaki* factors clearly weigh in favor of Plaintiffs.  First, the Proponent Intervenors concede that they do not intend to raise any new arguments in this case by stating they "do[] not seek to raise any additional claims but, instead, to ***aid*** in the program's defense." (AARP Motion, 10; SEIU Motion, 7) (emphasis supplied).  Instead, the Proponent Intervenors note that they seek to join this matter merely to "defend the program it helped to bring about and to contribute its expertise to the legal issues central to this action," (AARP Motion, 3; SEIU Motion, 3-7).  Indeed, AARP spends a great deal of its motion touting its own expert knowledge and experience regarding ERISA, noting numerous purportedly relevant cases in which it filed amicus briefs, as well as its own cases involving ERISA.  However, AARP's "deep expertise" regarding the relevant subject matter is plainly irrelevant in determining whether it should be permitted to intervene.  (AARP Motion, 2).

Second, the Proponent Intervenors cannot plausibly argue that existing parties are incapable and unwilling to make the same arguments.  While the Proponent Intervenors purport to contribute to the development of underlying factual issues due to its prior advocacy of WA Cares, as set forth above, there are no relevant facts that need to be developed to decide the legal issues in this case.  The Proponent Intervenors failed to articulate why their familiarity with the legislative history of WA Cares will have any impact on the adjudication of the instant case.

Finally, with respect to the third *Arakaki* factor, it bears noting that Proponent Intervenors carry the burden of defeating the presumption that they are adequately represented by

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 6
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants. *LULAC v. Clements,* 884 F.2d 185, 189 (5th Cir. 1989) ("[w]hen a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance.") (citations omitted); *Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (accord); *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir. 1987).

This burden is high where, as here, the government is a party to the case:

> There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a ***very compelling showing*** to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest.

*Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (emphasis added), *quoting Arakaki*, 324 F.3d at 1086. The Proponent Intervenors have failed to meet this compelling burden and their request for intervention should be denied.

**D.      Application of the *Spangler* Factors indicate that permissive intervention should be denied.**

In *Spangler v. Pasadena City Bd. of Ed.*, the Ninth Circuit articulated the following factors a district court may consider when exercising that discretion:

> These relevant factors include [(1)] the nature and extent of the intervenors' interest, [(2)] their standing to raise relevant legal issues, [(3)] the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, [(4)] whether the intervenors' interests are adequately represented by other parties, [(5)] whether intervention will prolong or unduly delay the litigation, and [(6)] whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

552 F.2d 1326, 1329 (9th Cir. 1977). An examination of these factors indicates that intervention should be denied:

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 7
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

First is the nature of the extent of the intervenor's interest. Here, the Proponent Intervenors' interests are identical to the Defendants' interests, so intervention is not warranted.

Second is the intervenor's standing to raise the legal issues. As discussed above, here, the Proponent Intervenors have not demonstrated Article III standing, so intervention is not warranted.

Third is the legal position that the intervenors seek to advance. Here, the Proponent Intervenors have not identified any legal position that differs from that of the current parties, so intervention is not warranted.

Fourth is whether the intervenor's interests are adequately represented. As discussed above, here, Defendants adequately represent the interests of Proponent Intervenors, so intervention is not warranted.

Fifth is whether the intervention will unduly prolong or delay the litigation. Here the addition of three new parties will complicate discovery and add time and expense to briefing and conferences, all with no resultant benefit to this Court. The Parties anticipate that this case will be resolved on cross motions for summary judgment. There is nothing to be gained by adding yet another set of briefs to the cross motion briefing that this court will already be receiving. So, intervention is not warranted.

Sixth is whether the intervenors will significantly contribute to the factual development of the underlying legal issues. Here, the litigation is not dependent on the further development of any facts, so intervention is not warranted.

For the foregoing reasons, the Proponent Intervenors' permissive requests to intervene pursuant to FRCP 24(b) to become parties to this lawsuit should be denied.

Additionally, while the AARP points to several cases in which public interest groups were permitted to intervene, "it would be impractical to base a finding of sufficient interest for purposes of establishing intervention of right solely on public interest grounds." *Blake v. Pallan*, 554 F.2d 947, 953 (9th Cir. 1977). Moreover, each case cited by AARP is distinguishable from the present case:

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 8
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

In *Sagebrush Rebellion, Inc. v. Watt*, the motion to intervene at issue was not brought under FRCP 24(b), but rather 24(a). 713 F.2d 525 (9th Cir. 1983). Regardless, the Court granted the motion because the defendant (Secretary of the Interior, James Watt) had previously been the head of the foundation which was representing the plaintiff in the action. Thus, the Court found that due to this potential conflict of interest, the public interest group "offers a perspective which differs materially from that of the present parties to this litigation." *Id.* at 528. Simply put, such unique circumstances warranting intervention are not present here.

In *Idaho Farm Bureau Fed'n v. Babitt*, the applicant again brought its motion to intervene under FRCP 24(a) rather than 24(b). 58 F.3d 1392 (9th Cir. 1995). The Court reasoned that the defendant was incapable and unwilling to make the intervenor's arguments, stating it "was unlikely to make strong arguments in support of its own actions" because it failed to render a final decision on a proposed listing until it was faced with a lawsuit, which happened to be filed by the applicant. *Id.* at 1398. Again, such circumstances are absent in this case.

In *Wash. State Bldg. & Const. Trades Council v. Spellman*, the Court held that the applicant was permitted to intervene as of right under FRCP 24(a), which is not raised in the instant motion. 684 F.2d 627, 629-30 (9th Cir. 1982). Further, even if the Proponent Intervenors brought their motion under FRCP 24(a), the motions should still be dismissed because they would not be able to satisfy the standing requirements under the rule.

In the one-page opinion for *Idaho v. Freeman*, the applicant again moved under FRCP 24(a). 625 F.2d 886 (9th Cir. 1980). The Court reasoned that the public interest group would be "significantly impaired" by an adverse decision, and found there to be "incomplete" representation in the case. *Id.* at 887. The Proponent Intervenors have proffered no basis to conclude that there is incomplete representation in this case, and instead offers only to "aid" Defendants.

Thus, the *Spangler* factors militate against allowing the Proponent Intervenors to intervene and the cases cited by the Proponent Intervenors do not hold to the contrary.

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 9
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### III. CONCLUSION

The Proponent Intervenors lack Article III standing, their interests are already adequately represented, and they will contribute nothing to the development of any factual issues necessary to decide the instant case as there are no facts that need to be developed.  A review of the *Spangler* factors indicates that their request for intervention should also be denied because their request is based only on a philosophic identification with a defendant and a concern with unfavorable precedent neither of which weigh in favor of intervention under *Spangler*.  As the Proponent Intervenors do not satisfy the factors necessary to intervene, their permissive request should be denied by this Court, as their interests are already adequately represented by the government.

DATED this 21st day of March, 2022.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for* Pacific Bells, LLC, BrunswikSt., LLC, and WOW Distributing, Inc, and Melissa Johnston, Lena Madden, Judi Chapman, Katherine Solan, John Edmundson, and Mike Lindbo, *as well as the Employer and Employee Class*

By   */s/ Richard J. Birmingham*
Richard J. Birmingham, WSBA #8685
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Fax:  206.757.7700
Email:  richbirmingham@dwt.com

By   */s/ Wm. Brent Hamilton, Jr.*
Wm. Brent Hamilton, Jr., WSBA#52151
1300 SW 5th Avenue, Suite 2400
Portland, OR  97201-5610
Telephone: 503.778.5472
Fax:  503.778.5299
Email:  brenthamilton@dwt.com

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 10
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 21, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of March, 2022.

    */s/ Cynthia Peek*
    Cynthia Peek

PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE
(2:21-cv-01515-TSZ) - 11
4879-4697-1926v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax