The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PACIFIC BELLS, LLC; BRUNSWIKST, LLC; and WOW DISTRIBUTING, INC., in their own and on behalf of similarly situated employers,<br><br>    and<br><br>MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees,<br><br>           Class Plaintiffs,<br><br>    v.<br><br>JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; DONALD CLINTSMAN, in his capacity as the Acting Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan,<br><br>           Defendants. | NO.  21-cv-01515-TSZ<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF |

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

**A.  The Plaintiffs Have the Burden to Establish this Court has Jurisdiction, Including any Facts Necessary to Show that the Tax Injunction Act Does Not Bar Jurisdiction**

The Court should "presume that federal courts lack jurisdiction 'unless' the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (quoting *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546 (1986)) (cleaned up); *see also Warth v. Seldin*, 422 U.S. 490, 518 (1975). And it is the plaintiff who bears the burden to show the Tax Injunction Act does not bar jurisdiction. *See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 341 (1990) (holding plaintiff bore burden to prove there was no "plain, speedy, and efficient remedy" under the Tax Injunction Act); *see also Chase Manhattan Bank, N.A. v. City and County of San Francisco*, 121 F.3d 557, 559 (9th Cir. 1997) (same). Therefore, it is the plaintiff's burden to show that the Tax Injunction Act does not apply. In this case, that includes establishing the number of people that will pay premiums under the WA Cares program to the extent that fact is relevant to the inquiry.

**B.  Washington Workers Subject To, Exempt From, And Opted-In to WA Cares**

**Population paying premiums:** Approximately 3,410,911 Washington workers employed by an employer will be required to pay premiums in 2023. Declaration of April Amundson (Amundson Decl.) ¶ 11. This is about 83 percent of the total estimated employee population. *See id.* at ¶ 3 (4,091,072 employees estimated to work in Washington State in 2023).

**Opt-outs:** The Washington State Employment Security Department (ESD) has received and approved 473,510 applications to opt out of WA Cares by individuals who had purchased a private long-term care insurance policy by November 2021. *Id.* at ¶ 2.

**New exemptions:** ESD estimates that 206,651 Washington workers will be exempt from WA Cares under the new exemptions enacted by the Washington State Legislature in 2022. *Id.* at ¶ 9.

**Opt-ins:** ESD estimates that in 2023, 233,191 people will be self-employed in Washington State. Of these, ESD estimates that as many as 40,000 of them will opt-in to WA Cares, but this is mostly likely a high estimate. *Id.* at ¶ 10. Self-employed, opt-in participants are, therefore,

DEFENDANTS' SUPPLEMENTAL
BRIEF -- NO. 21-CV-01515-TSZ

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1  estimated to be at most about one percent of the total WA Cares participant population.

2  **C.    Melissa Johnston Lacks Standing And Should be Dismissed**

3       "Melissa Johnston resides in Eagle Point, Oregon." Dkt. 1 at p. 4:7. Any "employee who

4  is employed by an employer in Washington, but maintains a permanent address outside of

5  Washington as the employee's primary location of residence" is exempt from payment of WA

6  Cares premiums. 2022 Wash. Sess. Laws, ch. 2 § 2. Ms. Johnston is not injured by the WA Cares

7  premiums that she challenges, she lacks standing, and should be dismissed as a plaintiff. *See*

8  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

9  **D.    WA Cares Does *Not* Meet the Definition of an Employee Benefit Plan**

10      A "threshold requirement" for ERISA coverage is that a plan must be "established or

11  maintained by an employer." *Howard Jarvis Taxpayers Assn. v. California Secure Choice Ret.*

12  *Sav. Program*, 997 F.3d 848, 859 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1204 (2022); *see also*

13  29 U.S.C. §§ 1002(1)-(3), 1003(a). Because of this requirement, the Ninth Circuit rejected an

14  ERISA preemption challenge to a similar state-enacted benefit program in California, known as

15  CalSavers. As the court explained, "the ERISA-required 'employer' that supposedly 'established

16  or maintained'" CalSavers "could only be one of two entities": the state or the private companies

17  whose employees receive benefits. *Howard Jarvis*, 997 F.3d at 859. The Ninth Circuit held that

18  California was not the "employer" of every worker statewide. And while the companies were

19  "employers," they did not "establish or maintain" the state-enacted benefit program. As detailed

20  below, the same conclusions follow here.

21      **1.    Washington State Is Not the "Employer"[1]**

22      As *Howard Jarvis* explained, it "seems quite clear that although California 'established

23  or maintained' CalSavers, it did not do so in the capacity of an 'employer.'" 997 F.3d at 859.

24
25
26

---

[1] The State does not qualify as an "employee organization," which means an organization "in which employees participate and which exists for the purpose … of dealing with employers concerning an employee benefit plan." 29 U.S.C. § 1002(4); *see also Greenwood v. Hartford Life Ins. Co.*, 471 F.Supp.2d 1049, 1052 (C.D. Cal. 2007) ("'[E]mployee organization' for the purposes of ERISA and under the plain meaning of section 1002(4) is to cover labor unions and other traditional organizations established by employees of a particular employer.").

DEFENDANTS' SUPPLEMENTAL
BRIEF --  NO.  21-CV-01515-TSZ

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

ERISA defines "employer" to mean "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. § 1002(5). The court easily concluded that California "does not employ" the CalSavers participants, who are employed by private businesses. 997 F.3d at 860. Likewise, Washington is not the direct "employer" of the employees covered by WA Cares, who work for various businesses throughout Washington.[2]

Similarly, as the court concluded in *Howard Jarvis*, the State is not "acting 'indirectly in the interest of an employer'" because it does not "represent employers in any relevant sense." *Id.* The State is not an agent implementing a benefit promise "*on behalf of*" employers"; on the contrary, it has "step[ped] in where the State regards eligible [] employers as having failed to provide their workers with desirable" benefits. *Id.* (emphasis added). "[E]mployers have no say over how [the program] is operated; they did not create it, nor do they control it." *Id.* The State makes these decisions on its own accord. *Accord Golden Gate Rest. Ass'n v. City and County of San Francisco*, 546 F.3d 639, 654 (9th Cir. 2008) ("When the City administers the [City-sponsored health program], it does not act as the employer's agent entrusted to fulfill the benefits promises the employer made to its employees").

### 2.     Private Employers Do Not "Establish or Maintain" a Benefit Plan

"The 'established or maintained' requirement … 'appears designed to ensure that the plan is part of an employment relationship.'" *Howard Jarvis*, 997 F.3d at 859-60 (citation omitted); *accord Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1049 (10th Cir. 1992). This is determined by "looking at the degree of participation by the employer." *Peckham*, 964 F.2d at 1049. Employers' "ministerial obligations" under WA Cares "do not resemble the establishment or maintenance of an ERISA plan." *Howard Jarvis*, 997 F.3d at 866.

"[T]he 'establishment' of an ERISA plan requires both a 'decision to extend benefits' and some '[a]cts or events that record, exemplify or implement the decision,' such as 'financing

---

[2] To the extent WA Cares is also available to employees of the State, a program covering governmental employees cannot be an ERISA plan because plans "established or maintained" by state governments for their employees are expressly exempted from ERISA's coverage. *See* 29 U.S.C. §§ 1002(32), 1003(b)(1).

DEFENDANTS' SUPPLEMENTAL
BRIEF -- NO. 21-CV-01515-TSZ

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

or arranging to finance or fund the intended benefits" or "establishing a procedure for disbursing benefits.'" *Howard Jarvis*, 997 F.3d at 860 (citation omitted). Washington employers do not satisfy either requirement. Employers did not make the decision to extend benefits; the State did. *See Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 743 (2003) (recognizing the "centrality of ERISA's object of protecting employees' justified expectations of receiving the benefits their *employers* promise them.") (emphasis added). Nor do employers fund the benefits or establish the procedures for disbursing benefits: *employees* pay premiums pursuant to a system established by the State, *e.g.*, Wash. Rev. Code § 50B.04.080, and the State established the framework and procedures for providing benefits, *e.g.*, *id.* §§ 50B.04.020, 50B.04.060, 50B.04.070.

Employers also do not "maintain" WA Cares. To "maintain" a plan means to "care[] for the plan for purposes of operational productivity." *Howard Jarvis*, 997 F.3d at 861 (citations omitted). Plaintiffs complain that WA Cares requires employers to "determine" which wages and employees are subject to the Act (dkt. 1at p. 10:16) but the definition of "employee" and "wages" is consistent with other aspects of Washington law and based on objective, non-discretionary criteria. *See* Wash. Rev. Code § 50B.04.010(7), (17). The Ninth Circuit has squarely rejected the notion that such limited, non-discretionary responsibilities rise to the level of "maintaining" an ERISA plan. In concluding that a city-operated health program was not "maintained" by employers, the Ninth Circuit held that any "burden" on employers "entailed in keeping track of which workers perform qualifying work" was "not enough" to convert the program into an ERISA plan. *Golden Gate*, 546 F.3d at 650.

Employers also must withhold premiums from employee paychecks and remit them to the State on a quarterly basis. Wash. Rev. Code § 50B.04.080; Wash. Admin. Code § 192-910-010. But Courts routinely hold that withholding earnings and forwarding payments to another entity does not constitute the "establishment" or "maintenance" of a plan. *See, e.g.*, *Reliance Ins. Co. v. Ziegler*, 938 F.2d 781, 784 (7th Cir. 1991); *Graham v. Hartford Life & Acc.*

DEFENDANTS' SUPPLEMENTAL
BRIEF -- NO. 21-CV-01515-TSZ

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1   *Ins. Co.*, 589 F.3d 1345, 1354 (10th Cir. 2009). Thus, the Ninth Circuit concluded that employers

2   did not "maintain" the CalSavers program where they performed "essentially mechanical" acts,

3   such as "evaluating employee eligibility according to non-discretionary criteria; providing the

4   State with employee identification and contact information; and processing specified payroll

5   deductions according to set formulae." *Howard Jarvis*, 997 F.3d at 862.

6       "[I]n the context of a government-sponsored benefit in which an employer has mandatory

7   back-end responsibilities, 'an employer's administrative duties must involve the application of

8   more than a modicum of discretion'" to "establish or maintain" an ERISA plan. *Id.* at 861

9   (quoting *Golden Gate*, 546 F.3d at 650). This is because "[i]t is within the exercise of …

10  discretion that an employer has the opportunity to engage in the mismanagement of funds and

11  other abuses with which Congress was concerned when it enacted ERISA." *Golden Gate*,

12  546 F.3d at 650. Where, as here, employers do not have discretion over funds or the eligibility

13  for benefits, the concerns underlying ERISA are not implicated. *Id.; accord Howard Jarvis*,

14  997 F.3d at 861.

15      In *Howard Jarvis*, the Ninth Circuit ultimately concluded that "it is the State that has

16  established CalSavers and the State that maintains it—and not eligible employers":

17
18      California created CalSavers. California determines the eligibility for both
        employers and employees. California enrolls eligible employees…. California acts
19      as the sole fiduciary over the trust and program, with the Board making all
        investment decisions …. And California is 'free to change the kind and level of
20      benefits as it sees fit.' All of this confirms that "the [State], rather than the
        employer, establishes and maintains" CalSavers.

21  *Id*. at 862 (citation omitted). Similarly, Washington—and not any private employers—

22  "established" and "maintains" WA Cares. And because Washington is not the employer, WA

23  Cares is not an ERISA plan. 29 U.S.C. §§1002(1)-(3), 1003(a).[3]

24
    _____
    [3] Plaintiffs are also incorrect that a voluntary opt-out matters to the ERISA analysis. Dkt. 1 at p. 11:15. They cite
25  *Howard Jarvis*, but the ability of employees to opt out was not part of the court's analysis. Plaintiffs also cite a DOL
    safe harbor for *individual retirement accounts, id.* (citing 29 C.F.R. § 2510.3-2(d)). Even if that safe harbor applied
26  to the *long-term care* benefits at issue here, which it does not, *Howard Jarvis* recognized that failing a safe harbor
    just means a program is "subject to further evaluation under the conventional tests." 997 F.3d at 857.

1  DATED this 31st day of March, 2022.

2

3                                        ROBERT W. FERGUSON
                                         *Attorney General*
4                                        *s/ William McGinty*
                                         WILLIAM McGINTY, WSBA NO. 41868
5                                        JACOB DISHION, WSBA NO. 46578
                                         MEHA GOYAL, WSBA No. 56058
6                                        *Assistant Attorneys General*

7                                        DANIEL J. JUDGE, WSBA NO. 17392
                                         *Senior Counsel*
8

9                                        Office of the Attorney General
                                         7141 Cleanwater Drive SW
10                                       PO Box 40124
                                         Olympia, WA 98504-0124
11                                       Telephone: (360) 586-6565
                                         Fax: (360) 586-6657
12                                       Email: Daniel.Judge@atg.wa.gov
                                                William.McGinty@atg.wa.gov
13                                              Jacob.Dishion@atg.wa.gov
                                                Meha.Goyal@atg.wa.gov
14
                                                          *Attorney for Defendants*
15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

  I certify that on the date indicated below, I caused the foregoing document to be

3

electronically filed with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the following CM/ECF participants:

5

6

Richard J. Birmingham   richardbirmingham@dwt.com
Christine Hawkins     christinehawkins@dtw.com

7

Wm. Brent Hamilton, Jr.   brenthamilton@dwt.com

8

  I certify under the penalty of perjury under the laws of the state of Washington that the

9

foregoing is true and correct.

10

  EXECUTED this 18th day of March, 2022, at Olympia, Washington.

11

12

       *s/ William McGinty*
       WILLIAM MCGINTY

13

       *Assistant Attorney General*

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL
BRIEF -- NO. 21-CV-01515-TSZ

7