THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC BELLS, LLC; BRUNSWIKST, LLC; and WOW DISTRIBUTING, INC., on their own behalf and on behalf of similarly situated employers,

    and

MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees,

                Class Plaintiffs,

    v.

JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; DONALD CLINTSMAN, in his capacity as the Acting Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan,

                Defendants.

No. 2:21-cv-01515-TSZ

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

This Supplemental Brief addresses the four issues raised by the Court.

**(A)**    **Which party bears the burden of establishing the number of individuals against whom Long-Term Services and Supports Trust Program (also known as "WA Cares") premiums will be assessed?**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants raised the Tax Injunction Act (TIA) as a defense to Plaintiffs' claims.

Accordingly, Defendants have the burden of proof for facts necessary to resolve that defense.

At present, Defendants raise the TIA as part of a facial challenge on a motion to dismiss.

In that context, the Court must draw all reasonable inferences in favor of Plaintiffs and accept

Plaintiff's factual allegations in the Compliant as true.  *See Wolfe v. Strankman*, 392 F.3d 358,

362 (9th Cir. 2004).  In addition, as Defendants raised a facial challenge in their motion to

dismiss with no factual numbers, Plaintiffs have no additional burden to produce evidence.

**(B)     How many individuals are (i) anticipated to be subject to WA Cares premiums on or after July 1, 2023; (ii) expected to be exempt as of July 1, 2023; (iii) have already applied or are expected to apply for exemption from the assessment of WA Cares premiums for each of the potential reasons set forth in RCW Chapter 50B.04 and Laws of 2022, ch. 2, § 2; (iv) self-employed in Washington; and (v) predicted to elect coverage pursuant to RCW 50B.04.090?**

At this stage of the litigation, where the parties are still engaged in discovery, Plaintiffs

can offer only preliminary answers to some of these questions based on information and

documents provided by Defendants.  Plaintiffs believe that answers to these questions will

become clearer after the parties have had a full opportunity to complete discovery.

(i)     More than 3.277 million individuals are anticipated to be subject to WA Cares

premiums on or after July 1, 2023.  In the December 14, 2020, Milliman Report, the actuarial

study commissioned by the Office of the State Actuary to provide an actuarial analysis of WA

Cares, the estimated number of "Vested Individuals" as of 2025 is 3,277,000.  Declaration of

Richard Birmingham ("Birmingham Decl."), Ex. A, 43-44.  According to the report, a "Vested

Individual" is an employee that has paid into WA Cares for three years, which would require an

individual began paying into WA Cares in 2022.[1]  Birmingham Decl., Ex. A, 35.  Since

additional employees beyond those "Vested Individuals" will be paying into WA Cares (e.g.

employees who are not yet "vested"), Plaintiffs posit that the number of individuals anticipated

to be subject to WA Cares premiums on July 1, 2023, is necessarily more than 3.277 million.

---

[1] Recent legislation delayed implementation until 2023, which the December 2020 Milliman Report does not consider.  However, for purposes of estimating the number of people likely subject to the program, Plaintiffs believe these figures still provide a reliable estimate.

PLAINTIFFS' SUPPLEMENTAL BRIEF
(2:21-cv-01515-TSZ) - 2
4891-1915-5482v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(ii)     Plaintiffs do not have a clear answer to the total number of individuals who may be exempt as of July 1, 2023.  Plaintiffs have information regarding the following exemptions, but additional discovery will be required to ascertain the total number of employees that may be exempted (particularly for recently-passed exemptions):

- Exemption applications approved by ESD:  470,442 (as of January 20, 2022), Birmingham Decl., Ex. B, 20 (Defendants' Response to Interrogatory No. 8).

- Residents of border states working in Washington:  approximately 150,000, Birmingham Decl., Ex. C, 6 (noting that approximately 150,000 out-of-state residents would have been required to pay WA Cares premiums beginning in 2022, and "affect[ing] more in the decades to come).

- Other exemptions:  Plaintiffs do not have information regarding the number of additional individuals who may be exempted under other exemptions to WA Cares. Plaintiffs believe additional discovery could clarify those numbers.

(iii)    As of September 30, 2021, ESD projected it would receive 311,000 applications for exemptions.  As of January 20, 2022, ESD had actually received 474,265 applications.  And as of January 20, 2022, ESD had approved 470,442 applications.  (3,823 applications remain not approved as of January 20, 2022.)  Birmingham Decl., Ex B, 19-20 (Defendants' Response to Interrogatory No. 8).

(iv)    Plaintiffs believe Defendants are in a superior position to provide evidence about the number of self-employed individuals in Washington.  Again, discovery is ongoing and Plaintiffs believe the answer to this question will be clearer with time to conduct additional document discovery and send supplemental interrogatories.

(v)     As with (iv), above, Plaintiffs believe Defendants are in a superior position to provide evidence about the number of self-employed individuals predicted to elect coverage pursuant to RCW 50B.04.090.

**(C)     Whether, in light of Laws of 2022, ch. 2, § 2, the claims of plaintiff Melissa Johnston, who resides in Eagle Point, Oregon, but apparently works in Washington, and who is now**

PLAINTIFFS' SUPPLEMENTAL BRIEF
(2:21-cv-01515-TSZ) - 3
4891-1915-5482v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**eligible for an exemption from WA Cares premiums, should be dismissed with prejudice for lack of standing and/or on the merits?**

Plaintiffs agree that the subset of the right to travel/Equal Protection Clause/Privileges and Immunities Clause claim asserted by out-of-state residents who are working in Washington is now moot. Plaintiffs' proposed amended complaint will withdraw those claims.

Melissa Johnston is still an appropriate party to this action. Ms. Johnston was born after January 1, 1968, and may move to the State of Washington within ten years of retirement. If she moves to Washington within ten years of retirement and does not contribute for ten years, her benefit will be forfeited. Similarly situated older individuals who reside in other states and move to Washington later in their career will have a similar forfeiture. Plaintiffs intend to clarify these allegations in their proposed amended complaint.

**(D)     Whether WA Cares meets the definition of an "employee benefit plan," as defined by the Employee Retirement Income Security Act; see 29 U.S.C. §§ 1002(1)–(3) (requiring that an "employee benefit plan" be "established or maintained by an employer or by an employee organization or by both"); see also 29 U.S.C. §§ 1002(4)&(5) (defining "employer" and "employee organization")?**

WA Cares is an employee welfare plan in that it provides medical benefits and benefits in the event of sickness, accident, and disability. RCW 48.83.020(5) defines long-term care insurance as a policy, practice, or program that provides coverage for one or more medically necessary diagnostic, preventive, therapeutic, rehabilitative, maintenance, or personal care services, provided in a setting other than an acute care unit of a hospital. Given the statutory definition and the requirement that the recipient must be unable to perform certain basic activities of daily living, there is little doubt that some of the care a recipient receives is medical care, as the statute specifically provides for reimbursement of professional services, nursing home services, assisted living services, and memory care. RCW 50B.04.010(2). *Schneider v. UNUM Life Ins Co. of Am.*, 149 F. Supp. 2d 169, 175-76 (E.D. Pa. 2001) (holding that union-sponsored long term care to be an ERISA welfare benefit plan providing medical, surgical, or benefits in the event of sickness). Also, under federal law, long term care, including long term

PLAINTIFFS' SUPPLEMENTAL BRIEF
(2:21-cv-01515-TSZ) - 4
4891-1915-5482v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

care that is maintained by a State, is classified as a health insurance contract and, thus, a welfare plan. *See* 26 U.S.C. §§ 7702B(a)(1), 7702B(f).

ERISA covered plans must be established or maintained by the employer, or an employee organization, or both.  29 U.S.C. § 1003(a)(1)-(3).  In the instant case, WA Cares is established and maintained by the State for its employees as all State of Washington employees are eligible to participate.  In *Howard Jarvis Taxpayers Association v. California Secure Choice Retirement Savings Program,* 997 F.3d 848, 860 (9th Cir. 2021), the CalSavers IRA program was established or maintained by the state, but not as an employer since its employees were not eligible to participate in the program. *Id.*, Cal. Gov't. Code § 100000(c)(1), (d) (CalSavers is required for employers who did not maintain a retirement plan and the state of California, of course, maintains a retirement plan, CalPers, for its employees).  In contrast, Washington State employees are required to participate in WA Cares, so under *Howard Jarvis* the state has established and maintained a plan as an employer for its employees.

Despite the fact that the WA Cares is established and maintained by the State for its employees, WA Cares is not exempt from ERISA as a governmental plan.  29 U.S.C. § 1003(b)(1).  The governmental plan exemption applies only if the plan is maintained by the state **only** for its employees and not for employees in general.  29 U.S.C. § 1002(32).  If there is more than a *de minimis* participation by non- state employees, the governmental exemption does not apply.  U.S. DEP'T. OF LABOR ADVISORY OP. 2012-01A, April 27, 2012[2] (a plan that covers a substantial number of private employees as well as governmental employees is not a Governmental Plan); U.S. DEP'T. OF LABOR ADVISORY OP. 95-27A, Nov. 8, 1995[3] (if a benefit arrangement is extended to more than a *de minimis* number of private employees the governmental exemption is lost).  *See also Navlet v. Port of Seattle*, 164 Wn.2d 818, 194 P.3d 221, 229 (2008) (governmental exemption will apply when only a *de minimis* number of private employees are included in the Plan).

---

[2] https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/advisory-opinions/2012-01a.
[3] https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/advisory-opinions/1995-27a.

PLAINTIFFS' SUPPLEMENTAL BRIEF
(2:21-cv-01515-TSZ) - 5
4891-1915-5482v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 31st day of March, 2022.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for* Pacific Bells, LLC, BrunswikSt,
LLC, and WOW Distributing, Inc, and Melissa
Johnston, Lena Madden, Judi Chapman,
Katherine Solan, John Edmundson, and Mike
Lindbo, *as well as the Employer and Employee
Class*

By   */s/ Richard J. Birmingham*
  Richard J. Birmingham, WSBA #8685
  920 Fifth Avenue, Suite 3300
  Seattle, WA  98104-1610
  Telephone: 206.622.3150
  Fax:  206.757.7700
  Email:  richbirmingham@dwt.com

By   */s/ Wm. Brent Hamilton, Jr.*
  Wm. Brent Hamilton, Jr., WSBA#52151
  1300 SW 5th Avenue, Suite 2400
  Portland, OR  97201-5610
  Telephone: 503.778.5472
  Fax:  503.778.5299
  Email:  brenthamilton@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1 | <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

2 |  I hereby certify that on March 31, 2022, I caused the foregoing to be electronically filed

3 | with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4 | to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be

5 | served in accordance with the Federal Rules of Civil Procedure.

6 |

7 |  DATED this 31st day of March, 2022.

8 |

9 |   Susan Bright

PLAINTIFFS' SUPPLEMENTAL BRIEF
(2:21-cv-01515-TSZ) - 7
4891-1915-5482v.2 0118837-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax