The Honorable THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC BELLS, LLC; BRUNSWIKST, LLC; and WOW DISTRIBUTING, INC., in their own and on behalf of similarly situated employers,<br><br>and<br><br>MELISSA JOHNSTON; LENA MADDEN; JUDI CHAPMAN; KATHERINE SOLAN; JOHN EDMUNDSON; and MIKE LINDBO, individuals on their own behalf and on behalf of similarly situated employees,<br><br>           Class Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in his capacity as Governor of the State of Washington; CAMI FEEK, in her capacity as the Commissioner and Chief Executive Officer of the Washington Employment Security Department; JILMA MENESES, in her capacity as the Secretary of the Washington Department of Social and Health Services; and THE LONG-TERM SERVICES AND SUPPORTS TRUST FUND, an employee benefit plan,<br><br>           Defendants. | NO. 21-cv-01515-TSZ<br><br>UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT (RULE 58(a), (d))<br><br>NOTE ON MOTION CALENDAR:<br>May 12, 2022 |

/ / /

/ / /

UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT
NO. 21-CV-01515-TSZ

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

Defendants respectfully request that the Court enter a judgment on a separate document dismissing Plaintiffs' claims without prejudice. On April 25, 2022,[1] this Court entered an order holding that it lacked subject matter jurisdiction over Plaintiffs' claims and dismissing the action without prejudice. Dkt. #49. The Court ordered the clerk to close the case, and the case has been closed. However, no judgment on a separate document was entered. The undersigned has conferred with counsel for Plaintiffs regarding this motion, and has been informed that Plaintiffs have no objection now that Plaintiffs' motion for reconsideration (dkt. #50) has been decided (dkt. #51).

Federal Rule of Civil Procedure 58(a) requires, with exceptions not applicable here, that "[e]very judgment and amended judgment must be set out in a separate document." Rule 58(b)(1) directs the clerk of the court to "without awaiting the court's direction, promptly prepare, sign, and enter judgment when . . . the court denies all relief." This includes situations like the present case where a court grants a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Allah v. Superior Court of State of Cal.*, 871 F.2d 887, 890 (9th Cir. 1989) (holding that a judgement on a separate document was required where the trial court granted a Rule 12(b)(1) motion to dismiss for lack of jurisdiction); *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (holding that a judgment on a separate document was required where the trial court dismissed the action for lack of standing); Fed. Rule Civ. Pro. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). The purpose of the separate document rule is to clarify the time for making post-judgment motions and for submitting notice of appeal. *See Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018). Rule 58(d) specifically permits parties to "request that judgment be set out in a separate document as required by Rule 58(a)."

---

[1] The order is dated April 21, 2022 (dkt. 49 at 23) but was filed on the electronic filing system on April 25, 2022.

UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT
NO. 21-CV-01515-TSZ

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

Rule 58(a) requires a "sheet containing the judgment, usually prepared by the clerk, [that] must be 'distinct from any opinion or memorandum.'" *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987) *quoting* Fed. Rule Civ. Pro. 58 advisory committee note. Absent such judgment set out on a separate document, the time for appeal will not start to run until 150 days after entry of the order on the civil docket. Fed. Rule Civ. Pro. 58(c); *Harmston v. City and County of San Francisco*, 627 F.3d 1273, 1281 (9th Cir. 2010); *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064-65 (9th Cir. 2005).

In this case, despite entry of the order dismissing this action on April 25, no judgment on a separate document has been filed. Plaintiffs' submission of a motion for reconsideration (dkt. #50) does not change the appropriateness of a judgment on a separate document. The posture of this case is similar to that in the *ABF Capital* matter where the district court dismissed two complaints as time-barred under the statute of limitations in two orders, and the singular plaintiff moved to amend the judgments under Rule 59(e), but no judgments on separate documents were ever entered. 414 F.3d at 1063-64. Because no judgments were entered, the court construed the motions as motions for reconsideration and denied them. *Id.* Forty-five days later, plaintiff appealed. *Id.* The Ninth Circuit Court of Appeals held that the premature motions to amend did not shorten the time frame that the plaintiff had for appeal when judgment is not entered as a separate document. *Id.* at 1065. The court noted that the trial court's rulings on the plaintiff's Rule 59 motions "did not substitute for its obligation to 'comply with the simple obligation' of entering judgment on a separate document." *Id. quoting* Fed. Rule Civ. Pro. 58, advisory committee note on 2002 amendments. Because judgments had never been entered as required by Rule 58, the plaintiff's thirty-day appeal period never started, and the plaintiff's appeal was timely. *Id.* Like in *ABF Corp.*, the Court in this matter is required by Rule 58(a) to enter judgment on a separate document in order to provide the parties with clear timelines for post-judgment motions and appeals.

UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT
NO. 21-CV-01515-TSZ

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

To facilitate finality of this matter, and to comply with Rule 58, Defendants respectfully request that the court enter a judgment on a separate document as soon as reasonably practicable. A proposed judgment is attached to this motion.

DATED this 12th day of May, 2022.

ROBERT W. FERGUSON
Attorney General

*s/ William McGinty*
WILLIAM MCGINTY, WSBA NO. 41868
JACOB DISHION, WSBA NO. 46578
MEHA GOYAL, WSBA NO. 56058
*Assistant Attorneys General*
DANIEL J. JUDGE, WSBA NO. 17392
*Senior Counsel*

*Attorneys for Defendants*

UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT
NO. 21-CV-01515-TSZ

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

# CERTIFICATE OF SERVICE

I certify that on the date indicated below, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Richard J. Birmingham  richardbirmingham@dwt.com
Christine Hawkins  christinehawkins@dtw.com
Wm. Brent Hamilton Jr.  brenthamilton@dwt.com

I certify under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

EXECUTED this 12th day of May, 2022, at Olympia, Washington.

*s/ William McGinty*
WILLIAM MCGINTY
*Assistant Attorney General*

UNOPPOSED MOTION FOR JUDGMENT ON A SEPARATE DOCUMENT
NO. 21-CV-01515-TSZ

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565